## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

SHEMICA TAYLOR,　　　　　 ) Case Number _____
Plaintiff,　　　　　　　　　 )
　　　　　　　　　　　　　 )　　　24cv2604
　　　　　　　　　　　　　 )　　　Judge Elaine E. Bucklo
**Vs.**　　　　　　　　　　　　　 Mag. Judge Gabriel A. Fuentes
　　　　　　　　　　　　　　　　 Random Assignment
THE CIRCUIT COURT OF COOK　　 Cat 2
COUNTY ILLINOIS, Defendant;

DAVID HARACZ, personally and as
Associate Judge for the Domestic Relations
Division of the Circuit Court of Chicago,
Defendant;



RECEIVED

APR 01 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MICHEAL FORTI, personally and as
Associate Judge for the Domestic Relations
Division of the Circuit Court of Chicago,
Defendant;

STACEY PLATT, personally and as Child
Representative for the Domestic Relations
Division of the Circuit Court of Chicago,
Defendant;

ASHONTA RICE, personally and as
Former Attorney for Plaintiff.
Defendant;

JAMES QUIGLEY, personally and as
former Attorney for Plaintiff.
Defendant;

JAMES HAGLER, personally and as
former Attorney for Plaintiff.
Defendant; and

ROBERT WILLIAMS, personally and as
Chicago Police officer & American Airlines
Employee

1

## TRIAL BY JURY REQUESTED

This action seeks monetary damages because of the Cook County Judges and Illinois Child Representative's wrongful deprived Plaintiff of her due process rights and deprivation of property. The Plaintiff alleges that all the Defendants acted under the color of state law and violated the Plaintiff's rights under the 1st,4th,6th,and 14th Amendments to the Constitution of the United States. The Plaintiff also brought two State law claims pursuant to this Court's Supplemental Jurisdiction on Breach of Fiduciary Relationship and Commingle of Trust Funds for the minor's education into the defendant's, Robert Williams personal checking account.

## COMPLAINT AND REQUEST IMMEDIATE TEMPORARY STAY ORDER

### I. Overview

Plaintiff alleges that all the Defendants' acted under the color of state law and conspired among each other in vexatious litigation/ litigation abuse that resulted in the deprivation of Plaintiff's due process rights and property. The Plaintiff alleges that she was deprived of her 1st, 4th, 6th and 14th Amendment Rights, as she was denied a full evidentiary trial, which consisted of cross-examination, exhibits, and witness testimony, and instead was given a Trial by Affidavit in which she signed no waiver or consent.

The Plaintiff also states this radical type of trial directly contravenes the provision of the1ST & 4th Due Process & Sixth Amendment's confrontation clause and are thus unconstitutional. Plaintiff also states that this type of procedure was permitted with the intent to conceal domestic and criminal activities and to produce a favorable outcome

2

that would allow Defendant Robert Williams leverage and control over Plaintiff's finances, their daughter and to inflict legal, financial, and emotional harm on Plaintiff.

## II JURISDICTION

This court has jurisdiction over the Defendant's Federal Claim under **28 U.S.C. § 133**1 and 1343. A case arising under the United States Constitution or federal laws or treaties is a federal question case. The court has supplemental jurisdiction over the Defendant's as Plaintiff's second and third claims are based on State law under 28 U.S.C. **§ 1367.**

## III VENUE

All events described in this complaint took place in Cook County, Illinois. Therefore, the Venue in the United States District Court for the Northern District, Eastern Division is proper pursuant to 28. U.S.C. **§ 1391.**

## IV.LAWS

This complaint and request for injunctive relief are based on violations of the following federal statutes and provisions of the United States Constitution that are at issue in this Case.

1.The 1st, 4th, 6th and 14th Amendments of the United States Constitution.

2. 42 U.S. Code . **§** 1983,

3. 28 U.S. Code . **§** 1931,

4. 18 U.S. Code . **§** 1512,

5. 18 U.S. Code . **§** 1961-1968

**Under 28 U.S. Code § 1367 the following state and local rules are intertwined with the matters of this Case.**

3

6. (750 ILCS 5/602)(from Ch. 40, par. 602)

7. Ill. R. Cir. Ct. Cook County. 13.3.2

## V. FACTS
**Background**

NOW COMES PLAINTIFF, Shemica Taylor, mother of minor Malia Williams, states the following facts:

1. The events and facts related to the RICO and section 1983 claims raised in this complaint all relate to the parentage case 2020 D 79452 in the Domestic Relations Division of the Circuit Court of Cook County.

2. In 2021, Mr. Williams persuaded me to purchase a property for cash . He closed on it with his name and placed it in a trust account. In 2015, Mr. Williams signed over the deed to me and continued to manage and collect the property's revenue.

3. I ended my ten-year romantic relationship with Mr. Williams in January 2019 due to emotional, and mental abuse. Mr. Williams has a history of abusive and controlling behavior and had maintained financial control over my property located at 5940 S. King Drive, Chicago, IL, from 2012 until July 2020. (Exhibit (1).

4. Defendant Williams also maintained  Malia William's college funds with direct deposits from plaintiff  beginning March 2016 to June 2020, until I stopped making financial contributions in this account, as I had no access or accounting on the total amount collected. Plaintiff demanded an accounting but defendant refused to give said information to Plaintiff.  (Exhibit-2)

5. I have been employed as a Registered Nurse for eight years and work in a care chronic setting.

4

6. In May of 2020, Defendant Robert Williams, a Chicago Policeman & American Airlines employee, summoned Plaintiff/Respondent Shemica Taylor to Court for a Parentage Hearing based on false allegations that I was preventing him from seeing his daughter, which was untrue. ( Please see Exhibits 3 (a-d )

7. This Matter was docket on the trial call of Judge David Haracz of the Circuit Court of Cook County in courtroom 3004, Case No. 2020D 79452. (Exhibits 3 (a-d)

8. Mr. Wiliams Voluntarily stopped seeing his daughter in April 2020 and also ceased to make school tuition payments.

9. During the time frame of being summoned to court, Mr. Williams fraudulently listed my condo on the market with the intent to sell. This incident led to Mr. Williams being written up for deceptive practices by the beat lieutenant. ( Please see Exhibits (4), 5, 6,& 7)

10. Mr. Williams placed tenants (associates) within my unit who paid  rent and threatened my life, which resulted in an immediate demand for possession. Mr. Williams never provided accounting for rent, expenses, or income. ( Please see Exhibits-8, 9(a)& 10). A demand for possession was made 11-25-2020.

11. Mr. Williams also attempted to physically assault my father in the presence of our daughter in August 2020, while we were in ongoing litigation, which later led to his arrest. ( Please see Exhibit 5) A no contact agreement was entered between Defendant Williams and Plaintiff's father. (Exhibit 11)

12. Defendant/Petition Williams filed a motion to establish parenting of Malia Williams, where a trial by affidavit was held in 2021 without my consent. No affidavit was signed, waving my constitutional rights. (Please see Exhibit for Order for Trial by Affidavit 12 & 13 TRO)

**Facts Related to Attorney Ashonta Rice**

13. Ashonta Rice was hired on June 2020 to represent me in this matter. Please see Exhibit (14) for filed appearance.

14. Ashonta Rice failed to address my domestic abuse concerns and filed no petitions in regard to those matters despite my concerns for safety and the immediate danger Mr. Williams had posed as he displayed traits of physical abuse. ( Please see Exhibits 15,& 15(a-e)

15. Ms. Rice kept suggesting the remedy for the domestic violence displayed by Mr. Williams is for me to agree to a custody evaluation/ psychological eval by their appointed court evaluators. I denied this remedy as I do not believe victims of current abuse who has no history of violence should have to be evaluated to determine their capabilities of parenting as they are not posing an immediate danger to themselves, or others but instead evaluate the individual who poses as a potential harm to others. (Exhibit-16)

16. Ms. Rice failed to subpoena the petitioner's work schedules and provided no discovery before trial, thus allowing a temporary parenting schedule order without verifying Mr. Williams current work schedule.

17. Ms. Rice was also dishonest in her communication with me as she informed me that Mr. Williams was no longer employed with American Airlines and I had to agree to the temporary parenting.

18. Ms. Rice never followed through with any of the motions she filed, such as child support and a TRO on Malia Williams college funds, so I never obtained my financial contribution towards Malia's college funds.

19. Ms. Rice failed to provide an accounting for Malia Williams college funds, The banking statements does not reflect that a TRO was ever implemented despite Judge's order. (See Exhibit (13) for TRO order and Exhibit (2) for college fund statements).

20. Ms. Rice did not obtain the petitioner's financial affidavit, nor sanction or compel the petitioner to turn over such documents before trial, thus allowing the petitioner Williams to conceal and hide his income and assets. (Exhibit-17).

21. Mr. Williams owns several properties, employs two jobs, and has several businesses that he owns. There is also a strong possibility of off shores account and properties.

22. Ms. Rice never explained what pertains to a trial by affidavit and when questioned why the petitioner had not been crossed examined, Ms Rice insisted on having witness testimonies via written statement. I objected to this type of proceeding, as this type of proceeding would not be in my or my daughter's best interest. In addition to the trail by affidavit being contrary to the best interest of my daughter and I, its simply unconstitutional and very inappropriate for a contentious case as mine.

23. Ms. Rice reported that she was not present for the trial by affidavit but the order signed off by Judge Haracz states otherwise and she was my attorney during the said date of the trial. ( Please see Exhibit-18)

24. Ms. Rice's ineffective representation at the trial by affidavit led me to terminate her legal services after paying a $ 3,000 retainer and demanded a return of my money and a copy of my trust account, which Ms. Rice refused. The ineffective counsel of Mr. Rice in which she acted in bad faith is reprehensible and are in violation with the Illinois Professional Responsibility Cannons of Ethics and the United States Constitution.(Exhibits-19,20,21, & 22)

25. Conducting such a radical proceeding such as the trial by affidavit was a violation of my 6th and 14th amendment right of cross examination, adverse witness and violated my due process and equal protection under the United States Constitution.(See Exhibit-23, Lee v. Rogers, 177A.D. 3d 965(NY.App. Div. 2019).

**Facts Related to Stacey Platt**

26. Judge David Haracz appointed Stacey Platt as child representative in my case on September 8th, 2020, and her student assistant, Theodore German, as Child representative on September 11th, 2020. (Exhibit-24)

27. In spite of Ms. Platt's filing an appearance, she failed to be present on my case after many attempts to speak to her directly. Ms. Platt initial communication with was a week before the trial by affidavit.

28. Ms. Platt gave the court her parenting allocation recommendation without doing a thorough investigation and falsified statements in her parenting plan

8

recommendation that sent via email on January 25th 2021, and provided and oral recommendation during the trial by affidavit without a full evidentiary hearing.( Exhibit-25,Parenting Plan)

29. Ms. Platt was informed via text message that Ms. Rice had failed to schedule my witnesses to be interviewed before the trial and that the trial date had not been documented with the clerk's office. Stacey along with other court actors was insisting on proceeding with trial anyway.(Exhibits-26 & 27)

30. Ms. Platt allowed and approved falsified statements written by Theodore Glderman, stating in the parenting plan recommendation that "there was a functioning system, and there were only problems related to communication and scheduling issues and that the Defendant, Williams was no longer working at American Airlines. However, subpoena records revealed that Mr. Williams maintained employment without any lapse of employment as a Chicago Police Officer at night and an American Airlines worker during the day, thus impacting his ability to actually provide adequate parenting time.

31. Ms. Platt's recommendation for a 2-2-5 schedule was according to Mr. Williams' demands and not the best interest of my daughter who had to become accumulated from bouncing to several households within the week. Mr. Williams work schedule as a CPD employee and American Airline worker conflicted with the parenting time allotted.

32. Ms. Platt stated in the parenting plan recommendations that there were communication issues but didn't specify that petitioner Williams was refusing to allow me to speak with my daughter for several months while in his care. In addition, Stacey failed to mention the history of domestic violence occurrences in her parent plan recommendations. (See Exhibit-25)

9

33. Stacey Platt, child representative, not only failed to state the domestic violence in her parenting plan, but also failed to address the court regarding petitioner Williams's several domestic violence occurrences that ultimately led to his arrest. This event should have been investigated as my father resides with me, however Stacey failed to address such matters. *750 ILCS 5/602.5 states, "The court shall allocate decision–making responsibilities according to the child's best interest. The court shall consider all relevant factors, including the following: (1) the physical violence or threat of physical violence by the child's parent is directed against the child. (2) The occurrence of abuse against the child or other members of the child's household. (3) The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.*

34. Ms. Platt and Attorney Rice, after being informed of the Defendant's domestic violence, never raised this fact before the court, after Ms. Rice assured me that she and Stacey would address this during trial, but never did. *Under the 907 Rule, the child representative is required to obtain information the child, including the family members, to investigate the facts of the case and encourage settlement and use of alternate forms of dispute resolution*.

35. Ms. Platt failed to raise possible anger management issues or recommendations for anger management classes or counseling for defendant Williams due to the demonstrated acts of violence towards my elderly father while my daughter was present.

36. Platt's failure to respond to a criminal act that took place in front of the child and withhold reporting a history of domestic violence is a violation of (750 ILC 5/506) as Platt failed to provide competent and loyal representation for my daughter and also did not act within my daughter's best interest as she provided a recommendation for parenting allocation/ judgment without establishing a full and fair hearing/ trial.

37. Stacy Platt also never produced a scintilla of evidence that was considered to support her position in my case. However, she provided the court with biased and opinionated recommendations that was not based on any unsubstantial evidence.

38. Post-trial, by affidavit, Stacey and attorney James Quigley decided it would be best to have a mediation session on a date conducted by Stacey Platt to help determine decision-making and parenting time. I informed James Quigley that I was uncomfortable with Stacey conducting the mediation as she had been biased pre-trial, unprofessional when speaking with me, and failed to address my concerns.

39. I was coerced to participate in the mediation meeting post-trial by affidavit and was told that it would reflect negatively on me if I didn't attend and would be used against me. In that mediation session with Stacey, she allowed defendant Williams to dominate the conversation and use demeaning and insulting language toward me.

40. Ms. Platt providing mediation and serving as the child representative pose a conflict of interest, yet all parties thought Stacey should conduct such mediation instead of requesting an actual certified individual court mediator.

41. Ms. Platt was discharged from my case post allocation Judgment due to the fact I was persuaded to drop my motion to vacate the allocation Judgment entered on November 4th 2022. Stacey was then re-appointed as child Representative on a date by Judge Micheal Forti and her Student assistant Bailey Streeter.

42. Ms. Platt was negligent and impartial prior to allocation Judgment and continued to exhibit the same negligent and impartial behaviors post the allocation Judgment thus continuing to ignore all my concerns.

43. Ms. Platt, Child representative failed to addressed and reported Mr. Williams's travel to South America, specifically to Columbia eight or nine times, without my or the court's consent and knowledge. (See Exhibits (29) 473 to 413/Columbia Travel records)

44. The child representative failed to investigate my daughter's private school that Mr. Williams selected and established enrollment. I later discovered that Freedom Home Academy is not a recognized school in the State of Illinois and is an LLC that is owned by Marcus Kline, a suspected friend of defendant Williams.

45. Malia Williams had an early dismal to travel oversea, however I was told my staff my daughter could not take her exam due to tardiness and not due to early dismal without notice to me as this violates 2.5 and 1.4 of the allocation judgment. This event led me to request for attendance records in which I was denied.

46. Mr. Kline, Principle at Freedom Home Academy sent an email stating that their school, Freedom Home Academy no longer takes attendance despite their school policy handbook stating that they follow Illinois General Assembly SB605, 7:70 Attendance and Truancy Act. ( Exhibits 30 & 30(a)(pgs. 15-20)

12

47. In addition to denying me attendance records for my daughter, Freedom Home Academy's Principle Marcus Kline was consistent with harassing me for financial contribution that later led to my daughter's from being expelled from Freedom Home Academy. The school staff unprofessionalism and major discrepancies led me to writing a complaint letter to the Attorney General. I later discovered that the Principle, Marcus Kline had recently been sued for child abuse/ tort claims in which Ms. Platt failed to also investigate as she was too busy trying to discredit me as a unfit parent.

48. Ms. Platt ignored all my concerns regarding Mr. Williams's past and previous conduct. Ms. Platt failed to address Mr. William's unwillingness to allow me to speak to my daughter while she is in his care consecutively for over a year.

49. Ms. Platt ignored my daughter's complaints of aggressive behavior toward her from her father and insisted my daughter needed therapy despite several evaluations form health professionals a regular routine during doctor visits.

50. Ms. Platt threatened me that If I did not enroll my daughter in therapy, she would take away my medical rights. Ms. Platt also attempted to coerced me to sign a waiver that would have surrendered my medical rights for my daughter during the time period that I had no attorney, and Judge Forti had granted me 28 days to find a new counsel. (See Exhibits 31)

51. Ms. Platt was also in support of Defendant Williams petition for me to undergo a 604 evaluation with a court appointed evaluator.

52. Ms. Platt recommended that my daughter Malia receive counseling by a court appointed therapist at North Western; however, upon my reaching out to their facility and inquiring about their policy and diagnosis code, I was later told they are no longer taking court-ordered therapy. (See Exhibits 32)

13

53. After hiring new counsel, I requested that Ms. Platt be withdrawn due to her unethical, biased, and outrageous behavior. I also filed a complaint with the ARDC that I believe led to her recusal from my case. (See Exhibits 33)

**Facts Related to James Quigley**

54. James Quigley was hired on July 23rd 2021 and stated that his firm would research the facts of the case before motioning a trial. He also stated that they would have to prepare for a pre-trial to determine what issues they would try to sort out.

55. He never scheduled a trial date and was also ineffective assistance of counsel but billed me for preparing for a pre-trial and trial.

56. I was asked to send him a timeline of events by Mr. Quigley and to participate in a mediation session with Mr. Willliams. Stacey Platt would conduct that.

57. I informed James Quigly of my discomfort with Ms. Platt, as I found her very unethical and unprofessional. I requested her withdrawal and was told that the Judge would not withdraw her, so that's not an option. I was encouraged to participate in the meeting as I was told it would be in my best interest.

58. I asked James Quigley if he could focus on the domestic violence issues as I feared for my safety, and Mr. Quigley stated that was not an option and that I was not being cooperative because I was focusing on issues that weren't

14

relevant. However, Mr. Williams was still displaying an inability to co-parent, so it didn't make sense not to address those issues, as all court actors failed to acknowledge the violent behavior.

59. I requested a FOIA (public record) incident report of my fraud case and my father's assault record against defendant Williams from CPD, and the Beerman threatened to withdraw for requesting such records.

60. James Quigley later asked me to draft an allocation judgment that reflects shared parenting as that was the only option, and so I did. However, I didn't know exactly what that all entailed. Later, Mr. Quigley stated that the Judge would look at both the Petitioner's and my drafting and determine what was best.

61. On November 4th, 2022, an allocation judgment was entered without any discovery from Petitioner. James Quigley failed to address this issue and all pending issues and motions that were not addressed during prior counsel Ashonta Rice. The Beerman failed to demand a full evidentiary hearing, Demand Discovery, address domestic violence concerns, and perform an accounting for the trust fund account.

62. I spent $20,000 while using the Beerman Law firm in which no court reporter ever present in any of my hearings. In addition to court reporter, Mr. Quigley only filed two motions on my behalf and performed little to no work. Instead, Mr. Quigley was deceptive with their actions, depleted my savings fund, and allowed allocation judgment that was entered on November 4th 2022 without following proper chronological civil procedures.

63. I then motioned to vacate this order within 30 days as a prose litigant due to abuse of discretion.

**Facts Related to Judge David Haracz**

64. Judge Haracz was assigned to the case in 2020 D79452  # in courtroom 3004 and presided over my case until May 2020- November 4th 2021

65. Judge David Haracz denied my 6th and 14th Amendment rights to the  United States Constitution by allowing a trial by affidavit to which I did not consent, thus committing fraud by affidavit. Judge Harcraz never explained or advised me that if I agreed to a trial by affidavit, I would violate my constitutional rights to confrontation with witnesses, cross-examination, and to present exhibits and that I would be waving all rights to a full evidentiary hearing. (See  Exhibit 12).

66. In criminal cases, when a defendant admits to his guilt, judges must inform the defendant that he is waving his rights to the constitution and a jury trial. Furthermore, Why wouldn't I sign a document or affidavit stating that I waived my right to a full evidentiary trial?   The fact the court failed to provide a court reporter, docket the trial date with the clerk's office, interview my witness prior the trial date makes me believe that this mishap was a concerted effort to hide and cover up the subterfuge deception and trickery of depriving me of a full evidentiary hearing.

67. It is a judges Duty to uphold the constitution and the law and shall perform all duties fairly and impartially to all parties. Judge Haracz failed to protect my constitutional rights and all court actors deviated from the standard practice of law and disregarded my civil liberty by suggesting and allowing a trial by affidavit despite my adamant refusal of such proceeding.

68. Judge Haracz never followed up on the TRO that he signed, allowing Petitioner Williams to maintain complete control over Malia Williams's college fund despite my financial contribution to her college account from 2016 until 2021.

69. Judge Haracz failed to be impartial by granting authority to Petitioner Williams to maintain control over Malia's Passport at all times despite a history of domestic violence and the fact that the Petitioner was requesting to travel with Malia in the middle of the pandemic when travel had been banned in most states and countries. A year later, under Judge Micheal Forti, I discovered that the Petitioner had taken my daughter to Colombia, which is a non-extraditable country, on numerous occasions without my or the court's consent or knowledge.

70. Judge Haracz also failed to enforce his own orders that Petitioner provides financial information on his two employments as a Chicago Police Officer and American Airlines worker, investment property, IRS tax forms and decided financial allocation without deeming what was equitable for both parties. Thus, entering an allocation judgment on November 4th, 2022, without discovery. ( See Exhibit 34)

17

71. I motion to Vacate the allocation Judgment entered on November 4th as a pro se litigant due to abuse of discretion of power, and also filed an appeal with the Supreme Court of the United States. My case was later transferred to Judge Micheal Forti as he became the presiding judge over courtroom 3004 and my case log. Judge Harcraz had been transferred to juvenile court.

**Facts Related to Judge Micheal Forti**

72. Judge Micheal Forti was appointed to my case in December 2022.

73. Judge Forti was made aware of the trial by affidavit as I was a pro se litigant, and Stacey informed Judge Forti that it was an agreed-upon abbreviated trial before the entry of the allocation judgment. However, Judge Forti failed to investigate the facts instead further conceal and obstruct justice by being impartial and systematic working with my attorneys to intercept my motions from being heard as a form of retaliation.

74. Judge Forti stated that he would not alter an allocation judgment entered by another Judge but would be open to hearing my motion for child support. However, Judge Forti, along with James Hagler, systematically prevented my motions from being heard. James Hagler failed to schedule any hearing dates for my motions, and Judge Forti failed to address my motions when I brought them to his attention.

75. Judge refused to hear any of my motions and my motions disappeared off the court's calendar as if they were heard and addressed.

76. Judge Forti also recommended and entered an order for court-appointed therapy based on Stacey's recommendation for my daughter despite my daughter's numerous mental health evaluations.

77. Judge Forti ordered my daughter to be seen at Northwestern; Then, Judge Forti granted defendant Williams the right to take Malia to a therapist of his choice.

78. Judge Forti also allowed Petitioner Williams to select the new Child Representatives that were assigned to my case after Stacy's recusal. In addition, I informed the judge that I could not afford to pay Child Representative Mr. Moore's services, and the Judge threatened that he wouldn't have to hold me in contempt of court. *The Illinois Statue on Guardian Ad Litem (750 ILCS 5/506) (from Ch.40, par. 506), states that GAL: in deciding whether to make an appointment of attorney for the minor child, or child representative, the court shall consider the nature and adequacy of the evidence to be presented by the parties and the ability of other methods of obtaining information; including the following social service organizations, evaluations by mental health professionals as well as resources for payment.*

79. Judge Forti also failed to enforce his orders to Compel that the defendant provide financial information, thus continuing to allow petitioner Williams to hide assets and income. ( See Exhibit 37)

80. After waiting an entire year to have a motion on child support and Judge Forti's refusal to hear my motions, I requested my motion for Child support to be withdrawn; thus, Judge Forti granted that order to withdraw support as he was obstructing financial discovery. ( See Exhibit 39)

81. I later sought the services of the State of Illinois, Child Support Division to secure child support on my behalf. I was awarded a permanent order of $1000 a month. However, my permanent order was unlawfully reversed to a temporary order due to what the Judge called a discrepancy. My child support case was consolidated without my knowledge or presence and transferred back to Judge Forti in The Domestic Relations Division despite my request for my case to remain with The State. (See Exhibit 40 & 41)

82. Due to Judge Forti refusing to hear any of my motions and proceeding to the pre-trial without addressing any of my concerns, I requested to strike my case from the court call as I felt like I would not have a fair hearing in the Domestic Relations Division and the court actors continue to display the same systematic approach of obstruction to justice. I had already experienced the same charade with Judge Haraz; I was promised by former attorney Rice that my motions would be heard- only to proceed to trial to be later told I consented to a trial by affidavit, which I did not. (See Exhibit 42)

Facts related to James Hagler

83. Mr. Hagler was retained on 1/12/2022 as my attorney to attempt to seek to vacate the allocation judgment entered by Judge David Haracz due to abuse of discretion of power regarding trial by affidavit and to seek Child support in which Mr. Hagler failed to properly execute both duties as he put little to no effort in such matters. ( See Exhibit 43 & 44)

84. Upon Hire, Mr. Hagler was made aware of my financial strain, and I requested that Mr. Hagler's retainer payment of $ 5,000 be split into two portions as I could not afford to pay the requested amount in one big lump sum.

85. Mr. Hagler agreed to the payment arrangements and stated that my case should not exceed much more of the retainer amount.

86. Mr. Hagler did not argue against the opposing party but instead had minimal rebuttal regarding the trial by affidavit and stated it would be best for me to withdraw my motion to reconsider and that the Judge is not willing to consider altering the allocation Judgment but is willing to hear matters regarding Child support. Mr. Hagler did not allow me to speak about my concerns regarding the trial by affidavit as the court hearing was in his office via Zoom due to the same day's notice that the hearing would no longer be in held in person but via Zoom.

87. Mr. Hagler also informed me that he would take care of my appeal with the Appellate and that I did not need to go to the higher courts to rectify this matter; later, I found out this was a mere attempt to obstruct justice. It is my belief that Mr. Hagler conspired with other court acting agents to obstruct justice by strategically working with the Judge and child representative to conceal and prevent my motions from being heard.

88. Mr. Hagler failed to execute any of my requests within a reasonable time frame without reason. Mr. Hagler filed my motion for child support eights months later on August 18th 2022, despite having an extra attorney on my case and current financial information info and was retained in January 2022 which gave him more than enough time to pursue my legal matters. Mr. Hagler failed to compel or sanction the opposing party for not producing a financial affidavit by its deadline ordered by the court and also the court (Presiding Judge, Micheal Forti ) failed to enforce its own orders, not holding petitioner Robert Williams in compliance with such order, thus leaving me no choice but to withdraw Mr.

Hagler's child support motion and seek service from the State to obtain child support on my behalf.

89. Mr. Hagler did not perform discovery, allowing the opposing party to hide income and assets. Mr. Hagler also gave resistance to performing a financial discovery and finding multiple reasons as to why this was a difficult task to perform and failed to demand IRS tax information as requested but instead subpoenaed the opposing party's employment check stubs which I informed Mr. Hagler I already had, thus billing me for duplicate work performed and services that had no bearing on my case,

90. In addition, he had multiple attorneys billing for claim services not rendered, thus padding the bill, they all failed to schedule hearing dates for any of my motions, thus exhibiting ineffective assistance of counsel and jeopardizing my entire case.

91. Mr. Hagler lied continuously regarding questions about my case to deliberately steer me in the wrong direction and obstruct justice while financially oppressing me by billing me for services not rendered and not scheduling hearing dates for any of my motions to be heard. This left me to hire new counsel to attempt to perform duplicated work and provide supplemental motions to the subpar motions he filed but had not argued.

92. Mr. Hagler withdrew from my case on 1/13/2023 and promptly drafted and scheduled his motions to be heard regarding his fee petitions for services he had not earned despite already paying Mr. Hagler 19,000 to do nothing. After paying Mr. Hagler 19,000 for services he did not render, Mr. Hagler insisted that I owed him another 16,000 for services he claimed he provided. Mr. Hagler requested to withdraw from my case on January 13th, 2023, and Immediately scheduled a

hearing date for his petition for attorney fees to be entered against me for fees he and his fellow attorneys had not earned. ( See Exhibit 45)

93. I believe Mr. Hagler's prompt request for a judgment to be entered against me is another form of method to obstruct justice to retaliate against me for speaking the truth about my trial by affidavit, as it is unconstitutional.

94. Due to Mr. Hagler failing to schedule hearing dates for any of my petitions, I ultimately lost the seat I purchased for my daughter to be enrolled in a new private school.

95. Due to the multiple discrepancies, financial harassment, and failure to take attendance at Freedom Home Academy, I requested Mr. Hagler to schedule an immediate motion to transfer schools but Mr. Hagler failed to do so and instead scheduled a standard petition to change school several months after the school attendance incident occurred and failed to schedule a hearing date for this petition thus leaving my daughter and me in a precarious situation at her current school and losing the spot for enrollment and the money I spent to secure my daughter's seat at the new school.

96. Mr. Hagler allowed my daughter to travel to Colombia without my or the court's consent and knowledge. Mr. Hagler had obtained subpoenaed travel records from American Airlines and failed to release such records to me upon my request.

97. **The United States has no diplomatic relations with Colombia, and if something should have happened to my daughter while overseas,** I wouldn't have known due to not knowing my daughter's whereabouts. How can the defendant take my daughter to **Colombia nine times without my knowledge and not inform the court or his attorney**? **Colombia is a non -extraditable country known for kidnapping**, and the U.S. Department of State has issued a level four travel advisory for Colombia and recommends that U.S. citizens reconsider travel due to high levels of crime. (Exhibit-46 (a to f)

**Facts Related to Marcellus Moore**

98. Marcellus Moore filed his appearance on date and Mr. Moore's filed, and in Mr. Moore's order for appearance, Mr. Moore selected My daughter, the minor child, who resides with the father, thus making the father the custodial parent. However, this is not accurate filling as I am and have been the custodial parent.

99. When questioned about Mr. Moore's filing, Mr. Moore stated that the filing of custodial rights isn't essential and that he needs to investigate by interviewing both parties to determine who has custodial rights. I informed Mr. Moore that this had been a continuous ligation for years and that custodial rights should be court records.

100.      I recommend he research the facts of my case before signing anything with the clerk as official records. Mr. Moore did not research my case, ignored all concerns, and requested that I sign his intake form and pay him for his subpar and impartiality as child representative for my daughter. Mr. Moore continued to demand payment for services that were not rendered to me, as I never signed his intake agreement for services, and his rates are not reasonable for my

budget. However, Mr. Moore continued to harass me about fees and petition a rule to show cause, yet failed to address the issues with my daughter traveling to Colombia without my consent.

101.     Marcellus Moore also exhibited deceptive practice as he spoke to my minor child through video electronic means without my prior knowledge or consent regarding my current parental case. I was unaware of any pleadings/questions that Mr. Moore would engage in with my minor child guided by the father of my minor child, Malia Williams. This engagement has adversely affected/impacted our constitutional rights as it relates to a minor's parental and constitutional rights.

**Facts related to case files**

1.  I Ordered my entire case file from the Circuit Court Clerk/ Domestic Relations Division, and some court documents were missing.

2.  My Case summary report Is inaccurate and needs to be in chronological order, as the attorney names do not match the motions filed or the dates.

3.  I spoke with Court Clerk Maria G. from the Domestic Relations Division on March 22th, 2024, regarding a copy of filed motions. Maria could not retrieve the requested motions in Odyssey as they could not be found by their filed date.

4.  Clerk Court, Maria told me that she has to search the entire system for the specific files as she cannot locate the motions by their filed date and will call me once she is able to locate the requested motions.

25

5. I returned to the Domestic Relations Division on March 27th And spoke to Maria to obtain a status update on my requested file to determine if she was able to locate requested motions, however the Odyssey system could not locate the motions by the file dates. Maria later referred me to her supervisor Adam Monreal.

6. I believe my case files have been compromised or tampered with due to this event's unfound motions and the inaccurate Court Case Summary Records Report.

7. It should be a standard practice of Justice that safety precautions and methods be in place to protect data integrity and that filings be inputted into the Odyssey system according to their filed date. There is no justification for all the discrepancies in my case files other than someone attempting to conceal and distort evidence.

8. In addition to the multiple discrepancies found on the Court Case summary record, the Clerk of Court, Maria, informed me that I had several documents sealed. Maria stated an order of protection against Mr. Williams was sealed, and a motion on 11/21/21 was sealed. These documents were sealed without my knowledge or without having a hearing on such matters.

9. Due to continuous discrepancies, court- acting agents' unprofessionalism, and their inability to abide by guidelines by the Illinois General Assembly and Constitution, I no longer feel safe having hearings in the Circuit Court of Cook County Domestic Relations Division.

26

10. I do not believe I will have a fair hearing in the Cook County Domestic Relations Division as my rights have been violated on numerous occasions. I believe that in the interest of the most semblance of Justice, my case must be transferred to federal courts due to my inability to have accurate court records in the present venue.

11. The case summary reports states incorrect information such as Attorney Beerman was my attorney in 2021, and 2023. Motions are dated and entered incorrectly on the case summary. (Exhibit-47)

**Facts related to financial Loss**

12. I have stricken my case from the court call. However, court-acting agents in my case insist on pursuing vexatious litigation to exploit me for funds I do not have, as I have exhausted my savings account and borrowed money from my 401k, friends, and family to pay for attorney fees. I have not paid my property taxes and can potentially lose my property if I do not obtain the money to maintain possession of my unit.

13. Judge Forti is allowing to hear Mr. Williams's lawsuit against me. Mr. Williams is demanding that he be paid 20,000 for his attorney fees, extracurricular activities, and medical expenses he claims I owe him despite no discovery ever performed, failure to comply with financial affidavits, the court or attorney providing an accounting of funds and not returning money I deposited in Malia Williams college fund.

14. Mr. Williams has not contributed to the activities I enrolled Malia in and the fact that I paid for Malia to have a secondary insurance. Mr. Hagler is also requesting that a judgment be placed against me due to Mr. Haggler claiming I owe him an

additional 16,000, although I've already paid Mr. Hagler 19,000, and he has not scheduled hearing dates or argued any of my motions.

15. The Child representative, Marcellus Moore, claims I owe him $ 1,000 despite denying his services as I knew I could not afford his hourly rate.

16. I have exhausted my funds and will most likely have to file for bankruptcy.

17. I owe IRS due to having to borrow from 40lk to pay monthly expenses along with attorney fees.

18. Despite all court acting agents ignoring defendant Williams's continuous violation of the allocation judgment that Judge Hazcar entered and my request to strike my case from the court call due to Judge Forti's and James Hagler's strategic refusal to hear my motions. Judge Forti impartially decided to continue to allow Mr. Williams to petition for a rule to show because that has no merit and was stricken in 12/2022 to be heard **on April 2nd 2024** in conjunction with the petition of fees against me. (Exhibit-48)

19. I am experiencing legal abuse as the court has allowed defendant Williams to weaponize the court system as a tool to control me with the intent to exploit me for my funds, deprive me of my rights and property, and ultimately try to take away my child to inflict emotional harm on me.

20. The Cook County Domestic Relations Division has adversely affected me as I was in constant fear of losing my child, my money, my property, and my rights unlawfully. Judge Forti allowed an immediate petition to turn over my child without evidence.

28

21. The day before the hearing for the petition to turn over my child, which was the same day I was notified that my daughter was suicidal, I took her to be evaluated immediately, thus showing the Judge the report and maintaining custody of the daughter. However, the intent was to take my daughter away from me on mere allegations that had not been proven.

22. Due to improper behavior of the court-acting agents of the Domestic Relations Division of the Circuit Court of Chicago have caused me great pain and suffering as I endured prolonged legal abuse for four years in parentage litigation.

23. Pain and suffering due to denial of Justice, due process, and dignity. Pain and suffering due to harassment and outrageous behavior.

24. Loss of potential property wages as I could not pay for repairs in my condo unit

25. Loss of wages due to having to take off of work to deal with legal harassment and abuse.

26. Loss of quality of life due to emotion distress with vexatious litigation and harassment.

27. Added stress as I exhausted all funds and will have to file for bankruptcy.

<u>**Legal Publications/ Case Law related to my case**</u>

1.  In relations to Lee v. Rogers, SUPREME COURT OF THE STATE OF NEW YORK
    Appellate Division, Second Judicial Department, Decided Nov 27, 2019 that the
    court should have not made a final child custody determination in the absence of
    a full evidentiary hearing. It was argued that Lee's 14th amendment right to due
    process was violated due to court submitting evidence via affidavit that consist
    of attorney's statements and here says that cannot be tested for competency,
    therefore the court decision was overturned by the Supreme Court of New York.
    The supreme Court questioned how can a child's best interest be determined
    without a full evidentiary hearing. (see Exhibit for Case Law )

2.  In addition the publication on 7/13/2013 from Ms. Magazine regarding Lee V.
    Rogers, Attorney Harold Burke referred to a trial by affidavit used in custody
    hearing as a "scheme" The Magazine further Reference Timothy Tippins that
    "any ex parte granted is supposed to be reserved for an emergency because ex
    parte is a denial of due process. The court is suppose to expeditiously conduct an
    evidentiary hearing and allegations should be tested with cross examination."
    (See exhibit 49, page 3-5 for Ms. Magazine article )

## Claims

**42.U.S. CODE U.S.C. § 1983 CLAIMS**

1. A color-of-law violation under 42 U.S Code § 1983 occurs when "whoever, under color of any law, ordinance, regulation or custom willfully subjects any person in any state, Territory, Commonwealth, Possession or District to the deprivation of any rights, privileges or immunities secured or protected by the constitution or law of the United States.

2. Defendant's at all times relevant to this action were acting under the color of state law.

3. Defendant's deprived me of my rights to due process protected by the 6th and 14th Amendments of the United States Constitution trial by affidavit.

4. They unlawfully deprived me of my rights to due process in the form of notification of services, as protected by the Fourteenth Amendment of the Constitution of the United States of America.

5. Failure to protect the privacy and accuracy of digital records.

6. The Clerk of the Circuit Court Clerk County needed to maintain the integrity of digital records and act with transparency.

7. Failure to uphold the constitution and act in a professional manner.

Prayer for relief

- Trail by Jury is requested on all Claims;
- Immediate Stay order on all activities in the Cook County Domestic Relations Division.
  Stay order on all Attorney's Fees Petition and Preliminary Injunction relief sought.
- That Petitioner has paid approximately $ 50,000.00 in attorney fees to attorneys Who have exhausted her 401 (k) savings plan and demands a return of her 401 (k) funds paid for attorney fees for their failure to zealously and competently to represent me only for reasonable child support and visitation rights of both parents.
- That her daughter's educational trust funds commingled with defendant's Robert William's checking account at the Chicago Police Credit Union, wherein Plaintiff was denied an accounting of those direct deposited by defendant Robert Williams and demands turn of all funds held in trust with interest for Malia Educational Fund.
- Award Plaintiff, Shemica Taylor $ 1,000,000 in compensatory damages;
- Award Plaintiff, Shemica Taylor trebled damages against all Defendants', In a sum to be determined at trial as result of their conspiracy to exhaust Plaintiff's 401 (k) as result of numerous fees charged for little or no work;
- That Plaintiff Shemica Taylor request that treble damages be awarded against James Halger of the Law Offices of Jeffery Levine, as result increasing his billing statements to over $ 36,000.00 by having more than one attorney(s) sitting at the plaintiff's court room table, and adding his hourly fees for no motions were scheduled a hearing date therefore not argued.
- That Defendant Robert Williams surrender Malia William's passport over to Plaintiff because defendant Williams has made over 8 to 9 trips to Columbia, South America, failure of notifying Malia's Mother of where, when, and what Travel arrangements are in place. Further, the US Statement Department has graded this country as a number (4) which means there no Diplomatic Relations with the US. Further defendant Williams failed to notify the court of his travel arrangement in violation of the Allocution Agreement Section__2.3_par.(a) &(b).
- That Plaintiff's 1st, 5th. 6th,& 14th Amendment have been violated by Judge Harcraz by allowing Plaintiff to have a "trial by affidavit" and neither her attorney or Judge Harcraz failed to explain not having a jury trial or 6th amendment right to discovery, confrontation and cross examine witnesses.
- That the allocation Judgment be reversed or vacated due to such order was entered without a full evidentiary hearing and as a result is unconstitutional and cannot be enforced.

Respectfully Submitted

Shemica Taylor,

Plaintiff Pro Se

Certification


Under the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certified that the statements set forth in this Complaint are true and correct, except as to matter therein stated to be on information and belief and as to top such matter the undersigned certifies as foresaid that she verily believes the same to be true.

Shemica Taylor

4 - 1 - 2024

Date

**TRUSTEE'S DEED**

**Reserved for Recorder's Office**

Doc# 2017447055 Fee $93.00

RHSP FEE:$9.00 RPRF FEE: $1.00
EDWARD M. MOODY
COOK COUNTY RECORDER OF DEEDS
DATE: 06/22/2020 12:55 PM PG: 1 OF 4

This indenture made this **26**th day of **August, 2015**, between **CHICAGO TITLE LAND TRUST COMPANY**, a corporation of Illinois, as successor trustee under the provisions of a deed or deeds in trust, duly recorded and delivered to said company in pursuance of a trust agreement dated the **19th** day of **September, 2012**, and known as *Trust Number 8002360149*, party of the first part, and **SHEMICA TAYLOR**
whose address is:
**7330 S Merrill Avenue
Chicago, Illinois 60649**
party of the second part.

**WITNESSETH,** That said party of the first part, in consideration of the sum of **TEN and no/100 DOLLARS ($10.00) AND OTHER GOOD AND VALUABLE** considerations in hand paid, does hereby **CONVEY AND QUITCLAIM** unto said party of the second part, the following described real estate, situated in **Cook** County, Illinois, to wit:

**FOR THE LEGAL DESCRIPTION SEE ATTACHED EXHIBIT "A" WHICH IS EXPRESSLY INCORPORATED HEREIN AND MADE A PART HEREOF.**

Exempt under Provisions of Par E, Real Estate Transfer Tax Act.

08/11/2015
**Date**

~~XXXXXXXXX~~
**Buyer/Seller/Representative**

**EXHIBIT
1**

Permanent Tax Number: **20-15-305-038-1011**

together with the tenements and appurtenances thereunto belonging.

**TO HAVE AND TO HOLD** the same unto said party of the second part, and to the proper use, benefit and behoof forever of said party of the second part.

**This deed is executed pursuant to and in the exercise of the power and authority granted to and vested in said trustee by the terms of said deed or deeds in trust delivered to said trustee in pursuance of the trust agreement above mentioned. This deed is made subject to the lien of every trust deed or mortgage (if any there be) of record in said county given to secure the payment of money, and remaining unreleased at the date of the delivery hereof.**

| REAL ESTATE TRANSFER TAX | 18-Jun-2020 |
|---|---|
| CHICAGO: | 0.00 |
| CTA: | 0.00 |
| TOTAL: | 0.00 * |
| 20-15-305-038-1011 | 20200601606772 | 0-772-453-088 |

* Total does not include any applicable penalty or interest due.

| REAL ESTATE TRANSFER TAX | 22-Jun-2020 |
|---|---|
| COUNTY: | 0.00 |
| ILLINOIS: | 0.00 |
| TOTAL: | 0.00 |
| 20-15-305-038-1011 | 20200601606772 | 1-... |

Scanned with CamScanner

IN WITNESS WHEREOF, said party of the first part has caused its corporate seal to be hereto affixed, and has caused its name to be signed to these presents by its Trust Officer, the day and year first above written.

**CHICAGO TITLE LAND TRUST COMPANY,**
as trustee as aforesaid

By: _____

Harriet Denisewicz
Trust Officer

State of Illinois )
                 ) ss.
County of Cook   )

I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that the above named Trust Officer of **CHICAGO TITLE LAND TRUST COMPANY**, personally known to me to be the same person whose name is subscribed to the foregoing instrument as such Trust Officer appeared before me this day in person and acknowledged that she signed and delivered the said instrument as her own free and voluntary act and as the free and voluntary act of the Company; and the said Trust Officer then and there caused the corporate seal of said Company to be affixed to said instrument as her own free and voluntary act and as the free and voluntary act of the Company.

Given under my hand and Notarial Seal this **26th** day of **August, 2015.**

**PROPERTY ADDRESS**
5940 South King Drive Unit 2E
Chicago, Illinois

"OFFICIAL SEAL"
LIDIA MARINCA
Notary Public, State of Illinois
My Commission Expires 04/30/2018

NOTARY PUBLIC

This instrument was prepared by:
**Harriet Denisewicz**
**CHICAGO TITLE LAND TRUST COMPANY**
**10 South LaSalle Street**
**Suite 2750**
**Chicago, IL 60603**

AFTER RECORDING, PLEASE MAIL TO:
**SHEMICA TAYLOR**
7330 S Merrill Avenue
**Chicago, Illinois  60649**

SEND TAX BILLS TO:
**SHEMICA TAYLOR**
**7330 s Merrill Avenue**
**Chicago, Illinois  60649**

**Scanned with CamScanner**

**CHICAGO PATROLMEN'S**
F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

**Lock Up The Lowest Payment**
**On Your New Or Used Auto Loan**
We offer competitive financing options including
low rates, extended terms and affordable GAP
coverage and mechanical breakdown protection.

**Rates as low as 1.49%!**
Visit cpdfcu.com for more information.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

Member Account: XXXXXXXXX1
March 1, 2016 to March 31, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 514.00 | 100.03 | 0.00 | 614.03 |

Total Shares: 614.03
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| MAR01 | | | 514.00 | **Balance Forward** |
| MAR04 | | 50.00 | 564.00 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| MAR18 | | 50.00 | 614.00 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| MAR31 | | 0.03 | 614.03 | Deposit Dividend Tiered Rate |
| | | | | ANNUAL PERCENTAGE YIELD EARNED: 0.030%  For the period  01/01/16 to 03/31/16 |
| MAR31 | | | 614.03 | Average Daily Balance 420.21 |
| | | | | **Ending Balance** |

Joint Owner(s):  ROBERT F WILLIAMS II

Dividends Paid To You in 2016 On Suffix  0000                                    0.03

## YTD Tax Summary

Total non-IRA dividends earned
(May be reported to IRS as interest for this calendar year)                      0.03

**Credit Card Balance Transfers as low as 3.90% APR!***
Good for the life of the balance transferred,
with no balance transfer fees & no annual fees.

**The sooner you switch, the sooner you save!**

Get complete details online at cpdfcu.com, by calling 312-726-8814 or by visiting a branch location.
CPFCU is federally insured by NCUA. *Additional restrictions may apply.



**EXHIBIT**



**CHICAGO PATROLMEN'S**
F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

**Credit Card Balance Transfer
Rates are as low as 3.90%***
*Promotion ends 5/31!*
Don't miss out- contact us today to start saving on
your credit card!
Visit cpdfcu.com or call 312-726-8814 for more information.

*APR=Annual Percentage Rate. Rate subject to credit qualification.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

Member Account: XXXXXXXXX1
April 1, 2016 to April 30, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 614.03 | 357.00 | 0.00 | 971.03 |

Total Shares: 971.03
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| APR01 | | | 614.03 | **Balance Forward** |
| APR01 | | 50.00 | 664.03 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| APR01 | | 100.00 | 764.03 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| APR15 | | 50.00 | 814.03 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| APR16 | | 100.00 | 914.03 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| APR19 | | 7.00 | 921.03 | Deposit at ATM #001063 |
| | | | | CHI PATROL FCU 1407 W WASHINGTON B CHICAGO IL |
| | | | | IL000055 |
| APR29 | | 50.00 | 971.03 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| APR30 | | | 971.03 | **Ending Balance** |

Joint Owner(s):  ROBERT F WILLIAMS II

Dividends Paid To You in 2016 On Suffix 0000          0.03

## YTD Tax Summary

Total non-IRA dividends earned                                              0.03
(May be reported to IRS as interest for this calendar year)

# Earn Points With Your CPFCU Debit Card!

You can now earn 1 point for every 2 dollars you spend with your CPFCU Debit Card.*
Points can be redeemed for merchandise, travel, charitable donations and more.

## Register today to start earning!

Get complete details online at cpdfcu.com, by calling 312-726-8814 or by visiting a branch location.
CPFCU is federally insured by NCUA.  *Additional restrictions may apply.







**CHICAGO PATROLMEN'S**
F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

**Signature Loans**
**with rates as low as 3.90% APR\***
You can use the funds for *anything*
from home repairs to summer travel!
Don't miss out- contact us today for more information.
Visit cpdfcu.com or call us at 312-726-8814.
*APR=Annual Percentage Rate. Rate subject to credit qualification.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

Member Account: XXXXXXXXX1
May 1, 2016 to May 31, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 971.03 | 525.00 | 0.00 | 1,496.03 |

Total Shares:    1,496.03
Total Loans:    0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| MAY01 | | | 971.03 | Balance Forward |
| MAY01 | | 100.00 | 1,071.03 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| MAY05 | | 100.00 | 1,171.03 | Deposit by Check |
| MAY13 | | 50.00 | 1,221.03 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| MAY16 | | 100.00 | 1,321.03 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| MAY17 | | 100.00 | 1,421.03 | Deposit at ATM #002745 |
| | | | | CHI PATROL FCU 1407 W WASHINGTON B CHICAGO IL |
| | | | | IL000055 |
| MAY27 | | 75.00 | 1,496.03 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| MAY31 | | | 1,496.03 | Ending Balance |

Joint Owner(s): ROBERT F WILLIAMS II

Dividends Paid To You in 2016 On Suffix 0000     0.03

## YTD Tax Summary

Total non-IRA dividends earned       0.03
(May be reported to IRS as interest for this calendar year)

## Are You Looking For A New or Used Car This Summer?
**We offer rates as low as 1.49% APR,**
**an easy online application process,**
**convenient repayment options,**
**and a blank check program for well qualified borrowers!**

Get complete details online at cpdfcu.com, by calling 312-726-8814 or by visiting a branch location.
CPFCU is federally insured by NCUA. *APR = Annual Percentage Rate. Rates subject to credit qualification.
Additional restrictions may apply.







**CHICAGO PATROLMEN'S**

F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

**Signature Loans**
**with rates as low as 3.90% APR***
You can use the funds for *anything*
from home repairs to summer travel!
Don't miss out- contact us today for more information.
Visit cpdfcu.com or call us at 312-726-8814.
*APR=Annual Percentage Rate.

Rate subject to credit qualification.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

**Member Account: XXXXXXXXX1**
June 1, 2016 to June 30, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 1,496.03 | 350.10 | 0.00 | 1,846.13 |

Total Shares: 1,846.13
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| JUN01 | | | 1,496.03 | **Balance Forward** |
| JUN01 | | 100.00 | 1,596.03 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| JUN10 | | 75.00 | 1,671.03 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| JUN16 | | 100.00 | 1,771.03 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| JUN24 | | 75.00 | 1,846.03 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| JUN30 | | 0.10 | 1,846.13 | Deposit Dividend Tiered Rate |
| | | | | ANNUAL PERCENTAGE YIELD EARNED: 0.030% For the period 04/01/16 to 06/30/16 |
| JUN30 | | | 1,846.13 | Average Daily Balance 1,288.05 |
| | | | | **Ending Balance** |

Joint Owner(s): ROBERT F WILLIAMS II

Dividends Paid To you in 2016 On Suffix 0000          0.13

## YTD Tax Summary

Total non-IRA dividends earned                    0.13
(May be reported to IRS as interest for this calendar year)

# Introducing CARpay Diem: It's like a lease, but better!
## Benefits of CARpay Diem Loans:
**100% financing with NO MONEY DOWN, No Security Deposit, No up-front first or last payment,**
**Option to sell, trade or refinance the vehicle at any time,**
**Option to return the vehicle at loan maturity and simply "walk away", AND No early payoff penalty**

Get complete details online at cpdfcu.com, by calling 312-726-8814 or by visiting a branch location.

CPFCU is federally insured by NCUA. *APR = Annual Percentage Rate. Rates subject to credit qualification.
Additional restrictions may apply.







**CHICAGO PATROLMEN'S**
F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

**Student Loans**
## With rates as low as 5.90% APR*
**A better was to pay for higher education!**
**Pay off or refinance current student loans!**
Get Complete details online at cpdfcu.com,
By calling 312-726-8814 or visiting a branch location.
*APR=Annual Percentage Rate. Rate subject to credit qualification.
CPFCU is federally insured by the NCUA.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

Member Account: XXXXXXXXX1
July 1, 2016 to July 31, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 1,846.13 | 350.00 | 0.00 | 2,196.13 |

Total Shares: 2,196.13
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| JUL01 | | | 1,846.13 | **Balance Forward** |
| JUL01 | | 100.00 | 1,946.13 | Deposit Transfer<br>From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| JUL08 | | 75.00 | 2,021.13 | Deposit ACH FRESENIUS MEDICA<br>TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| JUL16 | | 100.00 | 2,121.13 | Deposit Transfer<br>From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| JUL22 | | 75.00 | 2,196.13 | Deposit ACH FRESENIUS MEDICA<br>TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| JUL31 | | | 2,196.13 | **Ending Balance** |

Joint Owner(s): ROBERT F WILLIAMS II

Dividends Paid To You in 2016 On Suffix 0000          0.13

## YTD Tax Summary

Total non-IRA dividends earned                                    0.13
(May be reported to IRS as interest for this calendar year)

# Ask Us About CARpay Diem!
**CARpay Diem is a new low payment loan program
that combines the best features of
conventional financing
with the benefits of leasing.**
Get complete details online at cpdfcu.com, by calling 312-726-8814 or by visiting a branch.
CPFCU is federally insured by NCUA. *Additional restrictions may apply.





**CHICAGO PATROLMEN'S**
F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

## Signature Loans
### with rates as low as 3.90% APR*
Borrow on your signature alone.
No collateral needed!
Get complete details online at cpdfcu.com,
calling 312-726-8814, or by visiting a branch
location.
*APR=Annual Percentage Rate. Rate subject to credit qualification.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

Member Account: XXXXXXXXX1
August 1, 2016 to August 31, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 2,196.13 | 350.00 | 0.00 | 2,546.13 |

Total Shares: 2,546.13
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| AUG01 | | | 2,196.13 | **Balance Forward** |
| AUG01 | | 100.00 | 2,296.13 | Deposit Transfer<br>From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| AUG05 | | 75.00 | 2,371.13 | Deposit ACH FRESENIUS MEDICA<br>TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| AUG16 | | 100.00 | 2,471.13 | Deposit Transfer<br>From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| AUG19 | | 75.00 | 2,546.13 | Deposit ACH FRESENIUS MEDICA<br>TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| AUG31 | | | 2,546.13 | **Ending Balance** |
| | | | | Dividends Paid To You in 2016 On Suffix  0000                    0.13 |

Joint Owner(s):  ROBERT F WILLIAMS II

## YTD Tax Summary

| | |
|---|---|
| Total non-IRA dividends earned<br>(May be reported to IRS as interest for this calendar year) | 0.13 |

## Have any of the 2017 car models caught your eye?
We're here to help if you're looking to buy!
Our Auto Loans are based on flexible underwriting,
reduced documentation, and great rates.
We can finance up to 100% of your next car at competitive rates and
terms!*
Get complete details online at cpdfcu.com, by calling 312-726-8814, or by visiting a branch.
*Restrictions apply. CPFCU is federally insured by NCUA





## CHICAGO PATROLMEN'S
### FEDERAL CREDIT UNION

312-726-8814 • 800-326-8814
www.cpdfcu.com

**Don't miss out on our annual
Skip-A-Pay Promotion!**
Skip-A-Pay allows you to pay a fee of $30 (per
loan) to skip your December 2016 payment on
all eligible loans!*

The Skip-A-Pay application period runs from October 3 - November 23, 2016
Applications will only be accepted online at cpdfcu.com.
*Additional restrictions may apply. At least half of the $30
will be donated to Chicago Police Memorial Foundation.
CPFCU is federally insured by NCUA.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

Member Account: XXXXXXXXX1
September 1, 2016 to September 30, 2016
Page 1 of 2

### Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 2,546.13 | 425.18 | 0.00 | 2,971.31 |

Total Shares: 2,971.31
Total Loans: 0.00

### MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| SEP01 | | | 2,546.13 | **Balance Forward** |
| SEP01 | | 100.00 | 2,646.13 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| SEP02 | | 75.00 | 2,721.13 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| SEP16 | | 75.00 | 2,796.13 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| SEP16 | | 100.00 | 2,896.13 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| SEP30 | | 75.00 | 2,971.13 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| SEP30 | | 0.18 | 2,971.31 | Deposit Dividend Tiered Rate |
| | | | | ANNUAL PERCENTAGE YIELD EARNED: 0.030% For the period 07/01/16 to 09/30/16 |
| | | | | Average Daily Balance 2,440.42 |
| SEP30 | | | 2,971.31 | **Ending Balance** |
| | | | | Dividends Paid To You in 2016 On Suffix 0000    0.31 |

Joint Owner(s): ROBERT F WILLIAMS II

## Eyeing 2017 cars? Check out CPFCU's CARPay Diem!

### Benefits of CARPay Diem Loans:
No security deposit; No up-front first or last payment; Option to sell,
trade, or refinance the vehicle at any time; Option to return the vehicle
at loan maturity and simply "walk away"; AND no early payoff penalty.

Get complete details online at cpdfcu.com, by calling 312-726-8814, or by visiting a branch.

*Restrictions may apply. CPFCU is federally insured by NCUA.





# CHICAGO PATROLMEN'S
### FEDERAL CREDIT UNION

312-726-8814 ● 800-326-8814
www.cpdfcu.com

64359 - 31062

**Member Account: XXXXXXXXX1**
September 1. 2016 to September 30, 2016
**Page 2 of 2**

## YTD Tax Summary

Total non-IRA dividends earned                                    0.31
(May be reported to IRS as interest for this calendar year)







**CHICAGO PATROLMEN'S**

F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

### Skip-A-Pay Ending Soon!

**Skip-A-Pay allows you to pay a fee of $30 (per loan) to skip your December 2016 payment on all eligible loans!***

Skip-A-Pay ends November 23, 2016.

Applications will only be accepted online at cpdfcu.com.

*Additional restrictions may apply. CPFCU is federally insured by NCUA.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

**Member Account: XXXXXXXXX1**
October 1, 2016 to October 31, 2016
Page 1 of 2

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 2,971.31 | 460.00 | 0.00 | 3,431.31 |

Total Shares: 3,431.31
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| OCT01 | | | 2,971.31 | **Balance Forward** |
| OCT01 | | 100.00 | 3,071.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| OCT14 | | 75.00 | 3,146.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| OCT16 | | 100.00 | 3,246.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| OCT23 | | 25.00 | 3,271.31 | Deposit at ATM #000699 |
| | | | | CHI PATROL FCU 1407 W WASHINGTON B CHICAGO IL IL000056 |
| OCT23 | | 85.00 | 3,356.31 | Deposit at ATM #000700 |
| | | | | CHI PATROL FCU 1407 W WASHINGTON B CHICAGO IL IL000056 |
| OCT28 | | 75.00 | 3,431.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| OCT31 | | | 3,431.31 | **Ending Balance** |
| | | | | Dividends Paid To You in 2016 On Suffix 0000 0.31 |

Joint Owner(s): ROBERT F WILLIAMS II

## Have any of the 2017 car models caught your eye?

**We're here to help if you're looking to buy!**
**Our Auto Loans are based on flexible underwriting, reduced documentation, and great rates.**
**We can finance up to 100% of your next car at competitive rates and terms!**
**Get complete details online at cpdfcu.com, by calling 312-726-8814, or by visiting a branch.**
*Restrictions may apply. CPFCU is federally insured by NCUA.





# CHICAGO PATROLMEN'S
F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

43191 - 18805

**Member Account: XXXXXXXXX1**
October 1, 2016 to October 31, 2016
**Page 2 of 2**

## YTD Tax Summary

Total non-IRA dividends earned                    0.31
(May be reported to IRS as interest for this calendar year)





**CHICAGO PATROLMEN'S**
F E D E R A L   C R E D I T   U N I O N

312-726-8814 • 800-326-8814
www.cpdfcu.com

**Signature loans**
**with rates as low as 3.90% APR***
Borrow on your signature alone.
**No collateral needed!**
Get complete details online at cpdfcu.com, by calling 312-726-8814,
or by visiting a branch location.
*APR=Annual Percentage Rate. Rate subject to credit qualification.

CPFCU is federally insured by NCUA

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

**Member Account: XXXXXXXXX1**
November 1, 2016 to November 30, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 3,431.31 | 350.00 | 0.00 | 3,781.31 |

Total Shares: 3,781.31
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| NOV01 | | | 3,431.31 | **Balance Forward** |
| NOV01 | | 100.00 | 3,531.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| NOV10 | | 75.00 | 3,606.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111101 CO: FRESENIUS MEDICA |
| NOV16 | | 100.00 | 3,706.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| NOV25 | | 75.00 | 3,781.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| NOV30 | | | 3,781.31 | **Ending Balance** |
| | | | | Dividends Paid To You in 2016 On Suffix 0000   0.31 |

Joint Owner(s): ROBERT F WILLIAMS II

## YTD Tax Summary

| | |
|---|---|
| Total non-IRA dividends earned | 0.31 |
| (May be reported to IRS as interest for this calendar year) | |

## Holiday Shopping with Blue Line Rewards!

Get your last minute holiday shopping with our Blue Line Rewards Visa card!
In addition to weekly bonus days, our Blue Line Rewards Visa offers 8 extra shopping days
in December, which truly lets you earn as you spend!
Get complete details online at cpdfcu.com, by calling 312-726-8814, or by visiting a branch.
*APR=Annual Percentage Rate. Additional restrictions may apply. CPFCU is federally insured by NCUA.





# CHICAGO PATROLMEN'S
### F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

**Signature loans**
## with rates as low as 3.90% APR*
Borrow on your signature alone.
### No collateral needed!
Get complete details online at cpdfcu.com, by calling 312-726-8814,
or by visiting a branch location.
APR=Annual Percentage Rate. Rate subject to credit qualification.

CPFCU is federally insured by NCUA

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

Member Account: XXXXXXXXX1
December 1, 2016 to December 31, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 3,781.31 | 350.46 | 0.00 | 4,131.77 |

Total Shares: 4,131.77
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| DEC01 | | | 3,781.31 | **Balance Forward** |
| DEC01 | | 100.00 | 3,881.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| DEC09 | | 75.00 | 3,956.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| DEC16 | | 100.00 | 4,056.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| DEC23 | | 75.00 | 4,131.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111101 CO: FRESENIUS MEDICA |
| DEC31 | | 0.46 | 4,131.77 | Deposit Dividend Tiered Rate |
| | | | | ANNUAL PERCENTAGE YIELD EARNED: 0.050% For the |
| | | | | period 10/01/16 to 12/31/16 |
| | | | | Average Daily Balance 3,622.13 |
| DEC31 | | | 4,131.77 | **Ending Balance** |
| | | | | Dividends Paid To You in 2016 On Suffix 0000 0.77 |

Joint Owner(s): ROBERT F WILLIAMS II

## YTD Tax Summary

Total non-IRA dividends earned                0.77
(May be reported to IRS as interest for this calendar year)

# CPFCU Visa Credit Cards!
### Consolidate your debt with one of our credit cards!
All of our cards offer the same low non-variable **APR*** for purchases, cash advances, and balance transfers. In addition,
our cards do not charge annual fees, which puts you in charge of your spending!

Get complete details online at cpdfcu.com, by calling 312-726-8814, or by visiting a branch
*APR=Annual Percentage Rate. Additional restrictions may apply. CPFCU is federally insured by NCUA.







# CHICAGO PATROLMEN'S
### F E D E R A L   C R E D I T   U N I O N

312-726-8814 • 800-326-8814
www.cpdfcu.com

## Skip-A-Pay Ending Soon!
**Skip-A-Pay allows you to pay a fee of $30 (per loan)
to skip your December 2016 payment on all eligible
loans!\***
Skip-A-Pay ends November 23, 2016.

Applications will only be accepted online at cpdfcu.com.

*\*Additional restrictions may apply. CPFCU is federally insured by NCUA.*

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

Member Account: XXXXXXXXX1
October 1, 2016 to October 31, 2016
Page 1 of 2

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 2,971.31 | 460.00 | 0.00 | 3,431.31 |

Total Shares: 3,431.31
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| OCT01 | | | 2,971.31 | **Balance Forward** |
| OCT01 | | 100.00 | 3,071.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| OCT14 | | 75.00 | 3,146.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| OCT16 | | 100.00 | 3,246.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| OCT23 | | 25.00 | 3,271.31 | Deposit at ATM #000699 |
| | | | | CHI PATROL FCU 1407 W WASHINGTON B CHICAGO IL |
| | | | | IL000056 |
| OCT23 | | 85.00 | 3,356.31 | Deposit at ATM #000700 |
| | | | | CHI PATROL FCU 1407 W WASHINGTON B CHICAGO IL |
| | | | | IL000056 |
| OCT28 | | 75.00 | 3,431.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| OCT31 | | | 3,431.31 | **Ending Balance** |
| | | | | Dividends Paid To You in 2016 On Suffix 0000          0.31 |

Joint Owner(s): ROBERT F WILLIAMS II

## Have any of the 2017 car models caught your eye?
**We're here to help if you're looking to buy!
Our Auto Loans are based on flexible underwriting,
reduced documentation, and great rates.
We can finance up to 100% of your next car at competitive rates and
terms!
Get complete details online at cpdfcu.com, by calling 312-726-8814, or by visiting a branch.**
*\*Restrictions may apply. CPFCU is federally insured by NCUA.*





## CHICAGO PATROLMEN'S
### F E D E R A L   C R E D I T   U N I O N

312-726-8814 ● 800-326-8814
www.cpdfcu.com

43191 - 18805

**Member Account: XXXXXXXXX1**
October 1, 2016 to October 31, 2016
**Page 2 of 2**

### YTD Tax Summary

Total non-IRA dividends earned        0.31
(May be reported to IRS as interest for this calendar year)





# CHICAGO PATROLMEN'S
### F E D E R A L   C R E D I T   U N I O N

312-726-8814 • 800-326-8814
www.cpdfcu.com

**Signature loans**
**with rates as low as 3.90% APR***
Borrow on your signature alone.
**No collateral needed!**
Get complete details online at cpdfcu.com, by calling 312-726-8814,
or by visiting a branch location.
*APR=Annual Percentage Rate. Rate subject to credit qualification.

CPFCU is federally insured by NCUA

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

**Member Account: XXXXXXXXX1**
November 1, 2016 to November 30, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 3,431.31 | 350.00 | 0.00 | 3,781.31 |

Total Shares: 3,781.31
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| NOV01 | | | 3,431.31 | **Balance Forward** |
| NOV01 | | 100.00 | 3,531.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| NOV10 | | 75.00 | 3,606.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111101 CO: FRESENIUS MEDICA |
| NOV16 | | 100.00 | 3,706.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXXX Share 0000 |
| NOV25 | | 75.00 | 3,781.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| NOV30 | | | 3,781.31 | **Ending Balance** |
| | | | | Dividends Paid To You in 2016 On Suffix 0000    0.31 |

Joint Owner(s):  ROBERT F WILLIAMS II

## YTD Tax Summary

Total non-IRA dividends earned                                0.31
(May be reported to IRS as interest for this calendar year)

# Holiday Shopping with Blue Line Rewards!
Get your last minute holiday shopping with our Blue Line Rewards Visa card!
In addition to weekly bonus days, our Blue Line Rewards Visa offers 8 extra shopping days
in December, which truly lets you earn as you spend!
Get complete details online at cpdfcu.com, by calling 312-726-8814, or by visiting a branch.
*APR=Annual Percentage Rate. Additional restrictions may apply. CPFCU is federally insured by NCUA.





**CHICAGO PATROLMEN'S**
F E D E R A L   C R E D I T   U N I O N

312-726-8814 • 800-326-8814
www.cpdfcu.com

**Signature loans**
**with rates as low as 3.90% APR\***
Borrow on your signature alone.
**No collateral needed!**
Get complete details online at cpdfcu.com, by calling 312-726-8814,
or by visiting a branch location.
'APR=Annual Percentage Rate. Rate subject to credit qualification.

CPFCU is federally insured by NCUA.

MALIA GRACE WILLIAMS
P.O. BOX 5397
CHICAGO IL 60680

**Member Account: XXXXXXXXX1**
December 1, 2016 to December 31, 2016
Page 1 of 1

## Account Summary

| | Starting Balance | Total Deposits | Total Withdrawals | Ending Balance |
|---|---|---|---|---|
| MAIN SHARE | 3,781.31 | 350.46 | 0.00 | 4,131.77 |

Total Shares: 4,131.77
Total Loans: 0.00

## MAIN SHARE

| Date | Withdrawal | Deposit | Balance | Transaction Description |
|---|---|---|---|---|
| DEC01 | | | 3,781.31 | **Balance Forward** |
| DEC01 | | 100.00 | 3,881.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXX Share 0000 |
| DEC09 | | 75.00 | 3,956.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111103 CO: FRESENIUS MEDICA |
| DEC16 | | 100.00 | 4,056.31 | Deposit Transfer |
| | | | | From WILLIAMS,ROBERT XXXXXXXXX Share 0000 |
| DEC23 | | 75.00 | 4,131.31 | Deposit ACH FRESENIUS MEDICA |
| | | | | TYPE: DIRECT DEP ID: 9111111101 CO: FRESENIUS MEDICA |
| DEC31 | | 0.46 | 4,131.77 | Deposit Dividend Tiered Rate |
| | | | | ANNUAL PERCENTAGE YIELD EARNED: 0.050% For the period 10/01/16 to 12/31/16 |
| DEC31 | | | 4,131.77 | Average Daily Balance 3,622.13 |
| | | | | **Ending Balance** |

Joint Owner(s): ROBERT F WILLIAMS II

Dividends Paid To you in 2016 On Suffix 0000          0.77

## YTD Tax Summary

Total non-IRA dividends earned                                    0.77
(May be reported to IRS as interest for this calendar year)

# CPFCU Visa Credit Cards!
Consolidate your debt with one of our credit cards!
All of our cards offer the same low non non-variable **APR\*** for purchases, cash advances, and balance transfers. In addition, our cards do not charge annual fees, which puts you in charge of your spending!
Get complete details online at cpdfcu.com, by calling 312-726-8814, or by visiting a branch
\*APR=Annual Percentage Rate. Additional restrictions may apply. CPFCU is federally insured by NCUA.



FILED
5/26/2020 12:45 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

9321429

FILED DATE: 5/26/2020 12:45 PM   2020D079452

Summons/Alias Summons                    (06/29/19) CCDR 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☐ Marriage   ☐ Civil Union   ☐ Legal Separation
☑ Allocation of Parental Responsibilities   ☐ Visitation (Non-Parent)   ☐ Support
☑ Parentage of:

ROBERT F. WILLIAMS, II

|  |  |
|---|---|
| Petitioner | Case No. _____ 2020D079452 |
| and | Calendar _____ |
| SHEMICA D. TAYLOR | |
| Respondent | ** Please serve the Respondent at: |
| * Hearing/Return Date: | 7330 S. Merrill Ave. |
| _____ at _____ ○ AM ○ PM | Chicago, IL 60649 |
| * Applies to Suburban Districts ONLY | |

2105 - Summons - Retd - Substitute Service
2106 - Alias Summons - Retd - Substitute Service
2120 - Summons - Retd P.S.
2121 - Alias Summons - Retd P.S.
2123 - Summons Retd - Served at Correctional Facility
2220 - Summons - Retd N.S.

2221 - Alias Summons - Retd N.S.
2700 - Return of Service P.S. - Order of Protection
2702 - Return of Service N.S. - Order of Protection
2708 - Return of Service of Order - P.S.
2710 - Return of Service of Order N.S.

☑ SUMMONS   ☐ ALIAS SUMMONS

TO THE RESPONDENT:

The Petitioner has filed a legal proceeding against you for one or more of the following:

☐ Dissolution of Marriage/Civil Union   ☐ Legal Separation   ☐ Declaration of Invalidity
☑ Custody   ☐ Child Support   ☐ Order of Protection under the Illinois Domestic Violence Act
☐ Praecipe for Summons*

☑ Other: Parentage

**YOU ARE SUMMONED** and required to file your **written appearance and response no later than** ● **thirty (30) days** ○ **seven (7) days after service of this summons**, not counting the day of service. To file your appearance and response you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 4



EXHIBIT
3(A-D)

FILED DATE: 5/26/2020 12:45 PM  2020D079452

**Summons/Alias Summons**                 **(06/29/19) CCDR 0001 B**

If you fail to file your written appearance within the time stated above, a default judgment may be entered against you and the court may grant the petitioner all or part of the relief that s/he is requesting in her or his petition.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

**TO THE OFFICER:** This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

Witness: _____ 5/26/2020 12:45 PM DOROTHY BROWN

Date: _____

Cl... **SEAL**

Date of Service: _____

Atty. No.: 39632

Atty Name: Wright, Johnson & Hollis

Atty. for: Petitioner

Address: 22 W. Washington Street, Suite 1500

City: Chicago

State: IL    Zip: 60602

Telephone: (312) 854-8087

Primary Email: wrightjohnsonhollis@yahoo

(To be inserted by officer on copy left with Respondent or other person):

_____

_____

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 4

3149 - Motion
4209 - Order
Motion for Appointment of Special Process Server

FILED
5/26/2020 1:18 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020D079452

(10-01) CCDR N030

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE:　　˙ Marriage　　˙ Civil Union　　˙ Legal Separation　　˙ Allocation of Parental Responsibilities
　　　　　˙ Visitation (Non-Parent)　　˙ Support　　• Parentage of:

9321986

ROBERT F. WILLIAMS, II

_____ Petitioner

and

SHEMICA D. TAYLOR

_____ Respondent

Case No. _2020 D 079452_

Calendar: _____

FILED DATE: 5/26/2020 1:18 PM　2020D079452

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

I. Petitioner moves this Court to order service of process in this cause to be made by the following individual, who is over the age of eighteen and not a party to this cause:

Name: Richard L. Hogan of Hogan Investigative Services, IL Agency #117-001699

Address: 7529 N. Oakley Ave., Unit 1, Chicago, IL 60645

II. The appointment of a special process server will facilitate the administration of justice.

Atty. No.: 39632

Atty. Signature: /s/ _Lynna C. Hollis_　　　/s/ _Lynna C. Hollis_

Atty Name: Wright, Johnson & Hollis　　　　　Petitioner/Petitioner's Attorney

Address: 22 W. Washington, Street, Suite 1500

City: Chicago

State: IL　　Zip: 60602

Telephone: (312) 854-8087

Primary Email: wrightjohnsonhollis@yahoo.com

## ORDER APPOINTING SPECIAL PROCESS SERVER

IT IS HEREBY ORDERED THAT _Richard L. Hogan, Hogan Investigative Svc._ an individual over 18 years of age and not a party to this cause is appointed to make service of process in this cause and to file an affidavit of proof of service with the Clerk of the Circuit Court immediately thereafter.

ENTERED:

Dated: _____

_____　　　_____
Judge　　　　　　　　　　　　Judge's No.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

# AFFIDAVIT OF SPECIAL PROCESS SERVER

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

FILED
6/9/2020 2:12 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020D079452

9433923

**Robert F. Williams, II** )
)
) **Case No: 2020 D 079452**
)
)
**Shemica D. Taylor** )

I, <u>Curt Marcucci</u>, being first duly sworn, depose and say that I was appointed by the Court on **June 2, 2020** to serve process in the above mentioned cause, and that I am over the age of 18 years and not a party to this action.

Service: I served **Summons and Parentage Complaint** on respondent, **Shemica D. Taylor** by leaving a copy with **Stephan, respondent's father, a person of the household over the age of 13** and informed him of the contents therein on **June 8, 2020.**

Service was completed as follows:

**Residence**: **7330 S. Merrill Ave, Chicago, IL 60649**

**June 8, 2020 @ 7:42 pm**

The physical description of the person with whom the documents were left is as follows:

Sex: **Male** Race: **Black** Age: **55 - 60** Height: **5'10"** Weight: **150 - 160 lbs**

A copy of the Summons and Parentage Complaint was mailed to the respondent, Shemica Taylor at the above address via 1st class Mail on 6/09/2020 due to substitute service per IL Process Server Statute: 735 ILCS 5/2-203.

Subscribed and sworn to before me
this 9th day of June, 2020

_Tina R. Hogan_
NOTARY PUBLIC (ILLINOIS)

OFFICIAL SEAL
TINA R HOGAN
Notary Public · State of Illinois
My Commission Expires 8/21/2021

_Curt Marcucci_
Curt Marcucci, Private Investigator
Hogan Investigative Services, Inc
7529 N Oakley Ave, Unit 1
Chicago, IL 60645
IL Lic #117-001699

FILED DATE: 6/9/2020 2:12 PM   2020D079452

Exhibit G
FOIA Report

Summary Report Digest                                      Log Number 20-4071

called back the Reporting Detective. After informing her of the investigation in progress, TAYLOR related the following:

In summary and not verbatim, unless otherwise noted, TAYLOR related that she had spoken with Detective JONES last week regarding this matter and she is well versed in the matter. TAYLOR related that she was actually going to call Detective JONES today in regards to ████████████, who is staying in her unit located at ████████████ without her permission. Furthermore, TAYLOR is also going to inform Detective JONES that ████████████ sent TAYLOR a letter to her home address and believes WILLIMAS (KNA P.O. Robin WILLIAMS) gave ████████ her personal address (Attachment #18).

TAYLOR related that around 24 or 25th August 2020, TAYLOR went to check on her property, when a neighbor approached her and told her that they were interested in buying her property. TAYLOR related that her property is not for sale. At this time, the neighbor showed TAYLOR her unit listed for sale on REDFIN app. Furthermore, TAYLOR learned the listing real estate agent was ████████ who she knows her to be a Chicago Police Officer. TAYLOR related that on 27 August 2020, she came back to the Unit, changed the locks and put up cameras (Attachment #18).

TAYLOR related that on 30 August 2020, she was alerted to motion inside her Unit and immediately called the Police. TAYLOR arrived and met with the Police Officers and related to them that there is a squatter in her unit. The squatter is identified as ████████████ TAYLOR related that ████████ told the Officers that she has been living in the Unit for the past six months and has a lease. ████████ went to get the lease from inside the unit, but could not produce one and subsequently tells them that she actually does not have a lease. ████████ left and went back inside the Unit, closed the door. TAYLOR related that she has since filed and "immediate demand for possession" (Attachment #18).

TAYLOR related that she will send the Deed and other relevant documents to Reporting Detective's CPD email. Reporting Detective inquired whether TAYLOR wishes to pursue criminal charges against P.O. Robin WILLIAMS for Deceptive Practice. TAYLOR related that she would like to consult with her Attorney and will contact Reporting Detective with her decision. The interview ended.

Reporting Detective then contacted Detective G. JONES assigned to the Area 1 Detective Division. Reporting Detective spoke with Detective G. JONES who related that TAYLOR's property was used as an Airbnb. P.O. Robert WILLIAMS and Shemica TAYLOR were in a personal relationship and had a verbal agreement that WILLIAMS would manage the property. However, this past January they broke up and are now in a custody battle for their 4 year old child.

Detective JONES related that she was assigned to the case recorded under ████████ and subsequently determined it was a Civil Matter and "Suspended" the case as a Non-Criminal/Other Non-criminal in the CHRIS system. Detective JONES related that there are numerous case reports generated from Shemica TAYLOR and ████████████ Detective JONES provided Reporting Detective with the following associated cases:



EXHIBIT
4

**Exhibit G2**
FOIA Report

**Miscellaneous**
Victim Information Provided

| | | | | Flash Message Sent ? | No |

EVENT [redacted] BWC INCIDENT. IN SUMMARY SHEMICA TAYLOR (VICTIM) DISPLAYED DEED OF OWNERSHIP OF ABOVE PROPERTY/CONDOMINIUM TO R/OS. VICTIM BECAME AWARE THAT ABOVE PROPERTY HAS BEEN LISTED FOR SALE AND THAT SHE WAS UNAWARE UNTIL 27AUG20 OF THIS LISTING EFFECTIVE 13APR20. OFFENDER SIGNED THE DEED OVER TO VICTIM IN 2016. VICTIM RECORDED THE DEED 22JUN20. OFFENDER ADMITTED TO BEAT 250 ON SCENE THAT HE LISTED THE PROPERTY. OFFENDER THEREBY LISTED PROPERTY UNDER FALSE PRETENSES. VICTIM WAS SUPPLIED WITH VIN. BEAT 250 WILL CONTINUE INVESTIGATION.
- STAR#: 13164 NAME: STEVEN BUSCH BEAT: 0255

| | Star No | Emp No | Name | User | Date | Unit | Beat |
|---|---|---|---|---|---|---|---|
| Reporting Officer | 13226 | [redacted] | RODRIGUEZ, Jason, A | [redacted] | 30 Aug 2020 17:50 | 002 | 0255 |

| Victim | IUCR | Crime | | Offender |
|---|---|---|---|---|
| TAYLOR | 1130 | Deceptive Practice - Fraud Or Confidence Game | | [redacted] |

## Exhibit G4
Arrest report for Mr. Williams



**CHICAGO POLICE DEPARTMENT**
**ARREST REPORT**
3510 S. Michigan Avenue, Chicago, Illinois 60653
CPD-11.420(REV. 6/03)

**FINAL APPROVAL**

CB #:
IR #: 3448898
YD #:
RD #: JD300080
EVENT #: 2024310220

Name: **WILLIAMS, Robert**
Res: 1718 S State St
Chicago, IL 60616
773-720-1320
Empl: Chicago Police Department
Police Officer - Chicago
DOB: 15 August 1974
AGE: 47 years
POB: Illinois
ARMED WITH Unarmed

Beat: 131

Male
Black
5'07"
155 lbs
Brown Eyes
Black Hair
Braids Hair Style
Dark Complexion

21 DV 71803 01
10-13-2021
B-63

FILED
OCT 08 2021
IRIS Y. MARTINEZ
CLERK OF THE Cook County Court

Arrest Date: 29 September 2021 05:40     TRR Completed? No     Total No Arrested: 1     Co-Arrests     Assoc Cases
Location: 5101 S Wentworth Ave     Beat: 225                                                          DCFS Ward ? No
Chicago, IL 60609
280 - Police Facility / Vehicle Parking Lot     Dependent Children? No
Holding Facility: District 002 Male Lockup
Resisted Arrest? No

1     Offense As Cited  720 ILCS 5.0/12-1-A                    Domestic Related     Victim
ASSAULT - SIMPLE                                              Taylor, Stephen
Class  C - Type  M

**NO NARCOTICS RECOVERED**

**NO WARRANT IDENTIFIED**

Print Generated By: LANE, Frankie ( PC0K846 )

Page 1 of 5

29 SEP 2021 10:22



EXHIBIT
5

**Exhibit G5**

Contact agreement

In the Circuit Court of Cook County
Domestic Violence Division
Stephen Taylor v. Robert Williams
20 OP 07405

Now come the parties, and, in order to settle and resolve all issues in this cause, agree as follows:

1. Robert Williams shall not knowingly have any contact with Stephen Taylor whatsoever, either directly or through a third party.

2. Robert Williams shall not knowingly have any contact with Stephen Taylor, including but not limited to direct contact, telephone calls, emails, texts, any physical abuse or harassment, threats, stalking or interference with personal liberty of Stephen Taylor and/or his family members, agents, assigns, and any and all other persons acting in participation with him.

3. The terms of this agreement shall remain in effect until June 15, 2024. If Robert Williams knowingly violates a material term of this agreement, Stephen Taylor may re-file this cause in the Circuit Court of Cook County. If Stephen Taylor proves a violation of the terms of this Agreement and proves the case pled in this cause, 20 OP 07405, the parties agree Robert Williams will be liable to pay all of Stephen Taylor's reasonable attorney's fees.

4. Nothing in this agreement prohibits or impairs Robert Williams's ability to communicate with the mother of his child in any manner that is related to the reasonable James M. Cushing parenting of the child.

JUN 14 2022

Circuit Court - 2258

5. Each party has reviewed the terms of this Agreement with an attorney of his own choosing and enters into this Agreement of his own free will.

6. In consideration of the promises made herein, the parties agree the above-numbered cause shall be dismissed.

_____
Stephen Taylor

_____
Robert Williams



EXHIBIT

6

# VICTIM INFORMATION NOTICE / CHICAGO POLICE DEPARTMENT

INCIDENT: DECEPTIVE PRACTICE : FRAUD

NAME OF VICTIM/COMPLAINANT: TAYLOR, S.

CASE NAME : PEOPLE OF THE STATE OF ILLINOIS/CITY OF CHICAGO vs.

IUCR CODE: 1130   *THIS IS NOT AN OFFICIAL POLICE REPORT - IT IS FOR INFORMATIONAL PURPOSES ONLY.* R.D. NO. JD 350728

DATE/TIME OF OCCURRENCE: 30 AUG 2020   BEAT OF OCCUR: 0232

An arrest has taken place, the following is your court information; Date: _____ Time: _____ Court Branch: _____ Court Loc: _____

BEAT/UNIT OF ASSIGN: 0755/002

Your case will be on file with the Chicago Police Department under the the above listed R.D. Number. Refer to this number whenever you are communicating with the Chicago Police Department concerning this incident.

Our case will be assigned for follow-up investigation based upon specific facts obtaining during the initial investigation. The presence of sufficient facts can predict whether a comprehensive follow-up investigation would likely result in the arrest and prosecution of the suspect(s), or the recovery of property. A detective will not be reviewed and retained to determine if criminals active in the area can be identified. A detective will not be assigned to your case unless additional information is required in the investigation of your case, please contact the unit marked below.

If you have knowledge of specific facts which might assist in the investigation of your case, please contact the unit marked below.

## TO REPORT ADDITIONAL INFORMATION

| AREA CENTRAL | (312) 747-8384 | PROPERTY CRIMES | (312) 747-8380 | VIOLENT CRIMES |
| AREA SOUTH | (312) 747-8273 | | (312) 747-8271 | |
| AREA NORTH | (312) 744-8263 | | (312) 744-8261 | ARSON SECTION (312) 744-8285 |
| BOMB SECTION | (312) 746-7622 | FINANCIAL CRIMES SECTION | (312) 746-9661 | SPECIAL VICTIMS (312) 747-8385 (312) 747-8274 |

### MISSING PERSONS

If the missing person is **over** 18 years of age, contact the Illinois State Police Clearinghouse for Missing Persons: 1-800-U-HELP-ME, www.isp.state.il.us/CRIME/missing.cfm.

If the missing person is **under** 18 years of age, contact the National Center of Missing and Exploited Children 1-800-THE-LOST, www.missingkids.com, National Runaway Safeline: 1-800-RUNAWAY, www.1800runaway.org

## COPY OF THE REPORT

The above listed R.D. Number may suffice for insurance purposes. However, there may be instances when the nature of the case report would verifies that an incident of injury, loss of damage has been reported to the Chicago Police Department may be obtained. To obtain a copy of the report, you can send a check or money order payable to the Chicago Police Department. Records Division. Customer Service 1) Visit or mail return envelope to: Chicago Police - "CHICAGO" in the amount of $.50 and a self-addressed stamped envelope to the Chicago Police Department, Records Division, Customer Service 1) Visit your request 1) Victim's name and address (or person reporting crime), 2) Type of incident, 3) Address of occurrence, and 4) R.D. Number. You can also visit in person or call (312) 745-5130 between 8:00 a.m. - 3:00 p.m, Monday - Friday (excluding public holidays).

## MAKE THE RIGHT CALL

When persons reported missing are located or have returned contact (312) 747-5789 or (312) 747-2981.

To report a crime in progress or other emergency that requires immediate police response, call 911. To report non-emergency situations, call the Police Department at 311 within City limits, or if outside the City call (312) 746-6000.

## CHICAGO ALTERNATIVE POLICING STRATEGY (CAPS)

THE NEIGHBORHOODS ARE EVERYBODY'S BUSINESS

The police alone cannot solve the problems of crime in our City. It takes an active and informed community working with the police and other City agencies to really make a difference. Join your neighbors and your neighborhood police officers as we work together to reduce crime and improve the quality of life in your City. To find out which beat you live on or how to become come part of the CAPS team in your community. To find out which beat you live on or how to become involved, call 311 or visit online at: http://www.chicagopolice.org.

Next Beat Community Meeting (date/time): _____

(location) _____

## TELECOMMUNICATIONS DEVICE FOR THE DEAF/TELETYPE (TDD/TTY)

Hearing-impaired persons in need of assistance during business hours may contact their local police district or the Special Activities Section at (312) 746 - 5523.

## OBTAINING A WARRANT OR SUMMONS FOR CRIMINAL CHARGES

If an arrest is made, you will be informed of the date, time and location of the court proceedings at which your appearance will be required. If an arrest is not made, you may go in person to the appropriate court listed below to request that criminal proceedings be instituted against the offender, if warranted. Bring this Victim Information Notice and any other relevant information, such as the offender's name, physical description, and home address to the warrant officer assigned to the court between 8:30 am and 11:30 am Monday through Friday (excluding court holidays). The warrant officer will then assist you in the process of obtaining the warrant or summons.

*For incidents relating to domestic violence, a warrant/summons will only be issued from the Domestic Violence Court located at 555 West Harrison Street, on the first floor.

| Police District of Occurrence | Court Branch for Warrant or Summons |
| --- | --- |
| 14,15,16,17, 25 | Branch 23 | 5555 W. Grand Ave. |
| 18,19, 20, 24 | Branch 29 | 5555 W. Grand Ave. |
| 3, 4, 5, 6, 7, 8, 22 | Branch 35 | 727 E. 111th St. |
| 1, 2, 9,10,11,12 | Branch 43 | 3150 W. Flournoy St. |

## AUTOMATED VICTIM NOTIFICATION (AVN)

The County of Cook has a toll free, multilingual, 24-hour Automated Victim Notification System. To obtain information about a defendant's court date or custody status, call 1-877-846-3445. Do not depend only on the AVN for your safety, if you are in danger, take precautions as if the defendant has already been released.

## ILLINOIS CRIME VICTIMS NOTIFICATION

Innocent victims of violent crime may be eligible to receive benefits for Compensation program for such costs as medical, funeral, loss of support, RECOVERY IS PROVIDED FOR PROPERTY LOSS, loss of earnings and SUFFERING. To apply or to determine whether one qualifies for DAMAGE. A claim form can be obtained from the Crime Victims Compensation Program, the victim Illinois, 100 West Randolph Street, 13th Floor, Chicago, Illinois 60601, Office of the Illinois Attorney General's Office. Further information and claim forms TTY: 1-877-398-1130 or email at crimevictimservices@atg.state.il.us.

## RECOVERY OF PROPERTY - STOLEN VEHICLE RECOVERY

The Chicago Police Department must be notified IMMEDIATELY, via when property reported lost or stolen is recovered.

## CREDIT CARDS - CHECKS, LOST OR STOLEN

Immediately notify the concerned credit card issuer or bank by telephone, being liable for the unauthorized use of your lost or stolen credit card, you also inform the credit/card issuer of any in writing can result notification.

**IMPORTANT: RETAIN THIS NOTICE FOR**

EXHIBIT 1

Scanned with CamScanner

**VICTIM INFORMATION NOTICE**

**CHICAGO POLICE DEPARTMENT**

THIS IS NOT AN OFFICIAL POLICE REPORT - IT IS FOR INFORMATION PURPOSES ONLY.

INCIDENT ___ Busch #13164

CASE NAME - PEOPLE OF THE STATE OF ILLINOIS/CITY OF CHICAGO vs. ___

NAME OF VICTIM/COMPLAINANT ___ NON-CRIMINAL-PROPERTY ___ TAYLOR/ALBERTO

R.D. No. JD350547

IUCR CODE 5081

DATE/TIME OF OCCURRENCE 30 AUG 2020

BEAT/UNIT OF ASSIGN. 0255 /002

BEAT OF OCCUR. 0233

Court Branch: ___

Court Date: ___

Time: ___

Court Loc. ___

If an arrest has taken place, the following is your court information: Date:

If you need more help call the Victim/Witness Assistance Program of the Cook County State's Attorney's Office at (773) 674 - 7200.

Your case will be on file with the Victim/Witness Assistance Program of the Cook County State's Attorney's Office at (773) 674 - 7200.

Your case will be assigned for follow-up investigation. The presence of these facts can predict whether a specific set of facts can predict whether follow-up investigation would likely result in the arrest and prosecution of the suspect(s) or the recovery of your property. Your case will routinely contact you unless additional information is required or your further assistance is needed.

**TO REPORT ADDITIONAL INFORMATION**

If you have knowledge of specific facts which might assist in the investigation of your case, please contact the unit marked below:

**PROPERTY CRIMES**

| AREA CENTRAL | ☐ (312) 747-8384 |
| AREA SOUTH | ☐ (312) 747-8273 |
| AREA NORTH | ☐ (312) 744-8263 |
| BOMB SECTION | ☐ (312) 746-7622 |
| FINANCIAL CRIMES SECTION | ☐ |

**VIOLENT CRIMES**

| ☐ (312) 747-8380 |
| ☐ (312) 747-8271 |
| ☐ (312) 744-8281* |
| ARSON SECTION ☐ (312) 746-9661 |

**SPECIAL VICTIMS**

| ☐ (312) 747-8385 |
| ☐ (312) 747-8274 |
| ☐ (312) 744-8286 |
| ☐ (312) 746-7616 |

**MISSING PERSONS**

☐ If the missing person is under 18 years of age, contact the National Center of Missing and Exploited Children. 1-800-THE-LOST. www.isp.state.il.us/CRIME/missing.cfm.

☐ When persons reported missing are located or have returned contact: (312) 747-5789 or (312) 747-2891.

* For incidents relating to domestic violence, a warrant/summons will only be issued from the Domestic Violence Court located at 555 West Harrison Street, on the first floor.

**COPY OF THE REPORT**

The above listed R.D. Number may suffice for insurance purposes. However, there may be instances when a copy of the case report is desired. A copy of the case report which verifies that an incident of injury, loss or damage has been reported to the Chicago Police Department may be obtained. To obtain a copy of the report, you can send a check or money order payable to: Chicago Police Department, Records Division, Customer Service Section, 1st floor, 3510 South Michigan Avenue, Chicago, Illinois 60653. Include the following information with your request: 1) Victim's name and address (or person reporting crime), 2) Type of incident, 3) Address of occurrence, and 4) R. D. Number. You can also visit in person or call (312) 745-5130 between 8:00 a.m. - 3:00 p.m. Monday - Friday (excluding public holidays).

**MAKE THE RIGHT CALL.**

To report a crime in progress or other emergency situations, call 911.

To report non-emergency situations, or if outside the City limits, call (312) 746-6000.

**CHICAGO ALTERNATIVE POLICING STRATEGY (CAPS)**

SAFE NEIGHBORHOODS ARE EVERYBODY'S BUSINESS. It takes an active and informed community working with the police to reduce crime and improve the quality of life in our City. Join your neighbors and your neighborhood police officers as we work together to reduce crime and to become part of the CAPS team in your community. To find out which beat you live on or how to become involved, call 311 or visit online at: http://www.chicagopolice.org.

Beat No. ___

Next Beat Community Meeting (date/time). ___

IMPORTANT: RETURN THIS NOTICE

**TELECOMMUNICATIONS DEVICE FOR THE DEAF**

Hearing-impaired persons in need of assistance during normal police district or the Special Activities section at (312) 745 - 58...

**OBTAINING A WARRANT OR SUMMONS FOR A...**

If an arrest is made, you will be informed of the date, time, ... which your appearance will be required. When you report ... may go in person to the appropriate court listed below ... initiated by way of a warrant or summons. Bring this Vict... information, such as the offender's name, physical descrip... etc.). The court between 8:30 am and 11:30 am Monday th... holidays). The warrant officer will then assist you in the... summons.

**Police District of Occurrence**

☐ 14,15,16,17, 25
☐ 18,19, 20, 24
☐ 3, 4, 5, 6, 7, 8, 22
☐ 1, 2, 9,10,11,12

**Court Branch for Warrant or Summons**

| Branch 23 | 5555 W. Grand Ave |
| Branch 29 | 5655 W. Grand Ave |
| Branch 35 | 727 E. 111th St. |
| Branch 43 | 3150 W. Flournoy St. |

**AUTOMATED VICTIM NOTIFICATION (AVN)**

The County of Cook has a toll free, multilingual, 24-hour Automated Victim Notification System. To obtain information about a defendant's court date or custody status, call 1-877-846-3446. Do not depend only on the AVN for your safety. If you feel that you may be in danger, take precautions as if the defendant has already been released.

**ILLINOIS CRIME VICTIMS NOTIFICATION**

Innocent victims of violent crime may be eligible to receive benefits from the Illinois Crime Victims Compensation program for such costs as medical, funeral, loss of support, and wage loss can be obtained from the Crime Victims Compensation Program, Office of Information and claim forms Illinois, 100 West Randolph Street, 13th Floor, Chicago, Illinois 60601, or by calling 1-800 the Attorney General's TTY: 1-877-398-1130 or email at crimevictimservices@atg.state.il.us.

**RECOVERY OF PROPERTY - STOLEN VEHICLE RECOVERED**

The Chicago Police Department must be notified IMMEDIATELY, when property reported lost or stolen is recovered.

**CREDIT CARDS - CHECKS, LOST OR STOLEN**

immediately notify the concerned credit card issuer or bank being taken. To avoid the unauthorized use of your lost or stolen you are also liable for the unauthorized use of your lost or stolen ... notification. issued or bank in writing after telephoning.


EXHIBIT 8



**EXHIBIT 9** (RENTAL PROPERTY)

 **shemica taylor** <shemicataylor01@yahoo.com>
To: Law Office of Starr Bejgiert Zink & Rowells

 Fri, Sep 11, 2020 at 1:39 PM

Hi Micheal,

Below is the message I would like to send to Mr. Williams to extend the olive branch despite his vindictive actions. I am hoping to resolve this matter civilly instead taking the criminal approach. Please let me know now if this message is okay to send or should I say less??? Your feedback is greatly appreciated.

Hi Robert,

I am hoping we can resolve this issue with my property peacefully and expeditiously. It is to my understanding that you gave access to my unit to people without my consent. The condo association is aware and is upset about this matter and this issue needs to be resolved soon. Seeing as I did not place them in the unit, I am hoping you can have them removed from my unit by the end of the month.

Your cooperation with this matter is appreciated.

> On Sep 10, 2020, at 4:37 PM, Law Office of Starr, Bejgiert, Zink & Rowells <sbzrlaw@gmail.com> wrote:
>
> Shemica,
> Who is the guy gesturing to the camera and tearing it down?
> She is probably sending you that letter because she does not think you received the one that was posted to the door the other day.
> We can't stop her from getting involved in an eviction case for the squatter, but she ultimately would have to produce something showing a lease or other rental arrangement.
> Did you serve the Demand yet?
> Michael

> On Thu, Sep 10, 2020 at 2:47 PM shemica taylor <shemicataylor01@yahoo.com> wrote:
>> Hi Micheal,
>>
>> Attached are the documents that you requested. In addition, I received another letter from Kimberly Toy that I would like for you to review.
>>
>> Best,
>> Shemica Taylor

**Exhibit Q**

Return Date: 12/21/2020
Hearing Date: 12/21/2020 9:30 AM - 9:30 AM
Courtroom Number: 1408
Location: District 1 Court
    Cook County, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

FILED
11/25/2020 1:06 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
20201706383

SHEMICA TAYLOR,
    Plaintiff,

v.

MELISSA ALVERIO AND
ALL UNKNOWN OCCUPANTS,
SEE ATTACHED SERVICE LIST
    Defendant(s).

Case No.: 2020 M1 706383

Trial date: December 21, 2020

11273138

Rent claimed: POSSESSION ONLY

Courtroom: 1408

**ALIAS EVICTION SUMMONS FOR TRIAL**
**BEFORE YOU GO TO COURT, YOU MUST PAY YOUR APPEARANCE FEE**

The Plaintiff(s), named above, has/have filed a complaint in this Court to have you evicted. A true and correct copy of the complaint is attached.

**YOU ARE HEREBY SUMMONED** to Court and you must appear for TRIAL on <u>December 21, 2020,</u> at <u>9:30 a.m., in the courtroom appearing at the top of this form at the Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois 60602,</u> at which time and place a TRIAL will be held on the complaint. You are required to pay an appearance fee on or before the date of trial.

To file your appearance you need to access the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**IF YOU DO NOT FILE AN APPEARANCE or APPEAR FOR TRIAL, AN EVICTION ORDER** may be entered against you for the relief requested in the complaint. If an Eviction Order is entered against you, the SHERIFF MAY EVICT YOU and, if requested in the Complaint, a money judgment may also be entered against you.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

**INSTRUCTIONS TO THE SHERIFF**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than seven (7) days before the trial date. If service cannot be made, this Summons shall be returned so endorsed.

11/25/2020 1:06 PM DOROTHY BROWN

STARR, BEJGIERT, ZINK, & ROWELLS
134 N. LaSalle Street, Suite 2000
Chicago, IL 60602
312-346-9420
Email: sbzrefiling@gmail.com
Atty No.: 51996

WITNESS _____, 20___

Clerk of the Court

DATE OF SERVICE _____, 20___
(To be inserted by officer on copy left with Defendant(s) or other person)

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois cookcountyclerkofcourt.org



EXHIBIT
10

12/28/22, 4:24 PM                                    Mail - Downing, Olivia - Outlook

10:16                                                                        .ıl 🤖 🔋

‹                            June 20                              Edit      ⋯
                              4:18 PM

In the Circuit Court of Cook County
Domestic Violence Division
Stephen Taylor v. Robert Williams
20 OP 07405

        Now come the parties, and, in order to settle and resolve all issues in this cause, agree as
follows:

        1.      Robert Williams shall not knowingly have any contact with Stephen Taylor
whatsoever, either directly or through a third party.

        2.      Robert Williams shall not knowingly have any contact with Stephen Taylor,
including but not limited to direct contact, telephone calls, emails, texts, any physical abuse or
harassment, threats, stalking or interference with personal liberty of Stephen Taylor and/or his
family members, agents, assigns, and any and all other persons acting in participation with him.

        3.      The terms of this agreement shall remain in effect until June 15, 2024. If Robert
Williams knowingly violates a material term of this agreement, Stephen Taylor may re-file this
cause in the Circuit Court of Cook County. If Stephen Taylor proves a violation of the terms of
this Agreement and proves the case pled in this cause, 20 OP 07405, the parties agree Robert
Williams will be liable to pay all of Stephen Taylor's reasonable attorney's fees.

        4.      Nothing in this agreement prohibits or impairs Robert Williams's ability to    Judge Thomas M. Cushing
communicate with the mother of his child in any manner that is related to the reasonable
parenting of the child.                                                              JUN 14 2022

        5.      Each party has reviewed the terms of this Agreement with an attorney of his    Circuit Court - 2258
choosing and enters into this Agreement of his own free will.

        6.      In consideration of the promises made herein, the parties agree the above-
numbered cause shall be dismissed.

                                                                         ┌──────────────────┐
                                                                         │ »» EXHIBIT «« │
                                                                         │                  │
_____                    _____      │       11         │
Stephen Taylor                             Robert Williams              │ »»          «« │
                                                                         └──────────────────┘



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE MATTER OF:        )
                              )
ROBERT F. WILLIAMS, II,      )
      Petitioner,          )
                              )    Case No. 2020 D ~~794452~~ 79452
AND                        )
                              )
SHEMICA D. TAYLOR      )
      Respondent.       )

## ORDER

This case, coming before the Court for status upon the entry of new counsel for Respondent mid-trial, all current counsel and the parties appearing, the Court, being fully advised, **HEREBY FINDS:**

a. The case came before the Court for trial on June 21, 2021. Both parties testified under oath at that time.

b. Counsel and the Court met thereafter to discuss how the trial would move forward. Counsel for Respondent suggested that the parties' additional witnesses testify via affidavit, rather than in person. This was agreed by counsel for both parties.

c. The Court then gave counsel time to speak with their clients to determine whether or not the parties agreed to a modified hearing process – affidavits in lieu of testimony from the parties 'witnesses, followed by proposed draft allocation orders, presented first by the child representative two weeks after presentation of the affidavits, followed by the parties two weeks later. After speaking privately with their clients, counsel for both parties shared that the parties agreed to the modified process, whereupon the following day's hearing time was stricken and the Court ordered that the affidavits be presented by Friday, June 25, 2021.

**EXHIBIT**

1

d. The case was set for status regarding completion of the affidavits and setting dates for presentation of proposed orders.

The court, in light of the change of counsel, **HEREBY ORDERS**:

1. The case is set for additional pre-trial via Zoom on July 28, 2021 at 11:00 a.m.

2. This Order shall be disseminated as follows: for Petitioner, Masah Samforay at msamforay@theforayfirm.com; for Respondent, James Quigley at JMQuigley@beermannlaw.com and Jordan Rosenberg at jrosenberg@beermannlaw.com; and Child Representative, Stacey Platt at splatt@luc.edu

ENTERED:

/s/ David E. Haracz #1878
JUDGE

Associate Judge
David E. Haracz

JUL 6 2021

Circuit Court - 1878

Stacey Platt
Child Representative
Loyola ChildLaw Clinic
25 East Pearson Street
Chicago, Illinois 60611
(312) 915-7931
Atty No. 34000

2

STATE OF ILLINOIS)

COUNTY OF COOK)

Attorney No. 44214

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

**2020 D 794452**

| | | |
|---|---|---|
| IN RE THE PARENTAGE OF: | ) | |
| ROBERT F WILLIAMS, II, | ) | |
| Petitioner, | ) | |
| v. | ) | 20 D 794452 |
| SHEMICA D. TAYLOR, | ) | Cal. 61 |
| Respondent. | ) | |

**ENTERED**
**January 27, 2021**
Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK

## ORDER SUBMITTED BY ELECTRONIC MEANS

THIS MATTER COMING ON for Status, Petitioner present with counsel and Respondent's counsel present, the Child Representative also having appeared and the Court being fully advised in the premises,

IT IS HEREBY ORDERED THAT:

1. Petitioner is granted 21 days to respond to Respondent's Petition for Allocation of Parental Responsibilities, Child Support, Contribution to Expenses and for other relief, and to Respondent's Petition for TRO;

2. The parties shall exchange Financial Affidavits and supporting documents as required by Circuit Court Rule 13.3.1 and 13.3.2 within 28 days;

3. The parties shall not discuss this litigation with, nor disparage the other party directly or to others in the presence of the minor child of the parties;

4. This matter is continued to <u>March 24, 2021</u> at <u>10:30 am</u> for Pre-Trial. (through electronic means Zoom ID: 856 1034 8684)

msamforay@theforayfirm.com

splatt@luc.edu, tgelderman@luc.edu

ENTER:

Attorney No. 44214
Ashonta C. Rice
Attorney for Respondent S, Taylor
15255 S. 94 th Avenue, 5 th Floor
Orland Park, IL 60462
(708) 444-4922
ricelegalservices@yahoo.com

/s/ David C. Haracz #1878

Judge                    Judge's No.

Associate Judge
David E. Haracz

Jan 27 2021

...uit Court - 1878

EXHIBIT
13

FILED
6/19/2020 1:28 PM

| 0900 - Appearance Filed - Fee Paid | 1900 - Appearance and Jury Demand - Fee Paid | |
|---|---|---|
| 0904 - Appearance Filed - Fee Waived | 1904 - Appearance and Jury Demand - Fee Waived | |
| 0909 - Appearance Filed - No Fee Paid | 1909 - Appearance and Jury Demand - No Fee Paid | (04/04/16) CCDR N004 |

DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020D079452

9533645

FILED DATE: 6/19/2020 1:28 PM   2020D079452

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: ☐ Marriage ☐ Civil Union ☐ Legal Separation ☑ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent) ☐ Support ☐ Order of Protection

ROBERT F. WILLIAMS, II
_____
                              Petitioner

and

SHEMICA D. TAYLOR
_____
                              Respondent

Case No.  2020 D 79452

Cal. _____

### ☑ APPEARANCE   ☐ JURY DEMAND

I. ☑ BY COUNSEL

I HEREBY ENTER THE APPEARANCE

OF  Shemica D. Taylor
_____
        (Insert party's name)

AND MY OWN AS

☑ INITIAL COUNSEL OF RECORD
☐ ADDITIONAL or TRIAL COUNSEL-(Petitioner)
☐ ADDITIONAL or TRIAL COUNSEL-(Respondent)

☐ SUBSTITUTE COUNSEL-(Petitioner)
☐ SUBSTITUTE COUNSEL-(Respondent)

IN THE ABOVE MATTER

☐ CHILD'S REPRESENTATIVE
☐ GUARDIAN AD LITEM
☐ ATTORNEY FOR CHILD(REN)

☐ OTHER: _____
                         (Specify)

/s/ Ashonta C. Rice
_____
                    Attorney's Signature

II. ☐ PRO SE
I, _____, HEREBY ENTER MY APPEARANCE IN THE ABOVE MATTER.

_____
                    Respondent's Signature

III. A copy of this document must be served on all parties not been found by the Court to be in default either by personal service or by U. S. Mail, properly addressed, with first class postage prepaid. Service by mail is complete four (4) days after mailing.

By: /s/ Ashonta C. Rice
_____

☑ Atty. No.: 44214                ☐ Pro se 99500

Name: Ashonta C. Rice

Atty. for: Respondent

Address: 15255 S. 94th Ave., 5th Floor

City/State/Zip Code: Orland Park, IL 60462

Telephone: 708-444-4922

Primary Email: ricelegalservices@yahoo.com

Secondary Email: _____

Tertiary Email: _____

Pro se Only: ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's Office for this case at this Email address:

EXHIBIT
14

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

24/23, 8:52 PM

Yahoo Mail - Re: Stephen taylor



----- Forwarded Message -----
**From:** shemica taylor <shemicataylor01@yahoo.com>
**To:** Ashonta Rice <ricelegalservices@yahoo.com>
**Sent:** Tuesday, September 8, 2020, 10:29:25 AM CDT
**Subject:** visitation

I know we spoke after court regarding Malia's visitation arrangements. However, I am not satisfied with Judge Haracz's decision. I was willing to try to work with Mr. Williams if he appeared rationale, but in court, he still exhibited deceptive and manipulating behavior. Due to me not having your contact info, I could not reach out to you during the zoom court hearing. Instead, I attempted to inbox you on zoom to inform you to disclose the altercation that happened on 8/30/2020.

I want to emphasize that I do not feel comfortable with Mr. Williams keeping Malia unsupervised due to hostility he has shown towards me and my family. Mr. Williams has vindictively and fraudulently listed my property for sale and has used his status as a Chicago Police Officer to intimidate me. He is causing me great mental and emotional distress, and I fear for my safety. I am requesting that an emergency motion be file to have the Judge Haracz review the video of what transpired between Mr. Williams and myself on 8/30/2020 or you can just elaborate on the incident next court hearing. Furthermore, Mr. Williams has made false accusations against my father, and his associates have threatened my life. I did file a police report for verbal assault against his associate regarding this incident.

Please forward this email to the assigned GAL (Stacey Platt). Attached you will find the video and police reports that support my claims listed above. I plead with you to take my concerns seriously and take the appropriate legal actions. Your prompt response to the matter is greatly appreciated.

Sincerely,
Shemica Taylor

<Fraud report.pdf><New Recording.m4a><Assault.pdf>

2/3

## Exhibit G6
*Email sent to Ashonta regarding incident that occurred in August of 2020*

 **shemica taylor** <shemicataylor01@yahoo.com>
To: Ashonta Rice

Mon, Aug 31, 2020 at 6:24 AM ☆

Hi Ms Rice,

I need to speak with you prior to court to inform you of what transpired yesterday. I have police reports that need to be given to you. I no longer feel safe with Robert seeing Malia unsupervised. This is urgent, please call me before court

Sent from my iPhone

˅  Hide original message

On Aug 31, 2020, at 12:02 AM, Ashonta Rice <ricelegalservices@yahoo.com> wrote:

Hi  Shemica-

I'm just seeing your message from earlier. I'll call you in the morning after court so please look for my call at about 10:30.

PLEASE NOTE NEW ADDRESS:
Ashonta C. Rice
Akiwowo Law Group, PC
15255 S. 94th Ave, 5th Floor
Orland Park, IL 60462
(708) 444-4922

CONFIDENTIALITY: This e-mail message, including any attachments, is intended



5/24/23, 8:17 PM — Yahoo Mail - No Subject

## (No Subject)

From: shemica taylor (shemicataylor01@yahoo.com)

To: ricelegalservices@yahoo.com

Date: Monday, June 21, 2021 at 06:46 AM CDT

----- Forwarded Message -----
**From:** shemica taylor <shemicataylor01@yahoo.com>
**To:** Meca Taylor <shemicataylor01@yahoo.com>
**Sent:** Thursday, February 25, 2021, 01:28:05 PM CST
**Subject:**

Hi Ms Rice,

I would like to bring to your attention the inappropriate conversations Mr. Williams is having with Malia. I have mentioned to Teddy numerous times that I am concerned with the seeds of discord that Mr. Williams is planting in Malia's head and I feel as though nothing is being done about his behavior. Due to what is reported to me from Malia, it is apparent that Mr. Williams is in violation with the court order as he is exhibiting parent alienation. I am requesting that we file an emergency motion to reduce Mr. williams parenting time or implement supervised visits. Your feedback is much welcome. Attached you will find the recordings of the Incident.

Sent from my iPhone

| 🎵 | New Recording 68 (1).m4a<br>747.9kB |

| 🎵 | New Recording 76.m4a<br>149.6kB |

| 🎵 | New Recording 74.m4a<br>701.9kB |

| 🎵 | New Recording 73.m4a<br>1.1MB |



## Talking parent messages

From: shemica taylor (shemicataylor01@yahoo.com)

To: ricelegalservices@yahoo.com

Date: Monday, June 21, 2021 at 07:14 AM CDT

After the incident that involves Malia not being dressed in appropriate school attire. Mr. Williams makes it clear that he will not provide clothing for school if necessary.

Sent from my iPhone

 IMG_6746.PNG
336.1kB

 IMG_6747.PNG
329.3kB



## Reminder

From: shemica taylor (shemicataylor01@yahoo.com)

To: ricelegalservices@yahoo.com

Date: Monday, August 31, 2020 at 11:52 AM CDT

Hi Ms. Rice,

Just a friendly reminder to give Mr. Williams the minimum days as possible for visitation. In addition, try to see if we can work something out where Malia is only left in his care. I no longer feel comfortable with his family keeping her. I know this may be a stretch but see what you can do.

Also, lets file a motion for child support and request for him to release his financial statements.

Best,
Shemica



EXHIBIT

(5d)

**EXHIBIT R (please review actual email)**

 **shemica taylor** <shemicataylor91@yahoo.com>
To: Ashonta Rice
Cc: Theodore Gelderman

Sun, Oct 18, 2020 at 3:30 PM 

Hi Ms. Rice,

I would like to update you on the confrontation that occurred on 10/2/2020. There was a discrepancy with the September calendar that was sent out. The last week of September 28th-30th was my days for parenting time. However, the calendar that was drafted, stated it was dad's days for parenting. In short, our parenting days were switched that last week of September. I did bring this error to Teddy's and your attention but I just followed the schedule that was drafted to avoid conflict, thinking that Mr. Williams would have done the same.

I informed Mr. Williams that 28th-30th wasn't his parenting days but he kept Malia anyways and my calendar showed that 10/2/2020 was my scheduled day. However, according to the actual court order, 10/2/2020 would have been Mr. Williams's parenting day. I then highlighted that there was a discrepancy with the calendars that were sent to us both. I asked Mr. Williams if we could compromise and split the weekend due to this discrepancy. Mr. Williams refused to compromise and began to verbally attack me with criticism and accusations.

I informed Mr. Williams that I'll contact my attorney for clarification and guidance with this matter and that I'm going to leave the school premises but ensured Mr. Williams that I would bring Malia back if it's his parenting day. Mr. Williams then reversed his vehicle and blocked me from moving my vehicle from my parking space. His actions were very aggressively unwarranted and pose a safety issue for Malia and myself.

To make matters worst, Mr. Williams then proceeded to call his mother and the police to the school premises to address this matter. Mr. Williams continued to display verbal aggression towards me so much so, that I believe Mr. Williams's aggression frighten Malia. Malia stated, " I don't want



----- Forwarded Message -----
**From:** Ashonta Rice <ricelegalservices@yahoo.com>
**To:** shemica taylor <shemicataylor01@yahoo.com>
**Sent:** Saturday, March 6, 2021, 09:45:38 AM CST
**Subject:** Re: parent alienation

Hi Shemica-

Teddy and I had a conference but we had to reschedule to Monday. After he and I speak I'll be calling you.

Overall- You really need to determine if you'd like me to file the motion for the custody evaluation. I would expect the GAL to support our motion and I'll know that on Monday. You can expect your portion of the forensic retainer will be half so about $2500-3500.

Let me know your thoughts.

PLEASE NOTE NEW ADDRESS:
Ashonta C. Rice
Akiwowo Law Group, PC
15255 S. 94th Ave, 5th Floor
Orland Park, IL 60462
(708) 444-4922


EXHIBIT
16

CONFIDENTIALITY: This e-mail message, including any attachments, is intended only for use by the person(s) to whom it is addressed and may contain information that is legally privileged, confidential or otherwise exempt from disclosure under applicable law. If you are not the intended recipient of this e-mail message or

about:blank

1/3

5/24/23, 9:33 PM                     Yahoo Mail - IRPO: William v. Taylor - Petitioner's Financial Info

## IRPO: William v. Taylor - Petitioner's Financial Info

From:   Summer X. Du (sxdu@levinglaw.com)

To:     ricelegalservices@yahoo.com

Cc:     JHagler@levinglaw.com

Date:   Wednesday, April 6, 2022 at 04:01 PM CDT

Dear Ms. Rice,

According to the attached certificate of service, Mr. Williams' counsel sent his 2018, 2019 tax returns, paystubs, bank statements, and his financial affidavit dated 1/28/21 on April 21, 2021 to you and the child's rep.  Would you please forward us the documents you received on April 21, 2021 at your earliest convenience?

Thank you!

Sincerely,

Summer Du



 **JEFFERY M. LEVING** LTD

**Summer X. Du**

Attorney

19 South LaSalle Street, Suite 1500

Chicago, IL 60603 | PH:  (312) 407-6865 | Fax: 312-807-4782

sxdu@levinglaw.com

www.dadsrights.com | www.jmlevinglawltd.com

Please Note: This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message.  If you have received this message in error, please advise the sender by reply email and delete the message. Thank you for your assistance.

Federal Tax Notice: In accordance with The Department of the Treasury Circular 230, please be advised that any statements contained herein (including any attachments hereto) are not intended to be used, and may not be used by you or any other person, for the purpose of avoiding penalties that may be imposed under federal tax law.



Ashonta C. Rice
15255 S. 94th Ave., 5th Floor
Orland Park, IL 60462

July 30, 2023

Attorney Registration and Disciplinary Commission
Attn: Michael Rusch
One Prudential Plaza
130 E. Randolph Drive, Suite 1500
Chicago, IL 60601

Re:     Ashonta Cherron Rice in relation to Shemica Taylor
        2023IN02077

Dear Mr. Rusch,

I have received your letter of June 28, 2023 and submit the following as further information in regards to this investigation.

Ms. Taylor retained me on or about June 18, 2021 to represent her on a Parentage matter.

Attached hereto is the full invoice for services rendered in the representation of Ms. Taylor through my receipt of the Substitution of Attorneys from her subsequent counsel. You will see therein full detail of the extensive work done on behalf of Ms. Taylor for which her invoice remains unpaid.

As it relates to Ms. Taylor's specific allegations of "mock trial", I represented Ms. Taylor through the Pre-Trial stages of litigation only and did not represent her on the financial issues that were addressed later through her subsequent counsel.

I thank you for your time in investigation of this matter. Please contact me should you require any additional information for this inquiry.

Sincerely,


/s/ Ashonta C. Rice



5/24/23, 8:42 PM                                     Yahoo Mail - phone call today

phone call today

From:  Ashonta Rice (ricelegalservices@yahoo.com)

To:     shemicataylor01@yahoo.com

Date:  Tuesday, June 15, 2021 at 10:56 AM CDT

The Judge knows that there is a real inability to co-parent which is why we had to set this for trial.

We are beyond the time for the addition of witnesses to either of your witness lists so he cannot add anyone and you also cannot add anyone however, when you explain the event and he gives his rebuttal the Judge will know it happened because if it didn't he wouldn't have a rebuttal.

What to expect- before every trial, the Judge will have a pretrial conference with the attorneys and then with the parties and the attorneys.
1. He will allow both of you to speak (we can have talking points ready for you) and he may ask direct questions to both of you during this time. (Please remember that no matter what Robert says you cannot argue the alternative with him- you only speak when the Judge gives you the floor)
2. He will either create a breakout room, or excuse you and Robert from the Zoom room to talk to the attorneys only about what he heard and thinks. At that time, we will be able to correct any misinformation he has from each of you and also explain our positions.
3. He'll make a recommendation to the attorneys and then send us back to talk to you and Robert separately about the recommendations.
4. If you are not agreed at that time, (depending on what time it is), he'll either start the testimony or continue us to the next day for testimony.

In the meantime- we may get another parenting time proposal from Stacey. She is still adamant about each of you doing approx. 50/50 parenting on the current schedule.

I am advocating for you to have Sole decision-making, Robert has shown that he intends to alienate you from Malia as best as he can and refuses to effectively communicate and behave in her best interest so there is no room for joint-decision making.

I am also advocating for you to have the majority of the parenting time for all of the same reasons. Obviously this 50/50 arrangement is causing Malia anxiety and she is the focus of this case.

Send me your thoughts to all of this and an outline of what you'd like your talking points to be. I can go through it so it will be clean for the Judge when you speak to him.

Ashonta C. Rice

Akiwowo Law Group, PC

15255 S. 94th Ave., 5th Floor

Orland Park, IL 60462



**Exhibit R**



9:00

Cancel          **Fwd: Follow up**

**From:** shemica taylor
<shemicataylor01@yahoo.com>
**Date:** June 22, 2021 at 4:54:08 PM CDT
**To:** Ashonta Rice
<ricelegalservices@yahoo.com>
**Subject: Follow up**

Hi Ashonta,

We spoke briefly about what is the next step to
proceed with the trail. When I asked you if that
was the pre-trail or actual trail, you stated were in
the middle? I honestly thought the trial was
going to be cancelled because no leg work was
done to support my case.
Gavin called my witness the last min and Teddy
was given witness list april 30th with the correct
number listed. We did not go over any talking
points. Yesterday was a total disaster!!!! I was
never debrief, other than you telling me mot to
rant!!
I believe we need more time to prepare, is there
any way you can request more time and will there
be more trail dates ? Is Monday the last day ?

The written statement are not enough in my
opinion, we also need another course of action.

Sent from my iPhone



**Exhibit R1**

## Begin forwarded message:

**From:** shemica taylor
<shemicataylor01@yahoo.com>
**Date:** June 21, 2021 at 6:42:11 AM CDT
**To:** Ashonta Rice
<ricelegalservices@yahoo.com>
**Subject: court**

Hi Ashonta,

I just wanted to confirm the trail time? I wanted to make sure I
had the correct zoom code and time for trail. In addition, no one
contacted my sister as she is a witness.



5/24/23, 8:22 PM                                      Yahoo Mail - Re: Legal Services

Telephone: 847- 681-9600
Facsimile:  847-681-0909

*https://jamesmquigley.com/*

   *https://twitter.com/QuigleyDivorce*
   *https://www.facebook.com/James-M-Quigley-Beermann-Law-433602113487246/*
*https://soundcloud.com/user-735450212*
*https://www.youtube.com/watch?v=GKhlW8xd1vQ*

*www.beermannlaw.com*

On Jun 24, 2021, at 7:37 AM, shemica taylor <shemicataylor01@yahoo.com> wrote:

**EXTERNAL EMAIL** - This message originates from outside our Firm. Please consider carefully before
responding or clicking links/attachments.

Hi Melissa & James,

Attached is the updated client intake form, along with a screenshot of my payment.

James, should I reach out to Ashonta Rice to let her know she no longer represents me, or will you handle such
matters? In addition, we will need to request for a continuance or whatever legal action you think is best to obtain
some time to get caught up on my case.  I hope the judge will see how Ashonta mishandled my case and poorly
represented me.

On Wednesday, June 23, 2021, 04:01:28 PM CDT, Melissa Cruz <mcruz@beermannlaw.com> wrote:

Good afternoon,

Per your conversation with Mr. Quigley, attached please find our confidential Client Intake and
Engagement Agreement for your review.  If you choose to retain our office, once you have had an
opportunity to complete the Client Intake, as well as review the Engagement Agreement and sign same,
please return same by sending to this email.

Should you wish to pay your retainer by credit card, please note you may do so by visiting our website
at: www.beermannlaw.com and clicking on the "Client Portal" tab.  Of course, should you have any
questions, please do not hesitate to contact our office.

Thank you,

Melissa



**N. Melissa Cruz** | Legal Assistant to James M. Quigley            <image001.png>
161 N Clark St., Suite 3000 | Chicago, IL 60601

about:blank



2016-12296

SUPREME COURT OF THE STATE OF NEW YORK Appellate Division, Second Judicial Department

# Lee v. Rogers

177 A.D.3d 965 (N.Y. App. Div. 2019) · 115 N.Y.S.3d 347 · 2019 N.Y. Slip Op. 8559

Decided Nov 27, 2019

2016–12296 2016–12298 2016–12299 2016–12300 Index No. 4389/12

11-27-2019

Sylvia E. LEE, Appellant, v. John ROGERS, Defendant; John A. Pappalardo, Nonparty-Respondent. (Appeal Nos. 1, 3, and 4) Sylvia E. Lee, Appellant, v. John Rogers, Respondent. (Appeal No. 2)

Harold R. Burke, West Harrison, NY, for appellant. John A. Pappalardo, White Plains, N.Y. (Olivia T. Marotta of counsel), attorney for the children, nonparty-respondent pro se.

348 *348

Harold R. Burke, West Harrison, NY, for appellant.

John A. Pappalardo, White Plains, N.Y. (Olivia T. Marotta of counsel), attorney for the children, nonparty-respondent pro se.

RUTH C. BALKIN, J.P., CHERYL E. CHAMBERS, JOHN M. LEVENTHAL, HECTOR D. LASALLE, JJ.

965 DECISION & ORDER*965 In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Susan M. Capeci, J.), entered August 1, 2016, (2) an order of the same court, also entered August 1, 2016, (3) an order of the same court entered October 18, 2016, and (4) a decision of the same court, also entered October 18, 2016. The first order entered August 1, 2016,

directed a hearing to determine the reasonableness of the fees charged by the attorney for the children. The second order entered August 1, 2016, denied the plaintiff's motion to modify the parties' apportionment of responsibility for the fees for the attorney for the children. The order entered October 18, 2016, upon the decision, also entered October 18, 2016, awarded the attorney for the children compensation in the total sum of $34,624.65, payable in equal shares by the parties.

966 *966 ORDERED that the appeal from the first order entered August 1, 2016, is dismissed, as no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (*see York v. York,* 172 A.D.3d 1283, 98 N.Y.S.3d 912 ; *Serraro v. Staropoli,* 94 A.D.3d 1083, 1084, 943 N.Y.S.2d 201 ), and we decline to grant leave to appeal; and it is further,

ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v. J.A. Green Constr. Corp.,* 100 A.D.2d 509, 472 N.Y.S.2d 718 ); and it is further,

ORDERED that the second order entered August 1, 2016, is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for an evidentiary hearing on the parties' respective finances, and a new determination thereafter of the plaintiff's motion to modify the parties' apportionment of responsibility for the fees for the attorney for the children; and it is further,

ORDERED that the order entered October 18, 2016, is modified, on the law, by deleting the provision thereof allocating the payment of the

fees for the attorney for the children in equal shares; as so modified, the order is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the attorney for the children payable by the appellant, and one bill of costs is awarded to the appellant payable by the respondent.

In this action for a divorce and ancillary relief, the Supreme Court awarded sole legal and physical custody of the parties' minor children to the defendant, without a hearing, under the adequate relevant information standard. This Court affirmed the order (see *S.L. v. J.R.,* 126 A.D.3d 682, 5 N.Y.S.2d 226 ), and the plaintiff appealed to the Court of Appeals. The attorney for the children (hereinafter the AFC) opposed the plaintiff's appeal, but proposed a new standard for the need 349 for evidentiary *349 hearings in custody cases. The Court of Appeals reversed this Court's order, rejecting the adequate relevant information standard, and determined that an evidentiary hearing was required in this particular case (see *S.L. v. J.R.,* 27 N.Y.3d 558, 36 N.Y.S.3d 411, 56 N.E.3d 193 ).

Thereafter, the AFC moved, in effect, for an award of attorney's fees. The plaintiff opposed the AFC's motion and moved to modify the parties' apportionment of responsibility for the fees for the AFC. In two orders entered August 1, 2016, the Supreme Court denied the plaintiff's motion for modification, and directed an evidentiary hearing on the reasonableness of the AFC's fees. Following the hearing, the court entered a decision on October 18, 2016, finding that the fees were reasonable, and entered an order on the same date awarding the AFC compensation in the total sum 967 of $34,624.65, payable in *967 equal shares by the parties. The plaintiff appeals from the two orders entered August 1, 2016, and the order entered October 18, 2016, as well as the decision.

Contrary to the plaintiff's contention, the difference in opinion between this Court (see *Matter of Plovnick v. Klinger,* 10 A.D.3d 84, 781

N.Y.S.2d 360 ) and the Appellate Division, Third Judicial Department (see *Redder v. Redder,* 17 A.D.3d 10, 792 N.Y.S.2d 201 ), as to whether attorneys for children may be compensated directly by the children's parents, rather than by the State, does not give rise to a constitutional claim under the equal protection clauses of the state and federal constitutions. The equal protection clause "does not assure uniformity of judicial decisions or immunity from judicial error. Were it otherwise, every alleged misapplication of state law would constitute a federal constitutional question" ( *Beck v. Washington,* 369 U.S. 541, 554, 555, 82 S.Ct. 955, 8 L.Ed.2d 98 [internal quotation marks omitted] ). Rather, a disagreement among the Judicial Departments on the interpretation of a statute is a matter which is for either the Court of Appeals or the Legislature to resolve; "it does not violate the equal protection rights of the person subjected to the more burdensome interpretation" ( *Hawkins v. Agricultural Marketing Service, Dept. of Agriculture, U.S.,* 10 F.3d 1125, 1131–1132 [5th Cir.] [internal quotation marks omitted] ). Therefore, the plaintiff's equal protection challenge lacks merit.

Moreover, and contrary to the plaintiff's contention, it was appropriate for the AFC to make reasonable use of associates and support staff to conduct legal research and other work, under the AFC's direct supervision, in connection with the appeal of the prior custody determination before this Court and the Court of Appeals (see 22 NYCRR 36.4 [c][5] ). Accordingly, we agree with the Supreme Court's hearing determination finding that the fees requested by the AFC were reasonable.

However, the plaintiff's motion to modify the parties' apportionment of responsibility for the AFC's fees should not have been decided without an evidentiary hearing. We take no position on whether the equal split between the parties was appropriate, but because the affidavits submitted by the parties provided sharply conflicting reports

on the parties' finances (*see Anjam v. Anjam,* 191 A.D.2d 531, 532, 594 N.Y.S.2d 822 ) and there was "no evidence in the record that the financial circumstances of the parties [had] ever been considered" ( *Cervera v. Bressler,* 50 A.D.3d 837, 841, 855 N.Y.S.2d 658 ), an evidentiary hearing should have been conducted before the motion was decided. Accordingly, we reverse the second order entered August 1, 2016, which denied the 350 plaintiff's motion to modify the parties' *350 968 apportionment of *968 responsibility for the AFC's fees, and remit the matter to the Supreme Court,

Westchester County, for an evidentiary hearing on the parties' respective finances, and a new determination thereafter of the plaintiff's motion.

BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.

casetext
Part of Thomson Reuters

6



4217 - Continued - Allowed
4208 - Appoint Guardian Ad Litem - Allowed

(Rev. 11/25/15) CCDR N008 A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

IN RE: ☐ Marriage ☐ Civil Union ☐ Legal Separation ☑ Allocation of Parental Responsibilities
☐ Visitation (Non-Parent) ☐ Support ☐ Parentage of:

ROBERT F. WILLIAMS, II

and

SHEMICA D. TAYLOR

Petitioner

Respondent

No.: 20 D 79452

Calendar 61

☑ Prejudgment
☐ Post Judgment - Enforcement
☐ Post Judgment - Modification
☐ Other

**ORDER APPOINTING CHILD'S REPRESENTATIVE, GUARDIAN AD LITEM OR ATTORNEY FOR MINOR CHILD(REN)**

On motion of **the Court** _____ and pursuant to 750 ILCS 5/506 and the inherent power of the Court, the Court being fully advised in the premises FINDS THAT:

A. There are issues within the family affecting the minor child(ren):

| Child(ren)'s Name(s) | Date of Birth | Resides with | Child(ren)'s Name(s) | Date of Birth | Resides with |
|---|---|---|---|---|---|
| Malia G. Williams | 09/27/2005 | Mother | | | |

B. It is in the best interest of the child(ren) to have a legal representative appointed to protect and preserve their interest.

Associate Judge
David E. Haracz

**IT IS HEREBY ORDERED THAT:**

1. Name: **Stacey Platt**

   SEP 0 8 2020

   Address: Loyola University Chicago School of Law 25 East Pearson Street Chicago, IL 60611

   Circuit Court-1878

   Telephone: (312) 915-7931 _____ Facsimile: _____

   Email: splatt@luc.edu

   is appointed ☑ CHILD'S REPRESENTATIVE ☐ GUARDIAN AD LITEM ☐ ATTORNEY FOR THE MINOR CHILD(REN)

   Issues: Allocation of decisions and parenting time

2. During the proceedings the court may appoint an additional attorney to serve in another of the enumerated capacities on its own motion or that of a party only for good cause shown and when the reasons for the additional appointment are set forth in specific findings.

3. Within seven (7) days of the entry of this order, attorney for ☑ Petitioner ☐ Respondent ☐ other _____ shall send the child's representative, guardian ad litem, or the attorney for the minor child(ren) copies of this order, and all notices, pleadings, orders and reports relative to this cause.

4. The child's representative, guardian ad litem, or the attorney for the minor child(ren) shall be kept fully informed by counsel for all parties as to the status of this cause and shall have the full assistance of counsel in obtaining any waivers (e.g. for school or medical records, etc.) appropriate to the representation of the minor child(ren).

5. ☑ An appearance shall be filed on behalf of the minor child(ren) within seven (7) days of receipt of this order and any appropriate pleadings within twenty-eight (28) days from the date of this order.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 2

5/24/23, 8:05 PM                                    Yahoo Mail - Fw: Malia Williams

## Fw: Malia Williams

From:   Ashonta Rice (ricelegalservices@yahoo.com)

To:     shemicataylor01@yahoo.com

Date:   Monday, January 25, 2021 at 02:31 PM CST



Please see below before we speak.

If you look toward the bottom, the emails from Robert to his attorney and her response to him before reaching you to the GAL have been included -so we know a bit more information about their game plan than they probably think we should.

PLEASE NOTE NEW ADDRESS:
Ashonta C. Rice
Akiwowo Law Group, PC
15255 S. 94th Ave, 5th Floor
Orland Park, IL 60462
(708) 444-4922

CONFIDENTIALITY: This e-mail message, including any attachments, is intended only for use by the person(s) to whom it is addressed and may contain information that is legally privileged, confidential or otherwise exempt from disclosure under applicable law. If you are not the intended recipient of this e-mail message or the person responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, forwarding or copying of this communication, and any attachments hereto, is legally prohibited. If you have received this communication in error, please immediately notify us by either reply e-mail or telephone at (708)444-4922 and permanently delete the original and any copy of this e-mail communication, including any attachments, and any printout thereof.

Begin forwarded message:

On Monday, January 25, 2021, 2:15 PM, Gelderman, Theodore <tgelderman@luc.edu> wrote:

Counsel,

Thank you for reaching out about this matter. I have included Ms. Rice and Ms. Platt in this response as well.

As child representative, we are unable to make official oral or written recommendations. However, our position remains the same as it was on November 23, 2020, when we sent the letter included below to counsel for both parties.

Since we shared the letter, I have been in regular contact with the parties. Each has described a functioning system of parenting after some initial communication and scheduling issues,

about:blank

Prior to court involvement, Malia regularly spent time with each parent and the parents were able to coordinate her schedule, parenting time, and her extracurricular activities. Following an Order on September 4, 2020, Malia now spends five days in a row with Mr. Williams and then eight days in a row with Ms. Taylor. The parties disagree about the current care arrangement for Malia. Each party wants more time with Malia: Mr. Williams wants a more even distribution of Malia's days, and Ms. Taylor believes Mr. Williams should have fewer days.

Despite this dispute, it is clear that both parents have been involved in Malia's care throughout her life. Currently, Ms. Taylor lives in the Jackson Park neighborhood and works regular hours as a nurse Monday to Friday. Mr. Williams works as a police officer and, prior to the pandemic, worked for United Airlines. Mr. Williams' schedule changes each month, but he regularly requests overnight shifts in order to spend more time with Malia. Both parents have family members who help care for Malia.

**Parenting Time**

Based on both parents' schedules and Malia's age, we suggest altering the current schedule to allow Malia to see each parent more regularly. Under the current schedule, Malia spends up to eight days in a row without seeing her father, and up to five days in a row without seeing her mother. Given Malia's age, we believe this is too long to be away from either parent. We propose altering the schedule to ensure that Malia has more regular contact with both parents by dividing the school week between the parents and alternating weekends. For example, Malia could be with Mr. Williams every Monday and Tuesday, with Ms. Taylor every Wednesday and Thursday, and Friday to Monday morning could alternate weekly. All pick up and drop off would be at Malia's school whenever possible, as the parties both prefer.

We believe Malia will benefit from a regular schedule that allows her to see each parent regularly and avoids long periods away from either parent. The above sample schedule would never have Malia away from either parent for more than five days. It would also provide predictability about dad's nights and mom's nights during the school week.

**Decision Making**

Both parents are involved in providing care for Malia. Malia will benefit from having both parents engaged in making important decisions about her life and sharing decision-making responsibilities. We suggest developing a decision-making process that requires both parents' input before making a decision in Malia's life regarding her education, health, and religious upbringing.

**Communication**

Malia is involved in multiple extracurricular activities and is supported by many adults. For many years, Ms. Taylor has drafted a calendar each month and shared it with Mr. Williams, her family, and Mr. Williams' family. Ms. Taylor has stated that she is willing to continue to do this moving forward. A clear monthly calendar will continue to be essential to Malia's success.

We look forward to discussing this proposal with you and building a predictable schedule and detailed decision process for shared parenting. We would also be glad to draft a proposed APR if the parties agree to this approach.

Very truly yours,

Theodore Gelderman, Senior Law Student
Civitas ChildLaw Clinic
Loyola University Chicago School of Law
25 E. Pearson Street, Chicago, Illinois 60611
(651) 815-2438

even throughout challenges presented by COVID. However, despite the relative success of the current shared parenting plan, each parent suspects the other will not settle and each seems to expect the case will be resolved at a trial.

Stacey and I do not believe a trial is needed. Nor would a trial be in our client's best interest. We strongly prefer settlement discussion followed by a pretrial of remaining issues.

We urge the parties to consider our proposal for continued shared parenting. Once they do, we will be glad to arrange a settlement meeting and/or draft an agreed allocation judgment.

All the best,

Teddy

> **Via email**
> Masah S. SamForay
> 1953 Ridge Road
> Homewood IL, 60432
> (312) 702-1293
> msamforar@theforayfirm.com
>
> **Via email**
> Ashonta Rice
> 15255 S. 94 Ave, 5th Floor
> Orland Park, IL 60462
> (708) 444-4922
> ricelegalservices@yahoo.com

**RE: Williams v. Taylor**

Dear Ms. SamForay and Ms. Rice:

I have completed my initial inquiry into the parenting time schedule and decision-making process at issue for our client, Malia Williams. I am writing to share with you what I have learned from the inquiry to this point and to propose settlement options for your consideration.

Thus far, I have spoken separately with Ms. Taylor and Mr. Williams on multiple occasions. I have also spoken with Malia over FaceTime and over the phone both while she was with Mr. Williams and while she was with Ms. Taylor.

The information I have gathered has provided valuable insight. I share some of my observations with you here and hope you will provide any necessary additions from your clients' perspectives. Stacey and I remain open to your suggestions about inquiries that might help us build a deeper understanding of the family.

Prior to court involvement, Malia regularly spent time with each parent and the parents were able to coordinate her schedule, parenting time, and her extracurricular activities. Following an Order on September 4, 2020, Malia now spends five days in a row with Mr. Williams and then eight days in a row with Ms. Taylor. The parties disagree about the current care arrangement for Malia. Each party wants more time with Malia: Mr. Williams wants a more even distribution of Malia's days, and Ms. Taylor believes Mr. Williams should have fewer days.

Despite this dispute, it is clear that both parents have been involved in Malia's care throughout her life. Currently, Ms. Taylor lives in the Jackson Park neighborhood and works regular hours as a nurse Monday to Friday. Mr. Williams

works as a police officer and, prior to the pandemic, worked for United Airlines. Mr. Williams' schedule changes each month, but he regularly requests overnight shifts in order to spend more time with Malia. Both parents have family members who help care for Malia.

## Parenting Time

Based on both parents' schedules and Malia's age, we suggest altering the current schedule to allow Malia to see each parent more regularly. Under the current schedule, Malia spends up to eight days in a row without seeing her father, and up to five days in a row without seeing her mother. Given Malia's age, we believe this is too long to be away from either parent. We propose altering the schedule to ensure that Malia has more regular contact with both parents by dividing the school week between the parents and alternating weekends. For example, Malia could be with Mr. Williams every Monday and Tuesday, with Ms. Taylor every Wednesday and Thursday, and Friday to Monday morning could alternate weekly. All pick up and drop off would be at Malia's school whenever possible, as the parties both prefer.

We believe Malia will benefit from a regular schedule that allows her to see each parent regularly and avoids long periods away from either parent. The above sample schedule would never have Malia away from either parent for more than five days. It would also provide predictability about dad's nights and mom's nights during the school week.

## Decision Making

Both parents are involved in providing care for Malia. Malia will benefit from having both parents engaged in making important decisions about her life and sharing decision-making responsibilities. We suggest developing a decision-making process that requires both parents' input before making a decision in Malia's life regarding her education, health, and religious upbringing.

## Communication

Malia is involved in multiple extracurricular activities and is supported by many adults. For many years, Ms. Taylor has drafted a calendar each month and shared it with Mr. Williams, her family, and Mr. Williams' family. Ms. Taylor has stated that she is willing to continue to do this moving forward. A clear monthly calendar will continue to be essential to Malia's success.

We look forward to discussing this proposal with you and building a predictable schedule and detailed decision process for shared parenting. We would also be glad to draft a proposed APR if the parties agree to this approach.

Very truly yours,

Theodore Gelderman, Senior Law Student
Civitas ChildLaw Clinic
Loyola University Chicago School of Law
25 E. Pearson Street, Chicago, Illinois 60611
(651) 815-2438

---

**From:** Masah S. SamForay <msamforay@theforayfirm.com>
**Sent:** Saturday, January 23, 2021 9:32 PM
**To:** Gelderman, Theodore <tgelderman@luc.edu>
**Subject:** Re: Malia Williams



11:49

+1 (773) 732-2554

We just called.

Jun 21, 2021 at 7:52 AM

Morning Stacey!
I just wanted to confirm the time for the trail. 9:30 ? is this correct ? This is what I have on my calendar.
FYI, no one contacted my sister and she was a witness for the trail.

I will just provide her with the zoom code that I have

The trial is at 2, I believe.

Oh

Okay great

That's better, not sure why I have 9

I could be wrong. Checking.

Okay 😊 .... thanks so much

I couldn't find the order

I will let you know

Do you mean Juaniki?



EXHIBIT
26

**American Airlines**

Record Locator: AQVMRF    Sabre Status    Purged    Report Date & Time: Dec 8, 2022 8:12:11 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |

## Flight Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA1026 | Y | Jan 16, 2022 | SDQ | MIA | MM | 1 | 06:23 | 07:45 | | | | | |

## Ticket Information

| Seg Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seg Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/001 |
| 2 | DOCS | AA | HK | 1 | | | | | | /P/US/568141559/US/15AUG1974/M/13NOV2030/WILLIAMS II/ROBERT/FRANKLIN |
| 3 | DOCO | AA | HK | 1 | | | | | | //K/986928242 |
| 4 | PCTC | AA | HK | | | | | | | RHONDA MCNAIR/US773677997 2 |
| 5 | DOCA | AA | HK | 1 | | | | | | /R/US |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.126.227 |

## Received From Information

| Trans Received From |
|---|
| WWWSINGLEUI |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator |
|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | 5 | ETP | 12:07:00 AM | Jan 16, 2022 | AQVMRF |

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR8 Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 3 | DHS KNOWN |

## BPPR Status Info

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | Sabre Purge Date | History Indicator | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | Jan 16, 2022 4:30:00 AM | PDCAASDQ | SDQ | SDQ | 5 | PD | 1 | XS | Jan 16, 2022 | H | AA 1026 J Jan16.2022 SDQMIA /MM1 06:23 07:45 |
| | | | | | | | 2 | AS | | | AA 1026 Y Jan16,2022 SDQMIA /MM1 |

Dominican Republic

EXHIBIT 29(373

FIDENTIAL

)373

American Airlines

Record Locator: CNBQ2Q     Sabre Status     Purged     Report Date & Time: Dec 8, 2022 8:08:39 AM

**Passenger Information**

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |

**Flight Information**

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2282 | Y | Aug 11, 2022 | ORD | LAS | MM | 1 | 15:15 | 17:04 | | | | | |

**Ticket Information**

| Seg Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D1 |

**Phone Information**

| Seg Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

**Agency/IATA Information**

| Agency IATA |
|---|
| 0000000 |

**SSR**

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/001 |
| 2 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT//USA |
| 3 | DOCO | AA | HK | 1 | | | | | | /IK/986932642//USA |

**Remarks Information**

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.109.81 |

**Received From Information**

| Trans Received From |
|---|
| WWWSSINGLEUI |

**Signature Line Information**

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | | 5 | ETP | 2:14:00 PM | Aug 11, 2022 | CNBQ2Q | Aug 11, 2022 | H |

**BPPR Status Info**

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |

**Hist Seq ID**

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Aug 11, 2022 3:22:00 PM | PDC/AA/ORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 2282 J Aug11,2022 ORDLAS/MM1 15:15 17:04 |
| | | | | | | | | | 2 | AS | AA 2282 Y Aug11,2022 ORDLAS /MM1 15:15 17:04 |

CONFIDENTIAL

000378

**American Airlines**

Record Locator: CQSGYP  Sabre Status  Purged

Report Date & Time: Dec 8, 2022 8:01:06 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS/MALIA | | |

## Flight Information

### Ticket Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2561 | Y | Apr 15, 2022 | ORD | RSW | MM | 1 | 13:16 | 17:02 | | | | | |

### Ticket or TLT Text

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 008636883/WILLIAMS/002 |
| 2 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/ |
| 3 | DOCO | AA | HK | 1 | | | | | | /IK/987198834 |
| 4 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.115.8 |
| 2 | H- | ATTN NEXT AGENT. PLEASE VERIFY IF PAX IS TVLING ALONE. |
| 3 | H- | IF PAX IS UMNR, ADVISE CHECK-IN 120 MIN PRIOR TO DEPT |
| 4 | H- | FOR DOM TRVL/180 MIN FOR INTL TRVL, TO FILL OUT UMNR |
| 5 | H- | PAPERWORK AT A TO. IF UMNR, ADD 4OSI PAX IS UMNR. |
| 6 | H- | IF TRVLG WITH ADT, ADD OSI TCP WITH RECLOC. |

## Received From Information

| Trans Received From |
|---|
| WWWSSINGLEUI |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | 5 | | ETP | 3:16:00 AM | Apr 15, 2022 | CQSGYP | Apr 15, 2022 | H |

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS/MALIA | 0 | N | 1 | DHS CLEARED |

CONFIDENTIAL

**American Airlines**

Record Locator: WAHSAB  Sabre Status: Purged  Report Date & Time: Dec 8, 2022 7:54:52 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

## Flight Information

| Seq Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2784 | Y | May 30, 2022 | DCA | ORD | MM | 2 | 17:18 | 18:40 | | | | | |

## Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 008636836/WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | 008636836/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/F/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | //K/986928242//I/USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | //K/987196834//I/USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H+ | IPNADDR172.17.91.23 |

## Received From Information

| Trans Received From |
|---|
| WWWSSINGLEUI |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY/Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HDQ | HDQ | | | 5 | ETP | 2:17:00 PM | May 30, 2022 | WAHSAB | May 30, 2022 | H |

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

CONFIDENTIAL

000408

CONFIDENTIAL

Record Locator: CQSGYP

**American Airlines**

Sabre Status     Purged

Report Date & Time: Dec. 8, 2022 8:01:06 AM

## Hist History

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | Apr 15, 2022 1:20:00 PM | PDCAORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 2561 J Apr15,2022 ORDRSW /MM1 13:16 17:02 |
| 4 | Apr 15, 2022 11:16:00 AM | | QSD | QSD | | | 7 | LLN | 2 | AS | AA 2561 Y Apr15,2022 ORDRSW /MM1 13:16 17:02 |
| | | | | | | | | | 1 | A5H | H-ATTN NEXT AGENT, PLEASE VERIFY IF PAX IS TVLING ALONE. |
| | | | | | | | | | 2 | A5H | H-IF PAX IS UMNR, ADVISE CHECK-IN 120 MIN PRIOR TO DEPT |
| 3 | Apr 15, 2022 5:30:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 3 | A5H | H-FOR DOM TRVL/180 MIN FOR INTL TRVL, TO FILL OUT UMNR |
| | | | | | | | | | 4 | A5H | H-PAPERWORK AT ATO. IF UMNR, ADD OSI PAX IS UMNR. |
| 2 | Apr 15, 2022 3:25:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 4 | A5H | H-IF TRVLG WITH ADT, ADD OSI TCP WITH RELOC. |
| 1 | Apr 15, 2022 3:16:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 5 | A5H | H-IF TRVLG WITH ADT, ADD OSI TCP WITH RELOC. |
| | | | | | | | | | 1 | X4S | SSR UMNR AA NN1 2561J15APRJUNVERIFIED AGE 6 NN1 |
| | | | | | | | | | 1 | A4S | SSR UMNR AA NN1 2561J15APRJUNVERIFIED AGE 6 NN1 |
| | | | | | | | | | 1 | A4S | SSR CHILD AA HK1 /27SEP15 |

*(handwritten: Colombia)*

## Queue History

| Seq Nbr | Queue Indicator | Queue Status | Queue Location | Queue Nbr | Queue Instr Cd | Queue Date | Queue Time | Queue Action | Station Code | Agent Sine | Remove Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Logged History | OFF | SHV | 0101 | | Apr 15, 2022 | 11:16:00 AM | REMOVED | QSD | LLN | ET |
| 2 | Logged History | ON | SHV | 0101 | 206 | Apr 15, 2022 | 3:16:00 AM | PLACED | CRC | OD1 | |

# American Airlines

**Record Locator:** DPRHRI  **Sabre Status:** Active  **Report Date & Time:** Dec 8, 2022 7:41:02 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

## Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | | | | | | | | 00863683/WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | | | | | | | | 00863683/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | | | | | | | | /P/US/5681415S9/US/15AUG1974/M/13NOV2030/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | PTEM | AA | HK | 1 | | | | | | | | | | | | | PTEM AA HK1/ROBERTFWILLIAMS//YAHOO.COM |
| 5 | PCTC | AA | HK | | | | | | | | | | | | | | ROBERT WILLIAMS II/US7737201320 |
| 6 | DOCA | AA | HK | 1 | | | | | | | | | | | | | /D/US/PO BOX 5397/CHICAGO/IL/60680 |
| 7 | DOCA | AA | HK | 1 | | | | | | | | | | | | | /R/US |
| 8 | PTPH | AA | HK | 1 | | | | | | | | | | | | | PTPH AA HK1/9999999999 |
| 9 | DOCS | AA | HK | 1 | | | | | | | | | | | | | PTPH AA HK1/9999999999 |
| 10 | PTEM | AA | HK | 1 | | | | | | | | | | | | | /P/US/5309364250/US/27SEP2015/F/28JAN2027/WILLIAMS/MALIA/GRACE |
| 11 | PCTC | AA | HK | | | | | | | | | | | | | | PTEM AA HK1/ROBERTFWILLIAMS//YAHOO.COM |
| 12 | DOCA | AA | HK | 1 | | | | | | | | | | | | | MALIA WILLIAMS/US7737201320 |
| 13 | DOCA | AA | HK | 1 | | | | | | | | | | | | | /D/US/PO BOX 5397/CHICAGO/IL/60680 |
| 14 | PTPH | AA | HK | 1 | | | | | | | | | | | | | /R/US |
| 15 | CHLD | AA | HK | 1 | | | | | | 5 | ETP | | | | | | PTPH AA HK1/9999999999 |
| | | | | | | | | | | | | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text | | | | | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | H- | IPNADDR172.17.73.13 | | | | | | ETP | 2:08:00 AM | Nov 27, 2022 | DPRHRI | Dec 12, 2022 | H |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code |
|---|---|---|---|---|
| H- | HDQ | HDQ | | |

CONFIDENTIAL

000381

**American Airlines**

Record Locator: DPRHRI   Sabre Status   Active   Report Date & Time: Dec 8, 2022 7:41:02 AM

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Dec 6, 2022 4:41:00 AM | WWW $NRTPNF | HDQ | HDQ | | | 4 | CAN | 1 | XS | AA 492 J Dec10.2022 ORDCUN /MM2 09:55 14:48 |
| | | | | | | | | | 2 | XS | AA 215 J Dec12.2022 CUNORD /MM2 15:45 18:46 |
| 1 | Nov 27, 2022 2:15:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHLD AA HK1 /27SEP15 |

*Colombia*

CONFIDENTIAL

**American Airlines**

Record Locator: FUIWFR   Sabre Status   Purged   Report Date & Time: Dec 8, 2022 8:07:11 AM

**Passenger Information**

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |

**Flight Information**

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2619 | Y | Aug 12, 2022 | LAS | ORD | MM | 1 | 23:46 | 05:20 | | | | | |

**Ticket Information**

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

**Phone Information**

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 1-7737201320-POPT | O |
| 2 | HDQ | 7737201320 | O |

**Agency IATA Information**

| Agency IATA |
|---|
| 0000000 |

**SSR**

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | 1 | | | | | | 00863683/WILLIAMS II/001 |
| 2 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/FRANKLIN |
| 3 | DOCO | AA | HK | 1 | | | | | | /IK986926242//USA |
| 4 | CTCM | AA | HK | 1 | | | | | | /17737201320 |

**Remarks Information**

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.105.82 |

**Received From Information**

| Trans Received From |
|---|
| WWW$SINGLEUI |

**Signature Line Information**

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HDQ | HDQ | | | 5 | ETP | 9:05:00 PM | Aug 12, 2022 | FUIWFR | Aug 12, 2022 | H |

**BPPR Status Info**

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Aug 13, 2022 2:09:00 AM | PDCAA/LAS | LAS | LAS | | | 5 | PD | 1 | XS | AA 2619 J Aug12,2022 LASORD /MM1 23:46 05:20 |
| | | | | | | | | | 2 | AS | AA 2619 Y Aug12,2022 LASORD /MM1 |

## American Airlines

Record Locator: FUIWFR | Sabre Status | Purged | Report Date & Time: Dec 8, 2022 8:07:11 AM

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline Code or CRS | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Aug 13, 2022 2:09:00 AM | PDCAALLAS | LAS | LAS | | | 5 | PD | | 23:46 05:20 | |
| 1 | Aug 13, 2022 12:43:00 AM | | HDQ | HDQ | | | 4 | CAN | 1 | A4S | SSR CTCM AA HK1 /17737201320 |
| | | | | | | | | | | A9 | HDQ 1-7737201320-POPT |

CONFIDENTIAL

000384

**American Airlines**

Record Locator: FXRAQR     Sabre Status     Purged     Report Date & Time: Dec 8, 2027-52:19 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---------|------|---------|-------|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

## Flight Information / Ticket Information

| Seq Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---------|--------|-------|------|-----|-----|------|-----|----------|----------|---------------|--------------|----------------|---------------|--------------|
| 1 | AA795 | Y | Jun 26, 2022 | ORD | DCA | MM | 2 | 07:31 | 10:20 | | | | | |

## Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---------|--------------------|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---------|------|--------------|------|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|-------------|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---------|----------|---------|--------|-----|-------|--------|--------|-------|------|----------|
| 1 | EMPL | AA | | | | | | | | 008636833/WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | 008636833/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974M/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | /IK/9086928242//USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | /IK/9871966834//USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---------|------|--------------|
| 1 | H- | IPNADDR172.17.126.198 |
| 2 | H- | /OSO$Z6JUN07 |
| 3 | H- | /OSO$DLY$DOM$Z6JUN |

## Received From Information

| Trans Received From |
|---------------------|
| WWW/SSINGLEUI |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|-------------------|----------|-------------------|------------|-------------------------|-----------|------------|-------------|-------------|----------------|------------------|-------------------|
| HDQ | HDQ | | | | S | ETP | 2:26:00 AM | Jun 26, 2022 | FXRAQR | Jun 26, 2022 | H |

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---------------|----------------|---------------|--------------|--------------|-------------|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |

CONFIDENTIAL

000385

# American Airlines

Record Locator: FXRAQR

Sabre Status: Purged

Report Date & Time: Dec 8, 2022 7:52:19 AM

**BPPR Status Info**

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | Jun 26, 2022 9:02:00 AM | PDCAAORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 795 J Jun26,2022 ORDDCA /MM2 07:31 10:20 |
| | | | | | | | | | 2 | AS | AA 795 Y Jun26,2022 ORDDCA /MM2 07:31 10:20 |
| 2 | Jun 26, 2022 5:10:00 AM | REAACCOM UPDATE | CRC | CRC | | | 8 | YMG | 1 | A5H | H-/OSO$26JUN07 |
| | | | | | | | | | 2 | A5H | H-/OSO$DLY$DOM$26JUN |
| 1 | Jun 26, 2022 2:35:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHILD AA HK1 /27SEP15 |

CONFIDENTIAL

**American Airlines**

Record Locator: IKBFZO

Sabre Status: Purged

Report Date & Time: Dec 8, 2022 7:57:31 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

## Flight Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA490 | Y | Apr 19, 2022 | PHL | ORD | MM | 2 | 17:07 | 18:35 | | | | | |

## Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 00000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | 00863683WILLIAMS/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | //K/369928242 |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | //K/987196834 |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.115.20 |

## Received From Information

| Trans Received From |
|---|
| WWWSSINGLEUI |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HDQ | HDQ | | | 5 | ETP | 3:48:00 AM | Apr 19, 2022 | IKBFZO | Apr 19, 2022 | H |

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

CONFIDENTIAL

000387

**American Airlines**

Record Locator: LJDRLB   Sabre Status   Purged   Report Date & Time: Dec 8, 2022 7:43:45 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS/MALIA | | |

## Flight Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA490 | Y | Sep 2, 2022 | ORD | PHL | MM | 1 | 20:57 | 23:52 | | | | | |

## Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7736779972 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/002 |
| 2 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/F/WILLIAMS/MALIA/GRACE |
| 3 | DOCO | AA | HK | 1 | | | | | | //K/98719683-4//I/USA |
| 4 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.105.100 |
| 2 | H- | SEAT FEES NOT COLLECTED-USD/ORDPHL490 |
| 3 | H- | WEIGHT AND BALANCE WAIVER USED |

## Received From Information

| Trans Received From |
|---|
| WWWSSINGLEUI |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | 5 | ETP | | 7:30:00 AM | Sep 2, 2022 | LJDRLB | Sep 2, 2022 | H |

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |
| 1 | WILLIAMS/MALIA | 1 | N | 2 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | Sep 2, 2022 | ORD | ORD | | | | 5 | DKX | 1 | ASH | H-SEAT FEES NOT COLLECTED-USD/ |

CONFIDENTIAL

000389

CONFIDENTIAL

## American Airlines

| | | | |
|---|---|---|---|
| Record Locator: LIJDRLB | Sabre Status | Purged | Report Date & Time: Dec 8, 2022 7:43:45 AM |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 8:35:00 PM | | ORD | ORD | | | 5 | DKX | 2 | A5H | ORDPHL490 |
| 5 | Sep 2, 2022 6:03:00 PM | ORD | ORD | ORD | | | 5 | DKW | 1 | AS | H-WEIGHT AND BALANCE WAIVER USED |
| 4 | Sep 2, 2022 5:39:00 PM | PDCAAORD | ORD | ORD | | | 5 | XS | 1 | XS | AA 490 Y Sep02,2022 ORDPHL /MM1 20:57  23:52 |
| 3 | Sep 2, 2022 9:41:00 AM | RIPACLIENT | CRC | CRC | | | 8 | PD | 1 | X4S | AA 562 J Sep02,2022 ORDLGA /MM1 17:30  20:35 |
| 2 | Sep 2, 2022 7:35:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR UMNR AA NN1 562J2SEP/UNVERIFIED AGE 6 NN1 |
| 1 | Sep 2, 2022 7:30:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHLD AA HK1 /27SEP15<br>SSR UMNR AA NN1 562J2SEP/UNVERIFIED AGE 6 NN1 |

### Queue History Info

| Seq Nbr | Queue Indicator | Queue Status | Queue Location | Queue Nbr | Queue Instr Cd | Queue Date | Queue Time | Queue Action Code | Station Code | Agent Sine | Remove Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Logged History | OFF | SHV | 0101 | | Sep 4, 2022 | 11:38:00 AM | REMOVED | QSD | LLN | QR |
| 2 | Logged History | ON | SHV | 0101 | 206 | Sep 2, 2022 | 7:30:00 AM | PLACED | CRC | OD1 | |

000390

Record Locator: LPSARO   Sabre Status   Purged

**American Airlines**

Report Date & Time: Dec 8, 2022 7:46:25 AM

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Aug 30, 2022 1:26:00 PM | PDCAAORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 2431 J Aug30,2022 ORDLAX /NM2 13:20 15:43 |
| | | | | | | | | | 2 | AS | AA 2431 Y Aug30,2022 ORDLAX /MM2 13:20 15:43 |
| 1 | Aug 30, 2022 10:31:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHLD AA HK1 /27SEP15 |

CONFIDENTIAL

**American Airlines**

Record Locator: LPSARO     Sabre Status     Purged     Report Date & Time: Dec 8, 2022 7:46:25 AM

### Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

### Flight Information

| Seq Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2431 | Y | Aug 30, 2022 | ORD | LAX | MM | 2 | 13:20 | 15:43 | | | | | |

### Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

### Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

### Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

### SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | 1 | | | | | | 00863683/WILLIAMS II/001 |
| 2 | EMPL | AA | | 1 | | | | | | 00863683/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | /IK/986928242///USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | /IK/987196834///USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

### Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.105.101 |

### Received From Information

| Trans Received From |
|---|
| WWWSSINGLEUI |

### Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | | S | ETP | 10:24:00 AM | Aug 30, 2022 | LPSARO | Aug 30, 2022 | H |

### BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

CONFIDENTIAL

CONFIDENTIAL

000392

Record Locator: LPSARO  Sabre Status  Purged  American Airlines  Report Date & Time: Dec 8, 2022 7:46:25 AM

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Aug 30, 2022 1:26:00 PM | PDCAAORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 2431 J Aug30.2022 ORDLAX /MM2 13.20 15.43 |
| | | | | | | | | | 2 | AS | AA 2431 Y Aug30.2022 ORDLAX /MM2 13.20 15.43 |
| 1 | Aug 30, 2022 10:31:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHLD AA HK1 /27SEP15 |

Record Locator: MWMMTEY | Sabre Status | Purged | **American Airlines** | Report Date & Time: Dec 8, 2022 8:14:54 AM

**BPPR Status Info**

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 1 | N | 4 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | Jan 13, 2022 7:48:00 AM | PDCAAMIA | MIA | MIA | | | 5 | PD | 1 | XS | AA 2836 J Jan13,2022 MIASDQ /MM1 08:40 11:53 |
| | | | | | | | | | 2 | AS | AA 2836 Y Jan13,2022 MIASDQ /MM1 08:40 11:53 |
| 7 | Jan 13, 2022 6:26:00 AM | | MIA | MIA | | | 5 | I4U | 1 | A5H | H-DOCS OK |
| | | | | | | | | | 2 | A5H | H-TIMATIC AUTOCHECK- NO ID 1 |
| | | | | | | | | | 3 | A5H | H-MESSAGE - TMID 10672 |
| | | | | | | | | | 4 | A5H | H-K TRAMPOS/MIA/13JAN/0726AM |
| 6 | | CKI | | | | | | | 1 | A4S | SSR PCTC AA HK PSGR/DECLINED |
| 5 | | CKI | | | | | | | 1 | X4S | SSR DOCA AA HK1 /R/US |
| | | | | | | | | | 2 | A4S | SSR DOCA AA HK1 /R/US |
| 4 | | CKI | | | | | | | 1 | X4S | SSR DOCS AA HK1 /P/US/568141559/USA/15AUG1974/M/13NOV2030/WILLIAMS II/ROBERT/FRANKLIN |
| | | | | | | | | | 2 | A4S | SSR DOCS AA HK1 /P/US/568141559/USA/15AUG1974/M/13NOV2030/WILLIAMS II/ROBERT/FRANKLIN/S1 |
| 3 | Jan 12, 2022 8:34:00 PM | PDCAAORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 613 J Jan12,2022 ORDMIA /MM1 20:25 00:37 |

CONFIDENTIAL

**American Airlines**

Record Locator: MYPOKY  Sabre Status  Purged  Report Date & Time: Dec 8, 2022 7:55:44 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

## Flight Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA1002 | Y | May 30, 2022 | ORD | DCA | MM | 2 | 08:46 | 11:37 | | | | | |

## Ticket Information

| Seg Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

Agency IATA
0000000

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | /IK/9869282142///USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | /IK/987196834///USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.111.241 |

## Received From Information

Trans Received From
WWWSSINGLEUI

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HDQ | HDQ | | | 5 | ETP | 11:37:00 PM | May 29, 2022 | MYPOKY | May 30, 2022 | H |

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR thn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |
| 1 | WILLIAMS II/ROBERT | 1 | N | 2 | DHS KNOWN |
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

CONFIDENTIAL

Record Locator: MYPOKY

Sabre Status: Purged

American Airlines

Report Date & Time: Dec 8, 2022 7:55:44 AM

**BPPR Status Info**

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 2 | WILLIAMS/MALIA | 1 | N | 2 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | May 30, 2022 11:50:00 AM | PDCAAORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 1002 J May,30,2022 ORDDCA /MM2 08:46 11:37 |
| 3 | May 30, 2022 7:58:00 AM | PDCAAORD | ORD | ORD | | | 5 | | 2 | AS | AA 1002 Y May,30,2022 ORDDCA /MM2 08:46 11:37 |
| 2 | May 30, 2022 7:54:00 AM | PDCAAORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 4774 J May,30,2022 ORDDCA /MM2 07:50 10:52 |
| | | | ORD | ORD | | | 5 | 0NU | 1 | AS | AA 1002 J May,30,2022 ORDDCA /MM2 08:46 11:37 |
| 1 | May 29, 2022 11:45:00 PM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHLD AA HK1 /27SEP15 |

CONFIDENTIAL

Record Locator: QCNSPO

Sabre Status: Purged

**American Airlines**

Report Date & Time: Dec 8, 202

**Passenger Information**

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS/MALIA | | |

**Flight Information**

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA359 | Y | Sep 4, 2022 | LGA | ORD | MM | 1 | 18:30 | 20:10 | | | | | |

**Ticket Information**

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

**Phone Information**

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

**Agency IATA Information**

| Agency IATA |
|---|
| 0000000 |

**SSR**

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | HK | 1 | | | | | | 0086366839WILLIAMS II/002 |
| 2 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 3 | DOCO | AA | HK | 1 | | | | | | /IK/9871966834//I/USA |
| 4 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

**Remarks Information**

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPWADDR172.17.108.165 |
| 2 | H- | ATTN NEXT AGENT, PLEASE VERIFY IF PAX IS TVLING ALONE. |
| 3 | H- | IF PAX IS UMNR, ADVISE CHECK-IN 120 MIN PRIOR TO DEPT |
| 4 | H- | FOR DOM TRVL/180 MIN FOR INTL TRVL, TO FILL OUT UMNR |
| 5 | H- | PAPERWORK AT ATO. IF UMNR, ADD 4OSI PAX IS UMNR. |
| 6 | H- | IF TRVLG WITH ADT, ADD OSI TCP WITH RECLOC. |

**Received From Information**

| Trans Received From |
|---|
| WWWSSINGLEUI |

**Signature Line Information**

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HDQ | HDQ | | | S | ETP | 1:28:00 AM | Sep 4, 2022 | QCNSPO | Sep 4, 2022 | H |

**BPPR Status Info**

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

CONFIDENTIAL

00039<sub></sub>g

Record Locator: QCNSPO  Sabre Status  Purged  **American Airlines**  Report Date & Time: Dec 8, 2022 7:42:05 AM

| Hist. Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History/Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | Sep 4, 2022 5:38:00 PM | PDCAALGA | LGA | | | | 5 | PD | 1 | XS | AA 359 J Sep04,2022 LGAORD /MM1 18:30 20:10 |
| | | | | | | | | | 2 | AS | AA 359 Y Sep04,2022 LGAORD /MM1 18:30 20:10 |
| 3 | Sep 4, 2022 11:37:00 AM | | QSD | QSD | | | 7 | LLN | 1 | A5H | H-ATTN NEXT AGENT, PLEASE VERIFY IF PAX IS TVLING ALONE. |
| | | | | | | | | | 2 | A5H | H-IF PAX IS UMNR, ADVISE CHECK-IN 120 MIN PRIOR TO DEPT |
| | | | | | | | | | 3 | A5H | H-FOR DOM TRVL/180 MIN FOR INTL TRVL, TO FILL OUT UNNR |
| | | | | | | | | | 4 | A5H | H-PAPERWORK AT ATO. IF UMNR, ADD OSI PAX IS UMNR. |
| | | | | | | | | | 5 | A5H | H-IF TRVLG WITH ADT, ADD OSI TCP WITH RELOC. |
| 2 | Sep 4, 2022 8:47:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | X4S | SSR UMNR AA NN1 359J4SEP/UNVERIFIED AGE 6 NN1 |
| | | | | | | | | | 2 | A4S | SSR CHLD AA HK1 /27SEP15 |
| 1 | Sep 4, 2022 3:23:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR UMNR AA NN1 359J4SEP/UNVERIFIED AGE 6 NN1 |

**Queue History Info**

| Seq Nbr | Queue Indicator | Queue Status | Queue Location | Queue Nbr | Queue Instr Cd | Queue Date | Queue Time | Queue Action | Station Code | Agent Sine | Remove Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Logged History | OFF | SHV | 0101 | | Sep 4, 2022 | 11:37:00 AM | REMOVED | QSD | LLN | ET |
| 2 | Logged History | ON | SHV | 0101 | 206 | Sep 4, 2022 | 3:23:00 AM | PLACED | CRC | OD1 | |

CONFIDENTIAL

# American Airlines

Record Locator: THUHBG     Sabre Status     Purged     Report Date & Time: Dec 8, 2022 7:53:35 AM

**Passenger Information**

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

**Flight Information**

| Seq Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA523 | Y | Jun 27, 2022 | DCA | ORD | MM | 2 | 10:00 | 11:15 | | | | | |

**Ticket Information**

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

**Phone Information**

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

**Agency IATA Information**

| Agency IATA |
|---|
| 0000000 |

**SSR**

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | /K98692242///USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | /K98719683///USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

**Remarks Information**

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPN/ADDR172.17.115.5 |

**Received From Information**

| Trans Received From |
|---|
| WWW$SINGLEUI |

**Signature Line Information**

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HDQ | HDQ | | | 6 | ETP | 11:57:00 PM | Jun 26, 2022 | THUHBG | Jun 27, 2022 | H |

**BPPR Status Info**

| BPPR Pgr Nbr | BPPR Pgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

## American Airlines

Record Locator: THUHBG   Sabre Status   Purged   Report Date & Time: Dec 8, 2022 7:53:35 AM

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Jun 27, 2022 9:05:00 AM | PDCAADCA | DCA | DCA | | | 5 | PD | 1 | XS | AA 523 J Jun27,2022 DCAORD /MM2 1000 11:15 |
| | | | | | | | | | 2 | AS | AA 523 Y Jun27,2022 DCAORD /MM2 1000 11:15 |
| 1 | Jun 27, 2022 12:05:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHLD AA HK1 /27SEP15 |

CONFIDENTIAL

**Record Locator: UEHKEQ**  | Sabre Status | Purged | **American Airlines** | Report Date & Time: Dec 8, 2022 7:51:37 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

## Flight Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA1539 | Y | Jul 8, 2022 | ORD | LAS | MM | 2 | 11:10 | 12:55 | | | | | |

## Ticket Information

| Seg Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seg Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | /K/986928242/I/USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | /K/987196834/I/USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.122.72 |
| 2 | H- | SEAT FEES NOT COLLECTED-USD/ORDLAS1539 |
| 3 | H- | FAMILY SEATING WAIVER USED |
| 4 | H- | /OSO$08JUL11 |
| 5 | H- | /OSO$DLY$DOM$08JUL |

## Received From Information

| Trans Received From |
|---|
| WWWSSINGLEUI |

## Signature Line Information

| OA Record Locator | A/A Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | | 5 | ETP | 9:43:00 AM | Jul 5, 2022 | UEHKEQ | Jul 8, 2022 | H |

CONFIDENTIAL

000402

# American Airlines

Record Locator: UEHKEQ    Sabre Status    Purged    Report Date & Time: Dec 8, 2022 7:51:37 AM

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | Jul 8, 2022 12:21:00 PM | PDCAAORD | ORD | ORD | | | 5 | PD | 1 | XS | AA 1539 J Jul08,2022 ORDLAS /MM2 11:10 12:55 |
| | | | | | | | | | 2 | AS | AA 1539 Y Jul08,2022 ORDLAS /MM2 11:10 12:55 |
| 3 | Jul 8, 2022 11:35:00 AM | REAACCOM UPDATE | CRC | CRC | | | 8 | YMG | 1 | A5H | H-/OSOS08JUL11 |
| 2 | Jul 8, 2022 11:31:00 AM | | ORD | ORD | | | 5 | DQ1 | 2 | A5H | H-/OSOSDLY$DOM$08JUL |
| | | | | | | | | | 1 | A5H | H-SEAT FEES NOT COLLECTED-USD/ ORDLAS1539 |
| 1 | Jul 5, 2022 9:51:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 2 | A5H | H-FAMILY SEATING WAIVER USED |
| | | | | | | | | | 1 | A4S | SSR CHLD AA HK1 /27SEP15 |

CONFIDENTIAL

**American Airlines**

Record Locator: UWKPVM

Sabre Status: Purged

Report Date & Time: Dec 8, 2022 7:47:57 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

## Flight Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2302 | J | Aug 20, 2022 | LGA | ORD | MM | 2 | 17:30 | 19:11 | | | | | |

## Ticket Information

| Seg Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seg Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## OSI Info

| Seg Nbr | OSI Type | OSI Text |
|---|---|---|
| 1 | G FACTS | OSI YY REAC CXLD AA2302 LGAORD 20AUG 2130Z20AUG |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683W/WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | 00863683W/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | /IK/9869283242/I//USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | /IK/9871966834/I//USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seg Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.108.144 |
| 2 | H- | /OSOS20AUG16 |

## Received From Information

| Trans Received From |
|---|
| WWWSINGLEUI |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | | S | ETP | 12:12:00 AM | Aug 20, 2022 | UWKPVM | Aug 20, 2022 | H |

CONFIDENTIAL

000404

**American Airlines**

Record Locator: UWKPVM

Sabre Status: Purged

Report Date & Time: Dec 8, 2022 7:47:57 AM

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | Station Code | Agent Sine | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Aug 20, 2022 3:37:00 PM | REAACOM UPDATE | CRC | CRC | | | 8 | YMG | 1 | A3Q | CRC | QR | OSI YY REAC CXLD AA2302 LGAORD 20AUG 2130Z20AUG |
| | | | | | | | | | | ASH | | | H:/OSO320AUG16 |
| | | | | | | | | | | A4S | | | SSR CHLD AA HK1 /27SEP15 |
| 1 | Aug 20, 2022 12:20:00 AM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | | | |

## Queue History Info

| Seq Nbr | Queue Indicator | Queue Status | Queue Location | Queue Nbr | Queue Instr Cd | Queue Date | Queue Time | Queue Action | Station Code | Agent Sine | Remove Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Logged History | OFF | LRD | | 0202 | | Aug 20, 2022 | 3:58:00 PM | REMOVED | CRC | CRA | QR |
| 2 | Logged History | ON | LRD | | 0202 | 007 | Aug 20, 2022 | 3:45:00 PM | PLACED | XTM | ROB | |
| 3 | Logged History | OFF | ICT | | 0054 | | Aug 20, 2022 | 3:45:00 PM | REMOVED | XTM | ROB | QMOV |
| 4 | Logged History | ON | ICT | | 0054 | 007 | Aug 20, 2022 | 3:37:00 PM | PLACED | CRC | YMG | |

CONFIDENTIAL

**American Airlines**

Record Locator: VXRVSX     Sabre Status     Purged     Report Date & Time: Dec 8, 2022 7:50:45 AM

### Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

### Flight Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA1612 | Y | Jul 10, 2022 | LAS | ORD | MM | 2 | 09:24 | 15:07 | | | | | |

### Ticket Information

| Seg Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

### Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | GSW | 1-773720 1320-POPT | O |
| 2 | HDQ | 7737201320 | O |

### Agency IATA Information

| Agency IATA |
|---|
| 00000000 |

### SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/001 |
| 2 | EMPL | AA | HK | 1 | | | | | | 00863683/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974MM/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | /IK/98692824Z//USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | /IK/98719683I//USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |
| 8 | CTCM | AA | HK | 1 | | | | | | /17737201320 |

### Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADOR.172.17.122.72 |

### Received From Information

Trans Received From

WWWSSINGLEUI

### Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | | 5 | ETP | 4:15:00 PM | Jul 9, 2022 | VXRVSX | Jul 10, 2022 | H |

### BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 1 | N | 2 | DHS KNOWN |

CONFIDENTIAL

000406

Record Locator: VXRVSX | Sabre Status | **American Airlines** | Report Date & Time: Dec 8, 2022 7:50.45 AM

Purged

**BPPR Status Info**

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 2 | WILLIAMS/MALIA | 1 | N | 2 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | Jul 10, 2022 12:23:00 PM | PDCA/ALAS | LAS | LAS | | | 5 | PD | 1 | XS | AA 1612 J Jul10,2022 LASORD /MM2 09:24 15:07 |
| | | | | | | | | | 2 | AS | AA 1612 Y Jul10,2022 LASORD /MM2 09:24 15:07 |
| 4 | Jul 10, 2022 10:17:00 AM | WWWSSSM | GSW | GSW | | | 5 | SSM | 1 | A4S | SSR CTCM AA HK1 /17737201320 |
| | | | | | | | | | | A9 | GSW 1-7737201320-POPT |
| 3 | Jul 10, 2022 2:50:00 AM | WWW $AACOM | HDQ | HDQ | | | 5 | ETP | 1 | XS | AA 1539 J Jul10,2022 LASORD /MM2 13:48 19:39 |
| 2 | | NRTPNF | HDQ | HDQ | | | 5 | ETP | 1 | AS | AA 1612 J Jul10,2022 LASORD /MM2 09:24 15:07 |
| 1 | Jul 9, 2022 4:27:00 PM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHLD AA HK1 /27SEP15 |

CONFIDENTIAL

000407

American Airlines

Record Locator: WAHSAB     Sabre Status     Purged     Report Date & Time: Dec 8, 2022 7:54:52 AM

**Passenger Information**

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |
| 2.01 | WILLIAMS/MALIA | | |

**Flight Information**

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2784 | Y | May. 30, 2022 | DCA | ORD | MM | 2 | 17:18 | 18:40 | | | | | |

**Ticket Information**

| Seg Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

**Phone Information**

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

**Agency IATA Information**

| Agency IATA |
|---|
| 0000000 |

**SSR**

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/001 |
| 2 | EMPL | AA | | | | | | | | 00863683/WILLIAMS II/002 |
| 3 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974/M/WILLIAMS II/ROBERT/FRANKLIN |
| 4 | DOCO | AA | HK | 1 | | | | | | /K/98692B242//USA |
| 5 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 6 | DOCO | AA | HK | 1 | | | | | | /K/987196834//USA |
| 7 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

**Remarks Information**

| Seq Nbr | Type | Remark Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.91.23 |

**Received From Information**

| Trans Received From |
|---|
| WWWSSINGLEUI |

**Signature Line Information**

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | HDQ | HDQ | | | 5 | ETP | 2:17:00 PM | May. 30, 2022 | WAHSAB | May. 30, 2022 | H |

**BPPR Status Info**

| BPPR Pgr Nbr | BPPR Pgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 1 | DHS KNOWN |
| 2 | WILLIAMS/MALIA | 0 | N | 1 | DHS KNOWN |

CONFIDENTIAL

**American Airlines**

Record Locator: WAHSAB

Sabre Status: Purged

Report Date & Time: Dec 8, 2022 7:54:52 AM

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Code | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | May 30, 2022 4:51:00 PM | PDC/AADCA | DCA | DCA | | | 5 | PD | 1 | XS | AA 2784 J May30,2022 DCAORD /MM2 17:18 18:40 |
| | | | | | | | | | 2 | AS | AA 2784 Y May30,2022 DCAORD /MM2 17:18 18:40 |
| 1 | May 30, 2022 2:25:00 PM | RIPACLIENT | CRC | CRC | | | 8 | OD2 | 1 | A4S | SSR CHLD AA HK1 /27SEP15 |

000409

Record Locator: ZALLUA

American Airlines

Sabre Status: Purged

Report Date & Time: Dec. 8, 2022 7:58:57 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS/MALIA | | |

## Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Flight Information

| Seq Nbr | Flight | Class | Date | Dep | Arv | Start | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2458 | Y | Apr 17, 2022 | RSW | ORD | MM | 1 | 15:17 | 17:30 | | | | | |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7736779972 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | 0086363WILLIAMS/002 |
| 2 | DOCS | AA | HK | 1 | | | | | | /DB/27SEP2015/F/WILLIAMS/MALIA/GRACE |
| 3 | DOCO | AA | HK | 1 | | | | | | /IK987196834 |
| 4 | CHLD | AA | HK | 1 | | | | | | /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.122.106 |
| 2 | H- | ATTN NEXT AGENT. PLEASE VERIFY IF PAX IS TVLING ALONE |
| 3 | H- | IF PAX IS UMNR. ADVISE CHECK-IN 120 MIN PRIOR TO DEPT |
| 4 | H- | FOR DOM TRVL/180 MIN FOR INTL TRVL, TO FILL OUT UMNR |
| 5 | H- | PAPERWORK AT ATO. IF UMNR, ADD 4OSI PAX IS UMNR. |
| 6 | H- | IF TRVLG WITH ADT. ADD OSI TCP WITH RECLOC. |

## Received From Information

WWW$SINGLEUI

## Signature Line Information

| Trans Received from | OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | HDQ | HDQ | | | 5 | ETP | | 12:24:00 AM | Apr 17, 2022 | ZALLUA | Apr 17, 2022 | H |

## BPPR Status Info

| BPPR Pssgr Nbr | BPPR Pssgr Name | BPPR Itin Nbr | BPPR INF Ind | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|---|
| 1 | WILLIAMS/MALIA | 0 | N | 1 | | DHS CLEARED |

CONFIDENTIAL

0004410

**American Airlines**

Record Locator: ZALLUA   Sabre Status   Purged   Report Date & Time: Dec 8, 2022 7:56:57 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS/MALIA | | |

## Flight Information

| Seq Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA2458 | Y | Apr 17, 2022 | RSW | ORD | MM | 1 | 15:17 | 17:30 | | | | | |

## Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7736779972 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | | | | | | | | |
| 2 | DOCS | AA | HK | 1 | | | | | | 0086368831WILLIAMS/002 |
| 3 | DOCO | AA | HK | 1 | | | | | | /DB/27SEP2015/IF/WILLIAMS/MALIA/GRACE |
| 4 | CHLD | AA | HK | 1 | | | | | | /IK/98T196834 /27SEP15 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.122.106 |
| 2 | H- | ATTN NEXT AGENT, PLEASE VERIFY IF PAX IS TVLING ALONE. |
| 3 | H- | IF PAX IS UMNR, ADVISE CHECK-IN 120 MIN PRIOR TO DEPT |
| 4 | H- | FOR DOM TRVL/180 MIN FOR INTL TRVL, TO FILL OUT UMNR |
| 5 | H- | PAPERWORK AT ATO, IF UMNR, ADD 4 OSI PAX IS UMNR. |
| 6 | H- | IF TRVLG WITH ADT, ADD OSI TCP WITH RECLOC. |

## Agency IATA Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator | Sabre Purge Date | History Indicator |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | | | 5 | ETP | 12:24:00 AM | Apr 17, 2022 | ZALLUA | Apr 17, 2022 | H |

## Received From Information

| Trans Received From |
|---|
| WWWSSINGLEUI |

## Signature Line Information

WWWSSINGLEUI

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Un Nbr | BPPR PR Inf Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS/MALIA | 0 | N | 1 | DHS CLEARED |

CONFIDENTIAL

000410

**American Airlines**

Record Locator: AXVHAI     Sabre Status     Purged     Report Date & Time: Dec 8, 2022 8:14:05 AM

## Passenger Information

| Pax nbr | Name | Grp Qty | Group |
|---|---|---|---|
| 1.01 | WILLIAMS II/ROBERT | | |

## Flight Information

| Seg Nbr | Flight | Class | Date | Dep | Arv | Stat | Qty | Dep Time | Arv Time | Operat Flight | Operat Class | Operat Rec Loc | Market Flight | Market Class |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AA1431 | Y | Jan 16, 2022 | MIA | ORD | MM | 1 | 08:40 | 11:13 | | | | | |

## Ticket Information

| Seq Nbr | Ticket or TLT Text |
|---|---|
| 1 | EM-D2 |

## Phone Information

| Seq Nbr | City | Phone Number | Type |
|---|---|---|---|
| 1 | HDQ | 7737201320 | O |

## Agency IATA Information

| Agency IATA |
|---|
| 0000000 |

## SSR

| SSR Seq | SSR Type | Airline | Status | Qty | Board | Arrive | Flight | Class | Date | SSR Text |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | EMPL | AA | AA | 1 | | | | | | 008636383/WILLIAMS II/001 |
| 2 | DOCS | AA | HK | 1 | | | | | | /DB/15AUG1974M/W/WILLIAMS II/ROBERT/FRANKLIN |
| 3 | DOCO | AA | HK | 1 | | | | | | //K/986928242 |

## Remarks Information

| Seq Nbr | Type | Remarks Text |
|---|---|---|
| 1 | H- | IPNADDR172.17.91.32 |

## Received From Information

| Trans Received From |
|---|
| WWWSSINGLEUI |

## Signature Line Information

| OA Record Locator | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Create Time | Create Date | Record Locator |
|---|---|---|---|---|---|---|---|---|---|
| HDQ | HDQ | HDQ | | | ETP | 4:18:00 AM | Jan 16, 2022 | AXVHAI |

## BPPR Status Info

| BPPR Psgr Nbr | BPPR Psgr Name | BPPR Itn Nbr | BPPR INF Ind | BPPR Seq Nbr | BPPR Status |
|---|---|---|---|---|---|
| 1 | WILLIAMS II/ROBERT | 0 | N | 5 | DHS KNOWN |

| Hist Seq ID | Update Date/Time | Received From | AAA Code | Home Station Code | TTY Office | TTY Airline or CRS Code | Duty Code | Agent Sine | Trans Seq Nbr | Record Locator | Sabre Purge Date | History Indicator | History Data |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Jan 16, 2022 7:48:00 AM | PDCAAMIA | MIA | MIA | | | 5 | PD | 2 | AS | AXVHAI | Jan 16, 2022 | H | XS AA 1431 J Jan16,2022 MIA/ORD /MM1 08:40 11:13<br>AS AA 1431 Y Jan16,2022 MIA/ORD /MM1 08:40 11:13 |

CONFIDENTIAL

000377

1. Religious or medical grounds if the student's parents/guardians present to the Superintendent a signed statement explaining the objection,;
2. The Health examination or immunization requirements on medical grounds if a physician provides written verification, or;
3. The Eye examination requirement if the student's parents/guardians show an undue burden or lack or access to a physician licensed to practice medicine in all of its branches who provides eye examinations or a licensed optometrist; or
4. The Dental examination requirement if the student's parents/guardians show an undue burden or a lack of access to a dentist; or
5. A waiver form needs to be submitted to the school for vision and dental examination compliance.

Homeless Child
Any homeless child shall be immediately admitted, even if the child or child's parent/guardian is unable to produce immunization and health records normally required for enrollment

# THE SCHOOL DAY ATTENDANCE

To ensure continuity of instruction and to develop positive habits it is important that your child attends school regularly and arrives at school on time. Batavia Public Schools discourages vacations during school days. Missed assignments due to vacations can be completed upon return to school.

A student shall be released from school, as an excused absence, for the purpose of observing a religious holiday. The parent(s)/guardian(s) must give notice to the District 5 days before the student's anticipated absence.

Parents should attempt to schedule medical and dental appointments outside of school hours when possible. If an appointment must be made during school hours, please notify the school by written request. Parents must call for the child at the school office.

The program of elementary instruction begins promptly at 9:00 am and ends at 3:00 pm. Children should not be on the school grounds before 6:00 am.

## ABSENCES AND TARDINESS


EXHIBIT 30

Board of Education Policy: 7:70

If your child is absent from school, please call the 24 hour attendance line before 9:00 a.m. 773-336-5701. When leaving a message on the answering machine, please clearly identify your child's name, teacher, and reason for absence. Please call each day that your child is absent. If we do not hear from an absent child's parent or guardian, phone calls will be made to locate the child. You may request homework to be prepared and left in the office for pick up at the end of the school day when you call to report your child's absence.

Per Illinois school code:(105 ILCS 5/26-2a)
"Valid cause" for absence shall be illness, observance of a religious holiday, death in the immediate family,

15

## **Exhibit 12**

1

**Official Complaint Letter**

Shemica Taylor

7330 S. Merrill

Chicago IL 60649

312-846-0119

January 1, 2023

Illinois Attorney General

Kwame Raoul

100 West Randolph Street

Chicago, IL 60601

Phone: (312) 814-3000

**Re**: Freedom Home Academy International
9501 S Dorchester Ave, Chicago, IL 60628
Phone: (773) 336-5701

Dear Mr. Kwame Raoul:

This letter is a formal complaint against Freedom Home Academy and its faculty to address my concerns and grievances with this school.

My concerns and grievances include a lack of professional conduct, disingenuous communication, failure to maintain contemporaneous records, inaccurate and untimely billing, failure to take routine attendance and track early dismissals, failure to provide timely notices of incidents, withholding student records without justifiable cause, non- board regulation and lack govern body oversight, lastly, inappropriate disciplinary action for students.

On July 8, 2022- The school staff led me to believe that my daughter couldn't take her spelling exam due to her tardiness. However, the real reason she didn't take her exam was that she was not present at school even to take the exam. When asked for attendance records, I received pushback from staff members. I was denied an early dismal log for my daughter and attendance records. I was informed by Mr. Kline, the principal of Freedom Home Academy, that due to COVID, they do not keep such logs, and their facility doesn't keep track of attendance records.



15

16

**Exhibit 12A**

2

Mr. Kline also stated he would not provide any documentation to support my child's early dismal **(please see exhibits A, B, B1 & B2).**

Due to Mr. Kline's outlandish response, I contacted the Illinois State Board of Education to file a complaint. However, I was made aware by the State Board that they have no jurisdiction over this school as it is not a recognized school in the state of Illinois **(see exhibits C, C1).**

In addition, I have experienced countless billing errors and discrepancies in conjunction with not being promptly notified of outstanding balances until several months later, resulting in my daughter being expelled from Freedom Home Academy learning institution **(see exhibit D & D1, &D2, ).**

During the time my daughter was officially expelled from Freedom Home Academy, Mr. Kline, the school's principal, gave authorization to the Father of my child and permitted him to drop my daughter off at school for three consecutive days without her being formally enrolled at their **institution ( see exhibit E, E1 & E2)**. Also, without the child's father fulfilling any financial obligations to reinstate my daughter into school. However, I was denied the same privileges when asked and was instructed to return my daughter to school once the payment was fully satisfied.

In closing, due to limited oversight at this school and nowhere else to turn for help or counsel, I am therefore seeking assistance from the Attorney General to intervene on my behalf and seek clarity and a resolution to the abovementioned issues.

I can further elaborate on the abovementioned concerns once I hear from one of your administrative personnel.

Respectfully,

Shemica Taylor

Enclosure: Exhibits

30(b)

## Exhibit 12B

3

**Burden of Proof**

**Exhibit A**
*(Email correspondence with Principle)*



Freedom Home Academy Admin <freedomhomeacademymy3@gmail.com>
To: shemica taylor

No. We no longer keep attendance logs

On Wed, Jul 20, 2022 at 1:46 PM shemica taylor <shemicataylor519@yahoo.com> wrote:
Hi Mr Kline-

I am request an attendance log for Maka ? Is there anyway I can obtain this information ?

Shemica Taylor
Sent from my iPhone

30 (C)

18

# **Exhibit 12C**

7

**Exhibit C**
( Email Correspondence with State board administrative)

12:07

< All Inboxes

## **Nonpublic School Registration/ Recognition**

Good afternoon Shemica,

Per our phone conversation on August 30 I am providing the information we discussed over the phone on July 12.

Freedom Home Academy International is not an Illinois State Board of Education Registered or Recognized School.

Please see more detail on Registration and Recognition.

- Registration is a voluntary process that is available to nonpublic schools. By applying for registration, a school agrees to provide ISBE with enrollment data, staff data, contact information, and assurances for following laws regarding immunization reporting, nondiscrimination, building code safety, and others.
- Recognition is a voluntary process that is available to nonpublic schools that were registered in the prior year. By applying for recognition, a school agrees to follow applicable state and federal laws and agrees to be visited by the Illinois State Board of Education to confirm the school is in compliance. If the school passes the examination process, then it is considered recognized by the Illinois State Board of Education.

30(d)

19

## Exhibit 12 D

15

| JEFFERY M. LEVING | LAW OFFICES OF<br>JEFFERY M. LEVING, LTD.<br>*A PROFESSIONAL CORPORATION*<br>19 SOUTH LA SALLE STREET<br>SUITE 500<br>CHICAGO, ILLINOIS 60603<br>(312) 807-3990 | CHRISTOPHER T. SMITH<br>SEVANA M. SCHREPFUS<br>B. MARSHALL HILMES<br>MICHAEL L. SALAMUN<br>SHEMMA M. VOLK<br>MARTA L. BREVITS<br>JOHN R. MADDEN<br><br>- *IN MEMORIAM* -<br>VALERIE SEWELL<br>CATACHI DALLIO<br>WILLIAM K. BASS<br>ROBERT K. REARDON |
|---|---|---|

JEFFREY L. PAUSTIAN
JEFFREY M. FEINGOLD
JAMES M. NAGLER
MICHAEL W. OCHOA
ANDREW P. FILIPOWICZ
ARTHURIS. KALLOW
ANTHONY S. D'AGOSTINO
SCOTT A. SHELL
LESLIE P. POOLE
ERIC M. SCHLAG
JAMES C. NIELAND
YASNEEN N. BAKI
MATT NEW T. VOLK

July 11, 2022

*Via E-Mail*

Masah S. SamForay, Esq.
The Foray Firm
15255 S. 94th Avenue, Suite 500
Orland Park, IL 60462
msamforay@forayfirm.com

**Re: in re Former Parentage of Robert F. Williams, II v. Shemica Taylor (2020 D 079452)**

Dear Ms. SamForay:

The principal of the minor child's school has informed Ms. Taylor that the minor child will not be able to attend the Freedom Home Academy after July 15, 2022, due to the outstanding tuition bill of $1,400. The Allocation Judgment is silent on the allocation of the child's private education tuition and the status quo has been Mr. Williams, who significantly outearns Ms. Taylor has been paying full amount of the tuition. Please advise Mr. Williams to make payments on time so the minor child can remain in her class.

On July 8, 2022, Mr. Williams took the minor child out of school around 10AM without any communication to Ms. Taylor, which is a violation of the parties' Allocation Judgment, Article 1.9. Also, on information and belief, Mr. Williams took the minor child to the District of Columbia on Fourth of July weekend and this out-of-town trip was never communicated to Ms. Taylor.

Further, Ms. Taylor has great difficulties to reach the minor child during Mr. Williams' weekend parenting time. We suggest Ms. Taylor and the minor child shall have FaceTime calls around noon on Saturdays and Sundays.

To clarify financial and parenting time issues for both parties, we suggest that the parties exchange their work schedule and times, 2021 W-2s (front and back), 1099s, Federal and State Tax Returns, and six most recent paystubs. Please advise if you are in an agreement.

Sincerely,

30 (e)

19

20

## **Exhibit 12 E**

20   9

## **Exhibit D**
### ( Email Correspondence with Pinciple)
Email confirms my daughter being expelled from school due to an outstanding balance.

 **shemica taylor** · shemicataylor01@yahoo.com
To: Rob Williams

Fri, Jul 22 at 2:0

Malia is no longer enrolled at Freedom Home academy as of July 15th since payment was not made.

Sent from my iPhone

Begin forwarded message:

> **From:** Freedom Home Academy Admin <freedomhomeacademy2@gmail.com>
> **Date:** July 15, 2022 at 2:08:40 PM CDT
> **To:** shemica taylor <shemicataylor01@yahoo.com>
> **Subject: FHA Past due balance**
>
> Good afternoon
> We haven't received the past due tuition $1200. Unfortunately, we are unable to continue enrollment until this balance is satisfied.
> --
> Freedom Home Academy Intl', LLC
> The Will and the Skill, Raised Strong

30 (f)

20

5/24/23, 9:46 PM
Yahoo Mail - Fwd: Williams and Taylor - 20D79452 - 1.26.23 Order

Fwd: Williams and Taylor - 20D79452 - 1.26.23 Order

From: shemica taylor (shemicataylor01@yahoo.com)

To: lkyldyla@gmail.com

Date: Friday, May 19, 2023 at 12:42 PM CDT

Sent from my iPhone

Begin forwarded message:

**From:** "Platt, Stacey" <Splatt@luc.edu>
**Date:** May 19, 2023 at 12:14:53 PM CDT
**To:** Javaron Buckley Sr <results@buckleylawgrouppc.com>
**Cc:** Zack Reynolds <zr@cunninghamlopez.com>, "Street, Bailey" <bstreet@luc.edu>, shemica taylor <shemicataylor01@yahoo.com>, Rob Williams <robertfwilliams@yahoo.com>
**Subject: Re: Williams and Taylor - 20D79452 - 1.26.23 Order**

All:

Ms. Taylor is copied here, as is Mr. Williams.

I appeared this morning at 9am. We had the date wrong, then the time; please accept my apologies and note my cell phone number below for prompt contact with m working full time at her firm this summer, so the tardiness is entirely my fault. I will staff the case this summer; Bailey will return in the fall.

Since we are child representative, we do not make recommendations. We do take positions, however, and I'd like to share them with you:

1. Malia needs to be in counseling. This should have been done months ago. If, within the next two weeks, Ms. Taylor does not have Malia in counseling a of us the name and contact information for the counselor and then sign releases promptly permitting us to check on Malia's progress, we will bring a motion seeking to override her medical decision-making authority to permit Mr. Williams to enroll Malia in counseling. We will also support his motion to be grant decision-making. If Ms. Taylor wants to cede responsibility for this now to Mr. Williams, we will draft an agreed order for her signature. Mr. Williams has c contacts is ready to take this on. No further delay will be tolerated.

2. Despite being the parent seeking a school change, Ms. Taylor has failed to sign a release of information permitting us to follow up with Malia's school. her to do so and provided the form two times. Mr. Williams signed the release without delay. If Ms. Taylor does not sign the release we sent her and return it next two weeks, we will support the striking of her motion to change schools for want of prosecution.

Ms. Taylor has hampered our ability to move this case forward. Her delays are contrary to Malia's best interests.

Stacey Platt
Loyola Civitas ChildLaw Clinic
25 East Pearson St. 11th floor
Chicago, Illinois 60611
o: 312-915-7931
c: 773-732-2554
Sent from my iPhone

On May 19, 2023, at 9:36 AM, Javaron Buckley Sr <results@buckleylawgrouppc.com> wrote:



about:blank

3/31/24, 6:25 PM — Gmail - Court order therapist

 Gmail

Meca Taylor <mecataylor28@gmail.com>

---

## Court order therapist

---

**Alexus Greene** <agreene@family-institute.org>
To: Meca Taylor <mecataylor28@gmail.com>

Wed, Aug 9, 2023 at 11:12 AM

Hello,

No problem! I am glad the email found its way to me. Yes, that is correct. You inquired about court ordered therapy and I informed you that the clinicians who take court ordered cases are not available at this time. I am uncertain of when their schedules will be opening to accommodate new clients that require court ordered therapy specifically.

Please let me know if there is anything else you need!

Thank you,

**Alexus Greene**

Client Care Specialist, Client Care Team

312/609-5300, ext. 154

 THE FAMILY INSTITUTE at Northwestern University · 50 YEARS OF PARTNERING TO SEE CHANGE

 EXHIBIT 32

**From:** Meca Taylor <mecataylor28@gmail.com>
**Sent:** Wednesday, August 9, 2023 11:02 AM
**To:** Alexus Greene <agreene@family-institute.org>
**Subject:** Fwd: Court order therapist

[EXTERNAL]

[Quoted text hidden]
IMPORTANT: This message may contain confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure as information can be intercepted, lost, arrive late or incomplete. The sender therefore does not recommend total dependence on e-mail for secure and timely communication.

All Domestic Relations cases will be heard by phone or video.
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
   to get more information and Zoom Meeting IDs.
Remote Court Date: No hearing scheduled

FILED
6/26/2023 10:39 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020D079452
Calendar, 61
23285326

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOS
## COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| In Re. Title Parentage of: | ) |
| Robert F. Williams | ) |
| Petitioner | ) |
| | ) |
| v. | )   Case No. 2020 D 079452 |
| | )   Cal. 61 |
| Shemica Taylor | ) |
| Respondent | ) |

EXHIBIT 33

### Motion for Substitution to Appoint a New Child Representative
### For Malia Williams

Now comes Respondent, Shemica Taylor, by and through the Law Offices of Patrick
McClurkin Request removal and Substitution of Stacey Platt, pursuant to Illinois Supreme Court
Rule 907, and states as follows:

1. That Stacey Platt, Child Representative for Malia Williams as appointed by this court on
   September 8, 2021.
2. That pursuant to Rule 907, the child representative is required to obtain information on
   the child including the family member to investigate the facts of the case, and encourage
   settlement and the use of alternative forms of dispute resolution.
3. Stacey Platt, the child representative cannot be called as a witness to testify because
   Malia is a minor child's attorney. Hence anything either party days to the child
   representative is not protected by the attorney – client privilege.
4. Under Illinois law the child representative will have to complete a pre-trial memo in
   which his or her opinion or position on a specific issue will be revealed.
5. There are several areas the child representative failed to investigate Roberts conduct
   herein, and resulted in child representative not informing the court of Petitioners past
   conduct. (See exhibits 1, 2 & 3 see arrest report)

The child representative has failed its duties and responsibilities as follows:

1. Child representative failed to report that "Robert" has repeatedly taken Malia
   out of the state and out of the Country, i.e. South America, without court
   knowledge or approval. ( See Exhibit 4 American Airlines passenger locator
   records)

FILED DATE: 6/26/2023 10:39 AM 2020CH07982

2. Child representative failed to investigate Robert's parenting plan submitted to the court was an impossibility because " Robert" works nights for the Chicago Police Department and works days for American Airlines. (See Exhibits 5(12) through 5(16) payroll check stubs.)

3. Child representative failed to investigate "Roberts" claim that he resigned from American Airlines during the day time to verify his claim. (Exhibits 5 (12-16) & Exhibit 6 Robert's Parenting Plan.)

4. Child representative failed to investigate that "Robert" day time employment at American Airlines resulted in "Malia" being supervised and raised by family, friends and associates while under "Roberts" care; (Exhibits 5 & 6)

5. Child failed to conduct a follow-up investigation with "Robert" and "Shemica" father, after being informed that he threatened and assaulted her father in the presence of "Malia" (Exhibit 7 police report * Exhibit 8 Assaulted by Roberts tenant)

6. Child representative failure to raise possible anger management issues and whether counseling was ever discussed regarding "Roberts" needing professional help; ( Exhibit 7)

7. Child representative and Guardian Ad Litem failure to raise concerns regarding "Roberts" aggressive, behavior in the presence of "Malia" while both parents were in ongoing court litigation. (Exhibits 7 -9)

8. Child representative and/or the Guardian Ad Litem failed to produce any evidence of medical significance by mental health professionals, but their position was based upon unrelated and non-health professional opinionated discord.

9. Child representative and the Guardian Ad Litem never explained or [produced a scintilla of evidence what factors were considered to support their position (Except Roberts) that counseling/therapy is in the best interest of "Malia"

10. Child representative and/or Guardian Ad Litem failed to investigate the Chicago Police Departments charging Robert Williams with Deceptive Practices in 2020. It was determined that "Robert" received $20,000.00 from "Shemica" to purchase 1 condo unit at 5940 S. King Drive, Unit 2 N Chicago, IL. Unbeknown to Shemica this closing by Robert in 2012, was placed in his name until title was transferred to "Shemica" in 2015. Also had property listed for sale before transferring , title back to respondent

11. Shemica has requested that Chicago Police Department to re-open this case as "Robert" has never provided an accounting for income and expenses to "Shemica" from 2012 to June of 2020. She has never received $1.00 of income as Robert owned this unit to 2015 and managed this property until June 2020. (Exhibit 10 Deceptive Practices)

FILED DATE: 6/26/2023 10:39 AM   2020D079452

Where upon, Respondent Shemica Taylor Requests the following:

1. That Stacey Platt, child representative, be relieved as child representative and new child representative be appointed.
2. That the appointed child representative and/or Guardian Ad Litem investigate whether Robert Williams require anger management counseling.
3. That the court order any further relief it deems fair, equitable and just.

Respectfully Submitted,

By: Attorney Patrick McClurkin

47315
Patrick McClurkin
1525 E. 53rd Street, Suite 835
Chicago, IL 60615
773-947-9940

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE PARENTAGE OF:       )
                                    )
ROBERT F. WILLIAMS, II,       )
                                    )
             Petitioner,    )    Case No. 2020D079452
                                    )
and                         )
                                    )    Cal. 61
SHEMICA TAYLOR,        )
                                    )
            Respondent.    )

**ENTERED**
Judge Michael Forti-2162

**JUL 2 4 2023**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**ORDER**

THIS MATTER coming to be heard for in-person hearing on Petitioner's Renewed Petition to Enroll the Minor child in Therapy/Counseling and to Grant Medical Decision-Making and presentment of Respondent's petitions, counsel for Petitioner and Respondent present, Child Representative present, both parties present, due notice given and the Court fully advised,

IT IS HEREBY ORDERED:

1. Petitioner's Renewed Petition to Enroll the Minor Child in Therapy/Counseling and to Grant Medical Decision-Making is GRANTED in part, for reasons stated on the record.

2. The minor child shall immediately and within the next 48 hours be enrolled for therapy at The Family Institute at Northwestern University, phone number 847-733-4300. Both parties shall cooperate in assisting The Family Institute at Northwestern University in order to schedule the therapy sessions.

3. Petitioner's request to be granted sole medical decision-making is reserved for future ruling, for reasons stated on the record.

4. Child Representative Stacey Platt and the Loyola Civitas Child Law Clinic's oral motion to be discharged as Child Representative is GRANTED, *instanter*, for reasons stated on the record. The Court further finds, as stated on the record, that the Child Representative's motion is wholly independent of, and in no way admits to, the allegations contained within the Respondent's Motion for Substitution to Appoint a New Child Representative for Malia Williams. Counsel for Respondent does not withdraw the Motion for Substitution to Appoint a New Child Representative for Malia Williams. However, given Ms. Platt's discharge, the motion, as to her departure, is moot, and she shall not be required to respond to it.

5. Petitioner shall file Responses to Respondent's Motion for Substitution to Appoint a New Child Representative for Malia Williams and Respondent's Motion to Determine Fitness for Decision Maker on or before August 21, 2023.

A/0

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE PARENTAGE OF:      )
ROBERT F. WILLIAMS, II,      )
             Petitioner,      )
                         )
                         )
       and                  )      No.      2020 D 79452
                         )
                         )      Cal. 61
SHEMICA TAYLOR,          )
             Respondent.      )

### AGREED ORDER

     This matter coming before the Court upon the agreement of the parties, and the Court having jurisdiction and being fully advised in the premises,

### IT IS HEREBY ORDERED AND AGREED:

4234 R
42 R
P/R

     1.      Respondent is granted 28 days to respond to Petitioner's Petition for Contribution to Expenses; the parties shall exchange financial affidavits, YTD paystubs from all 2020 income sources and last 2 years tax returns within 28 days.

     2.      Each parent's information will be provided to and included in the Emergency Contact forms at the minor child's school.

     3.      All communications between the parties should be in writing via Talking Parents. The parties shall sign up for Talking Parents and begin using Talking Parents exclusively within seven (7) days.

4216
P/R

     4.      The parties shall respond to any communication in writing, via Talking Parents, regarding child-related issues in a timely manner, which shall be defined as within 6 hours of receipt of the communication.

     5.      The parties hereby acknowledge that they agreed in mediation that they would alternate holidays with the child, which remains their intention. For the remaining holidays in 2020, SHEMICA shall have parenting time for Thanksgiving, and ROBERT shall have parenting time for Christmas. The parties shall agree on the beginning and end days/times of said holiday

4350 P
4351 R

1

EXHIBIT
34

parenting time as far in advance as possible. The details of the parties' holiday parenting time schedule in 2021 and beyond is hereby reserved.

6.    RESPONDENT'S PETITION FOR TRO IS GRANTED; BOTH PARTIES SHALL BE RESTRAINED FROM LIQUIDATION OF THE CHICAGO PATROLMAN'S ACCOUNT ESTABLISHED FOR THE BENEFIT OF THE MINOR CHILD.

7.    This matter is continued to January 27, 2021 at 9:15 am for Status on Discovery and the Allocation of Parental Responsibilities. Zoom ID 856 1034 8684.

ENTER:

/s/ David E. Haracz #1878
_____
JUDGE

Associate Judge
David E. Haracz

Nov 24 2020

Circuit Court - 1878

Atty No. 44214
Ashonta C. Rice
Attorney for Respondent
15255 S. 94th Ave, 5th Floor
Orland Park, IL 60462
(708) 444-4922
ricelegalservices@yahoo.com

#62157
Masah S. SamForay
The Foray Firm
Attorney for Petitioner
1953 Ridge Rd.
Homewood, IL 60430
(312) 702-1293
msamforay@theforayfirm.com

Stacey Platt
Attorney for the minor
splatt@luc.edu

Theodore Gelderman
tgelderman@luc.edu

2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE PARENTAGE OF:

ROBERT F. WILLIAMS, II,                    )
                                           )
                    Petitioner,            )        Case No. 2020D079452
                                           )
                                           )                    **ENTERED**
and                                        )        Cal. 61     *Judge Michael Forti #2162*
                                           )                    October 12, 2022
SHEMICA TAYLOR,                            )                    Iris Y. Martinez
                                           )                    Clerk of the Circuit Court
                    Respondent.            )                    of Cook County, IL
                                                    DEPUTY CLERK _____

## ORDER

THIS MATTER coming to be heard on status, Petitioner, counsel for Petitioner and Respondent present via counsel, due notice given and the Court fully advised,

**IT IS HEREBY ORDERED:**

1.     Petitioner is granted leave to file Response to Respondent's Petition for Child Support and Allocation of Child Dependency Tax *instanter*. Petitioner shall file his Response by October 19, 2022.

2.     Respondent to file her Reply on or before October 24, 2022 if she chooses.

3.     Petitioner shall have additional 14 days to tender his updated financial affidavit by October 26, 2022.

3.     This matter is continued to January 13, 2023 at 9:30 a.m. via Zoom for status on outstanding pleadings.

4.     This matter is set for pre-trial and hearing on Respondent's Petition for Child Support and Allocation of Child Dependency Tax, if necessary, on January 26, 2023 at 12:45 p.m., via Zoom.

ENTERED: 10/12/2022

Zachary Reynolds
Cunningham Lopez LLP
Attorneys for Petitioner
120 W Madison St., Suite 611
Chicago, Illinois 60602
312-419-9611
Attorney No. 61027

**Service List:**
zr@cunninghamlopez.com;
enotice@levinglaw.com

EXHIBIT
31

Order                                                    (02/25/2?) __CG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ROBERT F. WILLIAMS

       **PETITIONER**

          v.

SHEMICA TAYLOR,

       **RESPONDANT.**

No.      **CASE NO.2020 079452**

**ENTERED**
Judge Michael Forti-2162
APR 05 2023
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

      **ORDER**

THIS MATEER COMING ON TO BE HEARD ON RESPONDENT'S PETITION FOR CHILD SUPPORT AND THE COURT BEING ADVISED IN THE PREMISES, AND BOTH PETITIONER & RESPONDENT ARE IN COURT WITH THEIR ATTORNEYS:

    IT IS ORDER BY THIS COURT THE FOLLOWING:

      **1.** RESPONDENT, SHEMICA TAYLOR WITHDRAWS HER DEMAND FOR CHILD SUPPORT AT THIS TIME AND IS GRANTED LEAVE TO REFILE FOR CHILD SUPPORT.

      **2.** THIS COURT MAY GRANT ANY ADDITIONAL RELIEF AS IS DEEM NECESSARY.

ENTERED 2112

**JUDGE MICHAEL FORTI**

EXHIBIT
39

Attorney No.: _____

Name:  **SHEMICA TAYLOR**

Atty. for:  **PRO SE**

Address:  **7330 SO. MERRILL**

City/State/Zip:  **CHICAGO, ILLINOIS 60649**

Telephone:  **312-846-0119**

Email:

ENTERED:

Dated: _____ , ____

_____
Judge          Judge's No.

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



4217 – Continuance - Allowed
4250 – Order, Plaintiff, Defendant or Witness to Appear - Allowed
4253 – Produce Exhibits or other Records or Documents or Person - Allowed
4284 – Strike or Withdraw Motion or Petition - Allowed
4312 – Finding of Delinquency - Allowed
4324 – Child Support Order Above Statutory Guidelines - Allowed
4325 – Child Support Order Below Statutory Guidelines - Allowed
4386 – Order to Pay Fees - Allowed

4435 – Order on Motion to Provide Medical Insurance - Allowed
4512 – Order Arrearage Set (amount needed) - Allowed
4567 – Order For Child Support - Allowed
4568 – Order Temporary Maintenance - Allowed
4600 – Order Support Payments Made Direct to Petitioner
4601 – Order Support Payments Made Direct to C.C.C./S.D.U. - Allowed
4604 – Order Support Payments Made Direct to Respondent - Allowed

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

### UNIFORM ORDER FOR SUPPORT

[X] Initial Order  [ ] Modification  [ ] Enforcement  [ ] UIFSA

**Shemica Taylor**
Petitioner / [X] Obligee  [ ] Obligor

-vs-

**Robert Williams**
Respondent / [ ] Obligee  [X] Obligor

PER COURT
(electronically
submitted)

Docket No.: _____ 23D051167 _____

IV-D No.: C _____ 03112399 _____

Calendar No.: _____ 64 _____

[ ] Illinois Department of Healthcare and Family Services is,
or has been, granted leave to intervene.

Definitions:  *Obligor* - An individual who owes a duty to make support payments pursuant to an Order for Support
*Obligee* - An individual to whom a duty of support is owed or the individual's legal representative
*Payor* - Any payor of income to an Obligor
*Unallocated Support* - A total amount for maintenance and child support and not a specific amount for either

*THIS MATTER coming to be heard on Petition for* [ ] Rule and/or Modification [X] Support [ ] Judgment

The Court Finds:

The Court has jurisdiction of the parties and the subject matter and that due notice was given by ___ personal service ___ on ___ 7/25/23 ___ .

[ ] a) The net income of the Obligor is $ _____ per _____ .
[ ] b) The amount of arrearage/judgment for child support is $ _____ as of _____ (date), interest is $ _____ as of _____ (date), [ ] interest prior to January 1, 2000, is reserved, maintenance or unallocated support is $ _____ as of _____ (date) and/or medical support is $ _____ as of _____ (date).
[ ] c) The amount of child support cannot be expressed exclusively as a dollar amount because all or a portion of the Obligor's net income is uncertain as to source, time of payment, or amount.
[ ] d) Retroactive child support is $ _____ from _____ to _____ .

The [X] Obligee [ ] Obligee's Attorney [ ] Obligor [ ] Obligor's Attorney [X] Assistant State's Attorney, being present

[ ] This matter being an Interstate Case, [X] Voluntary Acknowledgement of Paternity was signed on **9/29/15**
*It is Ordered:* [ ] After hearing [ ] By agreement of the parties [X] By default that:
**Robert Williams** _____ , Obligor, is to provide:

[ ] **MAINTENANCE**  (Do not complete this section if Unallocated Support is ordered.)

*Payment Amount:*
Current Maintenance: $ _____
Arrearage Payment: $ _____

Payments Begin: _____ (date)

*Payment Frequency:*
[ ] every week  [ ] every other week
[ ] monthly
[ ] twice each month on _____ & _____
[ ] other _____ (date)

[X] **CHILD SUPPORT**  OR  [ ] **UNALLOCATED SUPPORT**

*Payment Amount:*
Current Child Support Payment or
Unallocated Support Payment: $ **1,048.70**
Arrearage/Retroactive Payment: $ **reserved**
Other Payment: [ MEDICAL ] $ **0**
Payments Begin: **12/7/23** (date)

*Payment Frequency:*  **Permanent Order of Support**
[ ] every week  [ ] every other week  [X] monthly
[ ] twice each month on _____ & _____
[ ] other _____ (date)

Judgment in the amount of $ _____ plus interest of $ _____ for a total due of $ _____ , is
entered against the Obligor on the arrears.

SAO 2500-1 (Rev. 08/17)                              Page 1 of 5

## TERMINATION

This obligation to pay child support terminates on ☒ the child ☐ youngest child's 18ᵗʰ birthdate unless modified by written order of the Court or unless the child is still attending high school after attaining the age of 18, then the termination date shall be the earlier of the child's high school graduation or the date on which the child will attain the age of 19. This termination date does not apply to any arrearage that may remain unpaid on that date.

## ARREARS PAYMENT

If on the termination date (if no termination date, then on date the child attains majority or otherwise emancipates) there is an unpaid arrearage or delinquency equal to at least one month's support obligation, the amount being paid immediately preceding termination, including any current support payment, arrearage payment and/or any delinquency, will continue to be collected as an obligation, not as current support, but as a periodic payment toward satisfaction of the unpaid support.

## MEDICAL INSURANCE    *Provided by the NCP.*

The ☐ Obligor, ☐ Obligee, ☐ Obligor *and* Obligee, shall provide health insurance for the child(ren): ☐ as provided in previous order entered on _____ ; ☐ by enrolling them in any health insurance coverage available through the ☐ Obligor's, ☐ Obligee's, ☐ Obligor's and Obligee's, employment or ☐ by securing a private health insurance policy, accepted by the Obligor and Obligee or approved by the Court, which names the child(ren) as beneficiary. The Obligor shall provide to the Obligee a copy of the insurance policy and the insurance card within *45 days*. The employer or labor union or trade union shall disclose information concerning dependent coverage plans whether or not a court order for medical support has been entered. 750 ILCS 5/505.2.

☐    The Obligor is liable for _____ % of medical expenses incurred by the minor child(ren) and not covered by insurance.

☐    Upon obtaining employment which provides dependent health/hospitalization insurance at reasonable costs; or upon Obligor's employer making dependent health/hospitalization insurance available at reasonable costs, Obligor must immediately enroll the aforementioned child(ren) in the employer's health/hospitalization insurance plan.

The issue of medical insurance is entered and continued.

*It is further ordered that* (except when the Court finds that the physical, mental or emotional health of a party or that of a minor child, or both, would be seriously endangered by disclosure of the party's address):

The Obligor shall give written notice to the Clerk of the Court, and *if* a party is receiving child and spouse services under Article X of the Illinois Public Aid Code, to the Illinois Department of Healthcare and Family Services, (HFS) *within 7 days*, of:

- any new residential, mailing address or telephone number;
- the name, address and phone number of any new employer, and;
- the policy name and identifying number(s) of health insurance coverage available.

The Obligor shall submit a written report of termination of employment and of new employment, including name and address of the new employer, to the Clerk of the Court and the Obligee *within 10 days*. Obligor and Obligee shall advise each other of a change of residence *within 5 days* except when the Court finds that the physical, mental or emotional health of a party or that of a minor child, or both, would be seriously endangered by disclosure of the party's address. An Obligee receiving payments through income withholding shall notify the Clerk of the Court and the State Disbursement Unit *within 7 days*, of a change in residence. The Obligor and Obligee shall report to the Clerk of the Court any change of information included in the Child Support Data Sheet (Exhibit I) *within 5 business days* of such a change.

## UNEMPLOYMENT

☐ Obligor is unemployed and is ordered to seek employment. The Obligor must report periodically to the Court with a diary listing the name, address, telephone number and contact person of each employer with which he or she has sought employment.

☐ Obligor is ordered to report to the Department of Employment Security for job search services or to complete an application with the local Job Training Partnership Act provider for participation in job search, training or work programs.

☐ Obligor is unemployed and is ordered to put forth a diligent effort to obtain employment and to cooperate with all instructions of HFS. *Upon finding employment, the Obligor shall notify HFS in writing at 36 South Wabash, 9ᵗʰ Floor, Chicago, IL 60603 within 7 days.* The Obligor's failure to comply with the requirements of this Order may result in the State's Attorney seeking a contempt of court order.

☐ **GENETIC TEST REIMBURSEMENT:** Obligor shall pay $ _____ to HFS for a genetic test reimbursement.
Payments must be made in lump sum or installments by personal check or money order payable to HFS and either mailed to:
HFS, Title IV-D Accounting Unit, P.O. Box 19138, Springfield, IL 62705-9138, or conveyed as otherwise directed by the Court.
Payment must include IV-D number as shown on this Order.

This Order does not preclude HFS from collecting any arrearage established by or which may accrue under this Order for Support by use of the offset provisions of Section 6402 (c) of the Internal Revenue Code of 1954, and 15 ILCS 405/10.05(a) as amended. Such arrearage shall be considered as "past due" or "due and payable" within the meaning of said statutory provisions. This order does not preclude the placing of a lien on real and personal assets or initiating a proceeding for garnishment, attachment of sequestration pursuant to law and the Code of Civil Procedure.

This order of support supersedes any and all prior orders of support under this case number.

☒ **OTHER:**

The Petitioner appeared and the Respondent failed to appear (Respondent nor counsel - if any appeared).
The Respondent signed a VAP for the minor child.
The Court order support as follows: the Petitioner's gross income is $5,136 (per paystubs) and the Respondent's gross monthly income is $(9,621) per wage information/paystubs. The Respondent's ongoing child support obligation is $1,048.70 per month. This amount is retroactive from the date of filing (4/27/23) - HFS to determine arrears and set an arrears payment. The Respondent provides medical insurance - he has received credit for the insurance provided.

☒ This cause is continued for _off cal_ to _____, at _____
Room **REMOTE** at VIA ZOOM

| | | |
|---|---|---|
| ☐ | Richard J. Daley Center, 50 W. Washington, Chicago, IL | ☐ Richard J. Daley Center, 50 W. Washington, Concourse Level - Room CL24, Chicago, IL |
| ☐ | District 2 - 5600 Old Orchard Road, Skokie, IL | ☐ District 5 - 10220 South 76th Ave., Bridgeview, IL |
| ☐ | District 3 - 2121 Euclid Ave., Rolling Meadows, IL | ☐ District 6 - 16501 South Kedzie, Markham, IL |
| ☐ | District 4 - 1500 Maybrook Drive, Maywood, IL | |

☐ without further notice ☐ without further notice to Petitioner ☐ without further notice to Respondent

*FAILURE TO APPEAR MAY RESULT IN ENTRY OF A DEFAULT JUDGMENT*

HFS: 1-800-447-4278

3/31/24, 8:31 PM
Yahoo Mail - Fwd: Five attachments (23D051167)

## Fwd: Five attachments (23D051167)

From: shemica taylor (shemicataylor01@yahoo.com)

To: patrick@mcclurkinlaw.com

Date: Thursday, February 8, 2024 at 12:59 PM CST



Sent from my iPhone

Begin forwarded message:

> **From:** shemica taylor <shemicataylor01@yahoo.com>
> **Date:** February 8, 2024 at 9:55:11 AM CST
> **To:** "B. Marshall Hilmes" <BMarshall.Hilmes@cookcountysao.org>
> **Subject: Re: Five attachments (23D051167)**

Mr. Marshall,

Judge Forti would not hear my motions regarding child support and allowed me to withdraw my motion for child support. This is why I sought services from the State. There is no legal Justification to consolidate my case. This is a ping pong back to different division at my expense. My due process has already been violated in Judge Forti' on several hearings. What this appears to me is **fraud upon the court**.

Respectfully,
Shemica Taylor

On Thursday, February 8, 2024 at 08:52:44 AM CST, B. Marshall Hilmes <bmarshall.hilmes@cookcountysao.org> wrote:

**Good morning Ms. Taylor,**

YOU STATED::
Per our phone conversation on 1/30/2024 regarding my child support payments, You stated that an agreement could be reached where my permanent support becomes temporary; this would violate my due process. I still question why I would agree, as a hearing and ruling have been heard regarding my permanent support.
MY RESPONSE:

    1. An agreed order, had you accepted it, would not violate your due process.

YOU STATED:
You also stated that there were "two orders entered in August, and that's the reason for the motion to vacate my child support." However, that appears to be administrative errors or errors on the opposing side, that should not affect my child support.
MY RESPONSE:
    I never said that there were two orders entered in August.
        An oral order to consolidate is alleged, but it was never entered.
        A temporary support order was entered in September.
        The basis for the motion to consolidate is stated in the motion filed 12/26/23. I have attached the motion and the case summaries for both cases.
YOU STATED:
You later mentioned that "Judge Mackoff's calendar is full to capacity, and he can no longer have me assigned to his case." Therefore, there is a high possibility for me to be transferred back to the domestic relations division with Judge Forti.
MY RESPONSE:
    I never said, "full to capacity".
    Often cases are consolidated with the earliest filed case and every Calendar has a lot of cases.
        In this case, I will ask that the child support case remain as ordered on 127/23 and go back off call.

3/31/24, 8:31 PM — Yahoo Mail - Fwd: Five attachments (23D051167)

**YOU STATED:**
It appears the goal is to return me to the domestic relations division. However, I clarified that I do not wish to have my child support case in that division as to why I seek my services from the State. Vacating or consolidating my case would deny my due process, and I will explain this later today in court. In addition, There is no need to consolidate my case as the law does not require doing so for two unrelating matters. This action is not justified by the law.
**MY RESPONSE:**
I will ask the Judge to give you a chance to present your arguments.

**YOU STATED:**
Also, please explain why you are suddenly assigned to my case. I had Yolanda Simmons represent me before being transferred to you?
**MY RESPONSE:**
You had ASA Madison in October, ASA Yolanda in December, and me in January and February.
I was assigned to Calendar 64 in November, and ASA's assist where needed.

**B. Marshall Hilmes**

Assistant States Attorney, Child Support Division, Civil Actions Bureau

Cook County State's Attorney's Office

28 N. Clark St., Suite 300

Chicago, IL 60602

P: 312.345-2258
E: bmarshall.hilmes@cookcountysao.org
Please note that my email address domain has changed "cookcountyil.gov" to cookcountysao.org"
This communication is private and confidential and may be subject to attorney-client and/or work product privileges. If you have received this message in error, please notify the sender and remove it from your system.

---

**From:** shemica taylor <shemicataylor01@yahoo.com>
**Sent:** Thursday, February 8, 2024 7:48
**To:** B. Marshall Hilmes <BMarshall.Hilmes@cookcountysao.org>
**Subject:** Re: Five attachments (23D051167)

**External Message Disclaimer**

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Hello Mr. Marshall,

Per our phone conversation on 1/30/2024 regarding my child support payments, You stated that an agreement could be reached where my permanent support becomes temporary; this would violate my due process. I still question why I would agree, as a hearing and ruling have been heard regarding my permanent support. You also stated that there were "two orders entered in August, and that's the reason for the motion to vacate my child support." However, that appears to be administrative errors or errors on the opposing side, that should not affect my child support.

You later mentioned that "Judge Mackoff's calendar is full to capacity, and he can no longer have me assigned to his case." Therefore, there is a high possibility for me to be transferred back to the domestic relations division with Judge Forti.

It appears the goal is to return me to the domestic relations division. However, I clarified that I do not wish to have my child support case in that division as to why I seek my services from the State. Vacating or consolidating my case would deny my due



STATE OF ILLINOIS

COUNTY OF COOK

RE: SHEMICA TAYLOR

CASE NO. 2020D79452

### AFFDAVIT

I, SHEMICA TAYLOR, herein after referred to as Affiant in the above caption matter states the following;

1) Affiant states that in the past and present in the Domestic Relation Division, Affiant's Constitutional Rights have not been preserved, considered or protected by this court.

2) Affiant states that her 1st, 5th, 6th 14th Amendments due process rights and equal protection guarantees to the U.S. Constitution have been denied by this Court.

3) This Court has failed to uphold and enforced it own court orders. This court has never enforced the exchange of financial affidavits or surrender tax returns. This court has failed to have impartial hearing by only allowing Petitioners Motions to be heard.

4) This Court has failed to address custodial rights despite this case has been pending for four years which has depleted my funds without resolution.

5) This court has failed to enforce a travel band, as Petitioner has taken our daughter on numerous occasions to dangerous non- extraditable countries- that have level 4 travel band for by the U.S. State Department. Petitioner ignores these warnings and puts our daughter at risk of kidnapping Or hostages exchange for money.

6) This Court has allowed Petitioner to take our daughter to non- extraditable countries without my knowledge and consent and failed to give me information regarding travel arrangements.

7) This Court also allowed a Trial by Affidavit in which I never signed an affidavit or waiver to wave my rights. This type of procedure would not be in the best interest of my daughter or myself.

8) The failures of my attorneys are reprehensible and in violations with Illinois Professional Responsibility Cannons of Ethics.

9) Based on the foregoing I'm requesting my case to be stricken from the Court Call.

AFFIANT FURTHER SAYETH NOTH.



OFFICIAL SEAL
JOCELYN LARA
Notary Public, State of Illinois
Commission No. 977608
My Commission Expires
September 07, 2027

SHEMICA TAYLOR

Signed and Sworn to before Me on _____ 15th _____ day

Of ___ February ___ Month, 2024

_____
Notary Public

OFFICIAL SEAL
JOCELYN LARA
Notary Public, State of Illinois
Commission No. 977608
My Commission Expires
September 07, 2027

## RE: [EXT] Re: Attorney-Client Privileged Communication | 7/6/2021 Order

From:  Summer X. Du (sxdu@levinglaw.com)

To:    shemicataylor01@yahoo.com

Cc:    JHagler@levinglaw.com

Date:  Tuesday, February 15, 2022 at 08:53 AM PST

Dear Ms. Taylor,

We can confirm that by signing this motion it does not mean you ever endorsed an amended procedure or that you waived your rights to due process. It is quite the opposite. This is why you are now trying to amend and vacate the court order.

I understand that you have not seen some of the court orders before, however, they are still part of the procedural facts of your case. Omitting it is not going to change anything. We have good arguments under the law and what happened in the court proceedings are undisputed facts regardless of when and how you finally became aware of it. It is our professional opinion that by giving the new judge the whole picture of what had happened, it would benefit you. Omitting it might cause further confusion and will not benefit you at all.

We highly recommend you trust us on this so we can get it filed ASAP.

Sincerely,

Summer Du





**Summer X. Du**
Attorney
19 South LaSalle Street, Suite 1500
Chicago, IL 60603 | PH: (312) 407-6865 | Fax: 312-807-4782
sxdu@levinglaw.com

www.dadsrights.com | www.jmlevinglawltd.com

Please Note: This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received this message in error, please advise the sender by reply email and delete the message. Thank you for your assistance.
Federal Tax Notice: In accordance with The Department of the Treasury Circular 230, please be advised that any statements contained herein (including any attachments hereto) are not intended to be used, and may not be used by you or any other person, for the purpose of avoiding penalties that may be imposed under federal tax law.

1

All Domestic Relations Cases will be heard by Audio/Video Call at 9:30989
Go to http://www.cookcountycourt.org/LinkClick.aspx?fileticket=G7A8KAcSi8E%3d&portalid=0
    to get more information and Zoom Meeting IDs.

FILED
2/16/2022 5:26 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020D079452
Calendar, 61
16741134

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE PARENTAGE OF:  )
                          )
**ROBERT F. WILLIAMS, II,**  )     Case No. **2020 D 079452**
          Petitioner,     )
  vs.                     )     Cal. **61**
                          )
**SHEMICA TAYLOR,**         )
          Respondent.     )

### AMENDED MOTION TO VACATE/RECONSIDER/MODIFY ALLOCATION JUDGMENT ENTERED NOVEMBER 4, 2021

**NOW COMES** the Respondent, SHEMICA TAYLOR (hereinafter "SHEMICA"), by and through her attorneys, the Law Offices of Jeffery M. Leving, Ltd., and pursuant to 735 ILCS 5/2-1203 and 750 ILCS 5/505, and moves this Honorable Court to vacate/reconsider its' prior Order, and in support thereof, states as follows:

#### History of the Case

1. An Allocation Judgment was entered by the court on November 4, 2021, after an abbreviated trial which occurred on June 21, 2021. A copy of said Allocation Judgment is attached hereto as "**Exhibit A**" and by reference made a part hereof.

2. On information and belief, only the parties testified in a narrative manner. No exhibits were admitted into evidence, and only de minimus findings were entered by the court concerning the best interests of the minor child.

3. Further that no court reporter nor record was made of the proceedings.

4. SHEMICA's trial counsel was terminated, additional counsel was obtained, and the additional counsel was retained by SHEMICA who then withdrew its Appearance on December 8, 2021.

1



DocuSign Envelope ID: 19314D07-2EB3-4ADF-A447-2022F9EDB9B9

FILED DATE: 2/16/2022 5:26 PM   2020D079452

5. This cause was set for status on March 4, 2022 and the Petitioner, ROBERT F. WILLIAMS, II (hereinafter "ROBERT") granted 28 days to responds to the Motion to Vacate, and said Response was filed on January 3, 2022.

6. That on July 6, 2021, the court entered an Order that provided that after one day of trial on June 21, 2021, wherein both parties testified, further testimony would be by affidavits to be submitted to the court by Friday, June 25, 2021. A copy of said Order is attached hereto as "**Exhibit B**" and by reference made a part hereof.

7. That trial by affidavits is, to say the least, extremely problematical as this procedure obviated cross examination, foundation of evidence and testimony. Further, how the parties were to accomplish obtaining witness affidavits in four (4) days is unknown.

8. That on information and belief, no additional affidavits were submitted to the court by June 25, 2021.

9. That the court also provided in its July 6, 2021 Order that first the Child's Representative would present an Allocation Judgment, followed by the parties presenting their draft Allocation Judgments two weeks thereafter.

10. That on November 23, 2021, SHEMICA, appearing pro se, filed A Motion to Vacate.

11. That SHEMICA has since retained counsel in this matter to amend her pro-se Motion to Vacate.

12. That it appears that the November 4, 2021 Order was a final Order.

13. That the November 4, 2021 court Order is deficient, onerous, and improper in several areas, and must be vacated/reconsidered, or in the alternative, modified in accordance with the relevant statutes of the Illinois Marriage and Dissolution of Marriage Act.

2

DocuSign Envelope ID: 19314D07-2EB3-4ADF-A447-2022F9EDB9B9

## Count I:  Child Support/Extra-curricular Contribution
## and Contribution to Uninsured Medical Expenses

1-13. SHEMICA re-alleges and reincorporates the allegations set forth in paragraphs 1-13 of

the History of the case as and for paragraphs 1-13 of Count I.

14. That the Allocation Judgment sets for in Paragraph 1.22 that the parties shall equally split

(50/50) the cost of the minor child's health insurance, co-payments, and out-of-pocket

expenses.

15. That the Allocation Judgment sets forth in Paragraph 1.27 that the parents shall equally

pay fifty percent (50%) of the minor child's extra-curricular activities.

16. That nowhere in the Judgment does the court make any findings regarding the income of

the parties.

17. That the Allocation Judgment is silent as to the issue of child support.

18. That notwithstanding the fact that the court ordered equal parenting time between the

parties, the court never entered an order of child support.  Nor, on information and belief,

did the court receive any evidence a trial such as paystubs, financial affidavits, and tax

returns, to justly proportion each parties' obligation to contribute to uninsured medical

expenses, medical insurance, and extra-curricular activities.

19. That SHEMICA had a Petition for Allocation of Parental Responsibilities, Child Support,

Contribution to Expenses, and for Other Relief, filed on September 14, 2020 which has

yet to be adjudicated. A copy of the Petition is attached hereto as "**Exhibit B**" and by

reference made a part hereof.

20. That the court adjudicated Count I of the Petition (Allocation of Parenting

Responsibilities), Count II (Parenting Schedule), but never adjudicated Count III (Child

Support), and improperly determined Count IV, (Contribution to Educational and

3

DocuSign Envelope ID: 19314D07-2EB3-4ADF-A447-2022F9EDB9B9

FILED DATE: 2/16/2022 5:26 PM   2020D079452

Extracurricular Expenses, which should have been resolved after the court had first determined the relative incomes of the parties and their proportional gross incomes.

21. Had the court have known the gross incomes of the parties, the court would not order the parties equally pay fifty percent (50%) of the minor child's health insurance, co-payments, out-of-pocket expenses, and the costs of extra-curricular activities. On information and belief, the Petitioner earns at least $160,000 (from employment as a Chicago Police Officer and additional employment by American Airlines) and the Respondent earned $ 88,000 in 2020 and $ 58,000 in 2021 due to involuntary reduced work hours.

22. That the court ought to modify Paragraph 1.22 of the Allocation Judgment entered on November 4, 2021 based upon evidence to apply the statutory factors and determine that the parents shall be proportionally responsible for the cost of the minor child's health insurance, co-payments, and out-of-pocket expenses based on the parties' gross income.

23. That the court ought to modify Paragraph 1.27 of the Allocation Judgment entered on November 4, 2021 that the parents shall be proportionally responsible for the cost of the minor child's extra-curricular activities based on the parties' gross income.

**WHEREFORE,** the Respondent, SHEMICA TAYLOR, prays for the following relief:

A. That the court modify Paragraph 1.27 of the Allocation Judgment entered on November 4, 2021 so as that the parents shall be proportionally responsible for the cost of the minor child's health insurance, co-payments, and out-of-pocket expenses based on the parties' gross income;

B. That the court modify Paragraph 1.27 of the Allocation Judgment entered on November 4, 2021 so as that the parents shall be proportionally responsible for the cost of the minor

DocuSign Envelope ID: 19314D07-2EB3-4ADF-A447-2022F9EDB9B9

FILED DATE: 2/16/2022 5:26 PM    2020D079452

5. This cause was set for status on March 4, 2022 and the Petitioner, ROBERT F. WILLIAMS, II (hereinafter "ROBERT") granted 28 days to responds to the Motion to Vacate, and said Response was filed on January 3, 2022.

6. That on July 6, 2021, the court entered an Order that provided that after one day of trial on June 21, 2021, wherein both parties testified, further testimony would be by affidavits to be submitted to the court by Friday, June 25, 2021. A copy of said Order is attached hereto as "**Exhibit B**" and by reference made a part hereof.

7. That trial by affidavits is, to say the least, extremely problematical as this procedure obviated cross examination, foundation of evidence and testimony. Further, how the parties were to accomplish obtaining witness affidavits in four (4) days is unknown.

8. That on information and belief, no additional affidavits were submitted to the court by June 25, 2021.

9. That the court also provided in its July 6, 2021 Order that first the Child's Representative would present an Allocation Judgment, followed by the parties presenting their draft Allocation Judgments two weeks thereafter.

10. That on November 23, 2021, SHEMICA, appearing pro se, filed A Motion to Vacate.

11. That SHEMICA has since retained counsel in this matter to amend her pro-se Motion to Vacate.

12. That it appears that the November 4, 2021 Order was a final Order.

13. That the November 4, 2021 court Order is deficient, onerous, and improper in several areas, and must be vacated/reconsidered, or in the alternative, modified in accordance with the relevant statutes of the Illinois Marriage and Dissolution of Marriage Act.

DocuSign Envelope ID: 19314D07-2EB3-4ADF-A447-2022F9EDB9B9

FILED DATE: 2/16/2022 5:26 PM   2020D0079452

## Count I:  Child Support/Extra-curricular Contribution
## and Contribution to Uninsured Medical Expenses

1-13. SHEMICA re-alleges and reincorporates the allegations set forth in paragraphs 1-13 of

the History of the case as and for paragraphs 1-13 of Count I.

14. That the Allocation Judgment sets for in Paragraph 1.22 that the parties shall equally split

(50/50) the cost of the minor child's health insurance, co-payments, and out-of-pocket

expenses.

15. That the Allocation Judgment sets forth in Paragraph 1.27 that the parents shall equally

pay fifty percent (50%) of the minor child's extra-curricular activities.

16. That nowhere in the Judgment does the court make any findings regarding the income of

the parties.

17. That the Allocation Judgment is silent as to the issue of child support.

18. That notwithstanding the fact that the court ordered equal parenting time between the

parties, the court never entered an order of child support.  Nor, on information and belief,

did the court receive any evidence a trial such as paystubs, financial affidavits, and tax

returns, to justly proportion each parties' obligation to contribute to uninsured medical

expenses, medical insurance, and extra-curricular activities.

19. That SHEMICA had a Petition for Allocation of Parental Responsibilities, Child Support,

Contribution to Expenses, and for Other Relief, filed on September 14, 2020 which has

yet to be adjudicated. A copy of the Petition is attached hereto as **"Exhibit B"** and by

reference made a part hereof.

20. That the court adjudicated Count I of the Petition (Allocation of Parenting

Responsibilities), Count II (Parenting Schedule), but never adjudicated Count III (Child

Support), and improperly determined Count IV, (Contribution to Educational and

3

DocuSign Envelope ID: 19314D07-2EB3-4ADF-A447-2022F9ED89B9

FILED DATE: 2/16/2022 5:26 PM   2020D079452

Extracurricular Expenses, which should have been resolved after the court had first determined the relative incomes of the parties and their proportional gross incomes.

21. Had the court have known the gross incomes of the parties, the court would not order the parties equally pay fifty percent (50%) of the minor child's health insurance, co-payments, out-of-pocket expenses, and the costs of extra-curricular activities. On information and belief, the Petitioner earns at least $160,000 (from employment as a Chicago Police Officer and additional employment by American Airlines) and the Respondent earned $ 88,000 in 2020 and $ 58,000 in 2021 due to involuntary reduced work hours.

22. That the court ought to modify Paragraph 1.22 of the Allocation Judgment entered on November 4, 2021 based upon evidence to apply the statutory factors and determine that the parents shall be proportionally responsible for the cost of the minor child's health insurance, co-payments, and out-of-pocket expenses based on the parties' gross income.

23. That the court ought to modify Paragraph 1.27 of the Allocation Judgment entered on November 4, 2021 that the parents shall be proportionally responsible for the cost of the minor child's extra-curricular activities based on the parties' gross income.

**WHEREFORE**, the Respondent, SHEMICA TAYLOR, prays for the following relief:

A. That the court modify Paragraph 1.27 of the Allocation Judgment entered on November 4, 2021 so as that the parents shall be proportionally responsible for the cost of the minor child's health insurance, co-payments, and out-of-pocket expenses based on the parties' gross income;

B. That the court modify Paragraph 1.27 of the Allocation Judgment entered on November 4, 2021 so as that the parents shall be proportionally responsible for the cost of the minor

4

tax credit/dependency exemptions in odd years;

B.    That the court permit SHEMICA to claim the minor child for dependency exemption/childcare tax credit in 2021, 2022, and 2023; and that each party execute the appropriate IRS from to enable the other parent to claim the benefits in accordance with this court's anticipated order;

C.    That the Respondent be awarded attorneys' fees and costs incurred should this matter be contested;

D.    That the court grant any other relief as the court deem equitable and just.

Respectfully Submitted:
Law Offices of Jeffery M. Leving, Ltd.

_____
One of the Respondent's Attorneys

#11836
James M. Hagler  Esq.
Law Offices of Jeffery M. Leving, Ltd.
Attorneys for Respondent
19 South LaSalle Street #1500
Chicago, IL 60603
(312) 407-6823

FILED DATE: 2/16/2022 5:26 PM   2020D079452

6

DocuSign Envelope ID: 19314D07-2EB3-4ADF-A447-2022F9EDB9B9

tax credit/dependency exemptions in odd years;

B.      That the court permit SHEMICA to claim the minor child for dependency exemption/childcare tax credit in 2021, 2022, and 2023; and that each party execute the appropriate IRS from to enable the other parent to claim the benefits in accordance with this court's anticipated order;

C.      That the Respondent be awarded attorneys' fees and costs incurred should this matter be contested;

D.      That the court grant any other relief as the court deem equitable and just.

Respectfully Submitted:
Law Offices of Jeffery M. Leving, Ltd.

_____
One of the Respondent's Attorneys

#11836
James M. Hagler Esq.
Law Offices of Jeffery M. Leving, Ltd.
Attorneys for Respondent
19 South LaSalle Street #1500
Chicago, IL 60603
(312) 407-6823

6

Case: 1:24-cv-02604 Document #: 1 Filed: 04/01/24 Page 162 of 178 PageID #:162

4 °C

COLOMBIA

# American Tourist Fatally Shot in Colombia: A Wake-Up Call for International Travel Safety

 By: María Alejandra Trujillo

Published: November 4, 2023 at 8:08 am EST | Updated: Nov 4, 2023 at 12:20 pm EST



EXHIBIT

46A

1/30/24, 2:09 PM
American Tourist Fatally Shot in Colombia: A Wake-Up Call for International Travel Safety - BNN Breaking

Case: 1:24-cv-02664 Document #: 1 Filed: 04/01/24 Page 163 of 178 PageID #:163



Gregory Stewart Owens, a 59-year-old American tourist, was tragically killed in Cartagena, Colombia, during his birthday celebration. The incident happened in the Marbella neighborhood, where two assailants on a motorcycle attempted a robbery. The confrontation escalated, leaving Owens fatally shot.

(Also Read: **<u>Haiti's Crisis: Armed Gangs, Government Corruption, and a Nation in Despair</u>**)

$\mathcal{B}$

# The Prevalence of Violent Crime in Colombia

The unfortunate incident underscores the rampant violent crimes in Colombia, including homicides, assaults, and armed robberies. Organized criminal activities like extortion, robbery, and kidnapping are common, perpetrated by terrorist organizations like the National Liberation Army (ELN) and the Revolutionary Armed Forces of Colombia People's Army (FARC–EP). These groups, including the notorious Clan del Golfo, continue to terrorize the country with their attacks. While U.S. citizens aren't specifically targeted, they can become unintended victims.

# U.S. Department of State's Travel Advisory for Colombia

The U.S. Department of State has issued a travel advisory for Colombia, recommending increased caution due to civil unrest and kidnapping. Certain regions, including Arauca, Cauca, and Norte de Santander Departments, have been categorized as Level 4 — advising against travel due to high violent crime rates. The Colombia-Venezuela border also carries a Level 4 designation, warning U.S. citizens against traveling here due to detention risks at the border.

# Other Safety Concerns for Travelers in Colombia

Besides violent crime, travelers in Colombia face other safety concerns. Public demonstrations are regular occurrences, often escalating to violence, causing fatalities and injuries. Road conditions are hazardous, traffic laws are frequently flouted, and enforcement is lax. Public transportation, such as taxis and buses, are also risky, with numerous reports of robberies and assaults on tourists.

1/30/24, 2:09 PM
American Tourist Fatally Shot in Colombia A Wake-Up Call for International Travel Safety | BNN Breaking

Case: 1:24-cv-02604 Document #: 1 Filed: 04/01/24 Page 165 of 178 PageID #:165

1 hour ago

## Resistance Mounts Against Spanish Prime Minister's Proposed Amnesty Deal

An amnesty deal proposed by Spanish Prime Minister Pedro Sanches is currently facing significant resistance. The deal was intended to ease longstanding tensions in Catalonia, following the region's failed independence bid in 2017. However, separatist groups in the region are showing no signs of support, putting the deal's future in jeopardy. A Controversial Proposal The



DISTRICT 1

# CASE SUMMARY
## CASE NO. 2020D079452

| 09/06/2022 | Certificate Of Service Filed<br>Party: Respondent TAYLOR, SHEMICA<br>*COS of Financial Affidavit* |
|---|---|
| 09/06/2022 | Certificate Of Service Filed<br>Party: Respondent TAYLOR, SHEMICA<br>*COS of Discovery Requests* |
| 09/06/2022 | Notice Filed<br>Party: Respondent TAYLOR, SHEMICA |
| 09/06/2022 | Subpoena For Deposition - Retd P.S.<br>Party: Respondent TAYLOR, SHEMICA<br>*Subpoena to American Airlines* |
| 09/06/2022 | Subpoena For Deposition - Retd P.S.<br>Party: Respondent TAYLOR, SHEMICA<br>*Subpoena to CPD* |
| 09/08/2022 | Appearance Filed - No Fee Paid -<br>*Appearance* |
| 09/08/2022 | Notice Of Filing Filed<br>*NOF* |
| 09/27/2022 | Postcard Generated<br>Party: Other Attorney CIVITAS CHILDLAW CLINIC |
| 09/27/2022 | Postcard Generated<br>Party: Petitioner WILLIAMS, R, II; Attorney HOLLIS LYNNA C |
| 09/27/2022 | Postcard Generated<br>Party: Respondent TAYLOR, SHEMICA; Attorney BEERMANN PRITIKIN MIRABELLI SWERDLO |
| 09/27/2022 | Postcard Generated<br>Party: Respondent TAYLOR, SHEMICA; Attorney BEERMANN PRITIKIN MIRABELLI SWERDLO |
| 09/27/2022 | Postcard Generated<br>Party: Petitioner WILLIAMS, R, II; Attorney HOLLIS LYNNA C |
| 09/27/2022 | Postcard Generated<br>Party: Other Attorney CIVITAS CHILDLAW CLINIC |
| 09/27/2022 | Postcard Generated<br>Party: Respondent TAYLOR, SHEMICA; Attorney BEERMANN PRITIKIN MIRABELLI SWERDLO |
| 09/27/2022 | Postcard Generated<br>Party: Respondent TAYLOR, SHEMICA; Attorney BEERMANN PRITIKIN MIRABELLI SWERDLO |

EXHIBIT 47

DISTRICT 1

# CASE SUMMARY
## CASE NO. 2020D079452

Events: 09/14/2023 Case Set On Progress Call

| | |
|---|---|
| 12/13/2023 | **Motion Hearing** (10:00 AM) (Judicial Officer: Forti, Michael A. ;Location: Court Room 3004) |
| 12/13/2023 | Case Set On Progress Call (Judicial Officer: Forti, Michael A. ) Party: Petitioner WILLIAMS, R, II; Respondent TAYLOR, SHEMICA; Other Attorney CIVITAS CHILDLAW CLINIC; Attorney HOLLIS LYNNA C; Attorney BEERMANN PRITIKIN MIRABELLI SWERDLO |
| 12/15/2023 | **Open Call** (9:00 AM) (Judicial Officer: Forti, Michael A. ;Location: Court Room 3004) Events: 12/13/2023 Case Set On Progress Call |
| 12/15/2023 | Order Or Judgment Entered - Nunc-Protunc - Allowed - |
| 12/15/2023 | Comply - Allowed - (Judicial Officer: Forti, Michael A. ) Party: Petitioner WILLIAMS, R, II; Respondent TAYLOR, SHEMICA; Other Attorney CIVITAS CHILDLAW CLINIC; Attorney HOLLIS LYNNA C; Attorney BEERMANN PRITIKIN MIRABELLI SWERDLO |
| 12/15/2023 | Case Set On Pre-Trial Call (Judicial Officer: Forti, Michael A. ) *and hearing Room-3004 IN PERSON* |
| 01/09/2024 | Motion Filed Party: Respondent TAYLOR, SHEMICA *Supplemental Response to Defendant's Attorney Fees* |
| 01/09/2024 | Exhibits Filed Party: Respondent TAYLOR, SHEMICA *Exhibits to Supplemental Response to Defendants Attorney Fees* |
| 01/09/2024 | Notice Filed Party: Respondent TAYLOR, SHEMICA *Notice of Filing* |
| 01/23/2024 | **Motion Hearing** (10:00 AM) (Judicial Officer: Forti, Michael A. ;Location: Court Room 3004) |
| 01/25/2024 | Motion Filed *Motion for Counter Claim* |
| 01/25/2024 | Notice Filed *Notice of Filing* |
| 01/25/2024 | Notice Of Motion Filed *Notice of Motion* |
| 01/25/2024 | Exhibits Filed *Exhibits* |
| 01/25/2024 | Order Plaintiff, Defendant Or Witness To Appear - Allowed - (Judicial Officer: Forti, Michael A. ) Party: Respondent TAYLOR, SHEMICA; Attorney BEERMANN PRITIKIN MIRABELLI SWERDLO *on fee hearing room 3004* |
| 01/25/2024 | Cause Continued For Hearing (Res) - Allowed - (Judicial Officer: Forti, Michael A. ) |

EXHIBIT
A79

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVI**

| | | |
|---|---|---|
| IN RE THE PARENTAGE OF: | ) | |
| | ) | |
| **ROBERT WILLIAMS** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **and** | ) | No. 2020 D 079452 |
| | ) | |
| **SHEMICA TAYLOR,** | ) | Cal. 61 |
| | ) | |
| Respondent. | ) | |

## ORDER

THIS MATTER coming to be heard for pre trial and hearing, counsel for Petitioner and Respondent present, Child Rep. present, prior counsel for Respondent James Hagler present, due notice given and the Court fully advised,

IT IS HEREBY ORDERED:

1. All of Respondent's pending petitions are hereby withdrawn on Respondent's own motion.

2. Respondent's Motion to Strike and Dismiss Petitioner's Rule to Show Cause is Denied.

3. A Rule shall issue *instanter* by separate order of court on Petitioner's Petition for Rule to Show Cause.

4. A Rule shall issue *instanter* by separate order of court on Child Representative Marcellus Moore's Petition for Rule to Show Cause.

5. Respondent shall have twenty-one days, or until March 7, 2024, to file a Response to Petitioner's Petition for Rule to Show Cause.

6. Respondent shall have twenty-one days, or until March 7, 2024, to file a Response to Child Representative Marcellus Moore's Petition for Rule to Show Cause.

7. Respondent shall have twenty-one days, or until March 7, 2024, to file a Response to the Law Office of Jeffrey Leving, Ltd's Petition for Setting Final Fees and Costs, if she so chooses.

8. Petitioner is granted twenty eight days, or until March 14, 2024, to file a Petition for Fees.

9. Patrick McClurkin of McClurkin Law is granted leave to withdraw as attorney of record for Respondent, *instanter*.

10.    Respondent shall have twenty-one days, or until March 7, 2024, to retain subsequent counsel or file a pro se appearance

11.    This matter is continued to April 2, 2024 at 10:00 a.m. via Zoom for status on all pending matters.

12.    This matter is further continued to May 1, 2024 at 12:30 p.m. for hearing IN PERSON on all pending matters.

ENTERED:

Dated: February 15, 2024

Judge

Zachary Reynolds
Cunningham Lopez LLP
Attorneys for Respondent
120 W Madison St., Suite 611
Chicago, Illinois 60602
312-419-9611
Attorney No. 61027

2

TRENDING:   Anti-Abortion Movement      Women's History      Religion      Film & TV      Texas

Gender Violence      Parenting      #50YearsofMs





  

DONATE

JOIN

STORE

MORE THAN A MAGAZINE, A MOVEMENT

JUSTICE & LAW, NATIONAL, VIOLENCE & HARASSMENT

# Lawyers Say Catherine Kassenoff's Case—and Thousands of Others— Violate U.S. Constitutional Right to Due Process

**7/13/2023** by **AMY POLACKO**





FEMINIST DAILY NEWS

**Equal Rights Amendment Achieves Huge Win for Reproductive Rights in Nevada**

**New Academic Year Begins in Afghanistan Without Girls. The Taliban**





Allan Kassenoff now has custody of his and Catherine Kassenoff's three daughters. (Jessie Watford)

**Continues Denying Girls' Right to Education.**

**Olivia Rodrigo's 'GUTS' tour spotlights reproductive justice amidst controversy**

POPULAR THIS WEEK

**Project 2025: The Right's Dystopian Plan to Dismantle Civil Rights and What It Means for Women**

**Supreme Court Is Considering Nationwide Restrictions on Most Common Abortion Method: Medication Abortion**

**Why It's So Important That an Arizona State Senator Is Speaking Out About Needing an Abortion**

When attorney Harold Burke called Catherine Kassenoff the day before she died, he knew she was abroad.

"I spoke to her for two hours on Friday," Burke told me last week. "I said to her, 'Judging from the switching tones, you are overseas. Are you in a safe place?'" not knowing Kassenoff had gone to a Swiss assisted-suicide facility. "She said, 'Yes, I am. I am very comfortable.'"

Burke was one of several lawyers on Kassenoff's team, part of a legal battle that started in 2019 when two daughters alleged Allan Kassenoff physically abused one of them. He filed for divorce, claimed she manipulated the girls, was unstable, and obtained temporary sole custody after filing an ex parte "emergency" motion. Catherine spent four years fighting—unsuccessfully—to get them back. During her last call with Burke, she was distraught as the latest ruling terminated, yet again, all contact with her daughters. He assured her they could fight the decision "just like Sylvia did" and thought he had convinced her to hang on.

He was wrong.

Catherine was out of patience—due to the setback in her custody battle and a new cancer diagnosis—and informed supporters Saturday, May 27, that she decided to take her life. *Ms.* has obtained the U.S. State Department's Report of Death confirming that Kassenoff died in Liestal, Switzerland, on May 27, and her ashes are in the custody of the executor of her estate.

An experienced attorney, and former special counsel to New York Governor Kathy Hochul (D), Catherine Kassenoff blamed the court system for her death, writing:





> *"It is a predatory system that functions in darkness – through 'gag' orders like the one in my case, through a publicly-inaccessible docket, through a closed courtroom and through ex parte 'temporary' orders that are in place for years."*

Burke and other attorneys agree with Catherine's assessment and are sick over her death. They're taking up the fight for court reform on behalf of her and other mothers, they said, because what's happening violates federal civil rights law: Courts routinely deny women's constitutional right to due process—a right the U.S. Supreme Court has stated includes "an opportunity to be heard"—and some have lost their children because of it.

Burke also championed the case of Sylvia Lee, a New York attorney who lost custody of her children in 2012 after her husband claimed to "fear for their safety"—a situation strikingly similar to Catherine's. On appeal, Burke claimed, "Except for uncontested cases or those involving stipulated facts, New York law does not authorize any court to make final child custody determinations in the absence of a full evidentiary hearing."

He argued Lee's 14th Amendment right to due process was violated since the court claimed it had "adequate, relevant information" in lieu of admitted evidence—using a scheme Burke wrote "can only be described as a trial by affidavit," which consisted of attorneys' inadmissible statements and hearsay from affidavits and expert reports "untested for competency."

New York's Second Appellate Division upheld Lee's original 2013 trial court ruling, but Burke and Lee kept going. And, in 2016, the New York Court of Appeals reversed the decision—a monumental win for them.

"Sylvia knew it was too late for her situation but wanted to try to make sure what happened to her didn't happen to anyone else," Burke said. Lee died in 2021 from a congenital brain condition.



Sylvia Lee lost custody of her children in 2012 after her husband claimed to "fear for their safety." In 2016, the New York Court of Appeals reversed the decision. Sadly, Lee died in 2021 from a congenital brain condition. (Courtesy)

Burke admitted he was naive to think the ruling would protect future New York women (and men) in similar situations— because it's been largely ignored.

The _S.L. v. J.R. decision_ blasted New York's supreme court (which handles family court cases and heard Kassenoff's as well), saying the appellate division's support of the custody ruling "was an error" and the trial court relied on "hearsay statements and the conclusion of a court-appointed forensic evaluator whose opinions and credibility were untested by either party."

The best interest of the child determinations should only be made after a full and fair hearing, the Court of Appeals stated: "Given the goals of stability and permanency, as well as the weight of the interests at stake, the societal cost of even an occasional error in a custody proceeding is sizeable."

> ❝ _The other side will say mom is crazy and mom is going to flee the country, while mom isn't there to defend herself, so she loses custody. ... She must wait three, six, nine months—or even longer—to be heard. It is definitely abuse._
>
> - Paul Griffin, legal director of Child Justice, Inc.

"It's a system that operates in darkness," said family law attorney Timothy Tippins, who teaches at Albany Law School and sits on Governor Kathy Hochul's 2021 Blue Ribbon Commission on Forensic Custody Evaluations. "Any ex parte relief granted is supposed to be reserved for an emergency because ex parte is a

⑤

denial of due process. The court is supposed to expeditiously conduct an evidentiary hearing, and allegations should be tested with cross-examination. Unfortunately, what happens is the temporary becomes permanent by inertia. There can be a hearing two years later, and there's a whole new status quo. So the temporary arrangement has the persuasive 'stability for the child'—and is hard to reverse."

Sources told *Ms.* off the record that this "denial of due process" was bad *before* the pandemic, but has gotten even worse *during* and *after*, as courts' backed up calendars mean they tend to decide cases more quickly.

This, coupled with the outsized power given to forensic custody evaluators, has led to a dangerous miscarriage of justice and ongoing constitutional violations.

"By the time the case goes to trial, it's largely decided because the forensic report is viewed by the judge before testimony begins," said Ronald Bavero, a retired Westchester County, N.Y., matrimonial attorney who worked in this same court system for nearly 40 years and wrote a book about it. "It's not just validation that the forensic interviewed the parties, children and significant contacts—it's the product of the maid, teacher and disgruntled lady down the street. All of this information, classic hearsay, now makes its way into the report. It's not tested by cross examination and no one swears it's true."

Many women, and family court reform advocates, call this an abuser's modus operandi: They obtain an emergency protection order and often custody of children—then that "temporary" order becomes permanent. The forensic evaluator's report later validates the status quo. High-conflict litigants often say their spouse is turning their children against them, citing "parental alienation syndrome," a theory recently discredited by the United Nations. Catherine Kassenoff spent years, and nearly $1 million, trying to counter the narrative that she was dangerous and unhinged so she could see her three girls.

In her final letter, Kassenoff took aim at the family court system's allowance of "ex parte" applications and Temporary Orders of Protection (TOPs).

Because ex parte motions are "emergency" in nature, they are often heard without the other party present or even notified:

> "In July 2020, Dimopoulos [Allan Kassenoff's attorney] asked for – and got from Judge Koba – an ex parte temporary order of protection ("TOP") in favor of the children (who had been put in their abusive father's custody based on the forensic report of Abrams). He alleged that I had to be subjected to a TOP because I posted on Facebook a photo of living out of my car, after being removed from my home by virtue of the ex parte eviction order he had obtained in March 2020. He didn't stop there. For the next several years, he obtained TOP after TOP on an ex parte basis. All of them were vacated and none was ever converted to a permanent order of protection…The most egregious example of misuse of TOPs against me was when Allan and Dimopoulos obtained a "one mile stay away" order, on an ex parte basis, in September 2021 requiring me to vacate my own apartment in Larchmont and live in the basements and on the couches of friends – without so much as a hearing."

This is not just a New York problem. Advocates like Paul Griffin, legal director of Child Justice, Inc. in Maryland, said he gets complaints about similar due process violations across America.

"The other side will say mom is crazy and mom is going to flee the country, while mom isn't there to defend herself, so she loses custody," Griffin said. "They don't set a date for a hearing and mom is stuck with the status quo. Her attorney files but she must wait three, six, nine months—or even longer—to be heard. It is definitely abuse."

Griffin was a litigator for 20 years before taking his position to help protective parents in custody cases full-time eight years ago.

"When I first heard about this ex parte problem, I thought, 'No court does that,' but I was wrong. Usually, the kid had better be close to bleeding and in emergency danger to deny a mother due process rights but courts abuse that."

Has it always been this way, or is it getting more egregious?

"I'm at nearly 50 years of doing this … and the situation in our court system has never been worse," Tippins said. "In a large sense culturally and politically I think we're living in a post-constitutional era. They treat the constitution like a goddamn suggestion. It's a mandate. It's the only thing that separates us from being a banana republic."

The American Civil Liberties Union has decided to take up this cause. A landmark June 2021 court decision (*Crawford v. Ally*) held that New York must provide an evidentiary hearing to anyone charged with a crime before they face an order of protection that may remove them from their home or separate them from their families. However, the New York Civil Liberties Union (NYCLU) said it learned the Office of Court Administration (OCA) marked a memorandum "Confidential: Internal Use Only," instructing judges that "courts should resist—unless absolutely necessary and appropriate—anything approaching a full testimonial hearing." The memo goes so far as to say that the ruling does not mean witnesses and non-hearsay testimony are necessary.

The NYCLU filed a FOIL (Freedom of Information Law) request for 10 years of OCA documents addressing claims for evidentiary hearings. Initially, the OCA planned to comply, but it has now missed the six-month deadline and instead appealed the decision.

(8)

"It is critical that the influences behind this decision-making, which has enormous consequences for those at the mercy of the courts, are transparent to the public," said Daniel Lambright, NYCLU senior staff attorney.

As for Burke and other attorneys who are outraged by Catherine's case?

"Efforts are underway to pursue appropriate recourse through the state and federal courts," said Burke. He called for the Department of Justice's Civil Rights Division to step in, since this injustice is widespread and "works to uphold the civil and constitutional rights of all persons in the United States, particularly some of the most vulnerable members of our society."

Yes, some of those "vulnerable members" are women—but they are also the children who are traumatized by losing contact with a loving parent and, in some cases, <u>forced to live with their abuser</u>.

***Up next:***

(9.)