UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEMICA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 2604 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| THE CIRCUIT COURT OF COOK COUNTY ILLINOIS, DAVID HARACZ, MICHAEL FORTI, STACEY PLATT, ASHONTA RICE, JAMES QUIGLEY, JAMES HAGLER, and ROBERT WILLIAMS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court denies Plaintiff Shemica Taylor's application for leave to proceed *in forma pauperis* [4] and motion for attorney representation [5]. The Court dismisses this case without prejudice for lack of subject matter jurisdiction. To the extent Plaintiff has any claims against Defendants, she must proceed with them in state court. See Statement.

## STATEMENT

Plaintiff Shemica Taylor filed this case, complaining of the alleged violation of her constitutional rights in connection with custody proceedings between Taylor and the father of her child, Robert Williams. In addition to Williams, she has named as Defendants the Circuit Court of Cook County, Illinois; David Haracz and Michael Forti, associate judges for the domestic relations division of the Circuit Court who have presided over the state court proceedings; Stacey Platt, the appointed child representative in the state court proceedings; and Ashonta Rice, James Quigley, and James Hagler, attorneys who represented Taylor in state court.[1] In connection with her complaint, Taylor filed an application for leave to proceed *in forma pauperis* ("IFP") and a motion for attorney representation. The Court reviews Taylor's request to proceed IFP under 28 U.S.C. § 1915. Section 1915 allows indigent litigants access to the court without paying the administrative costs of bringing suit. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). But the Court first screens the complaint pursuant to § 1915(e)(2), which instructs the Court to deny the request to proceed IFP and dismiss the case if (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim on which relief may be granted, or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

---

[1] While not listed as a Defendant in the caption, Taylor includes allegations against Marcellus Moore, who also appears to have been an appointed child representative in the state court proceedings.

The Court cannot exercise jurisdiction over Taylor's claims. The domestic relations exception to federal subject matter jurisdiction precludes federal courts from exercising jurisdiction over claims that implicate "the issuance of a divorce, alimony, or child custody decree," including, as here, Johnson's claims that Defendants have interfered with her child custody rights. *Budorick v. Maneri*, 697 F. App'x 876, 878 (7th Cir. 2017); *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994). Further, to the extent the state child custody proceedings remain ongoing, proceeding here would improperly "threaten interference with and disruption of local family law proceedings." *J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021). Finally, to the extent that Taylor requests a stay of any state court proceedings, as Judge Alonso already informed Taylor, the Anti-Injunction Act precludes such relief. 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see* Doc. 8.

Even if the Court did have jurisdiction, the Court would question whether Taylor can proceed against the named Defendants in federal court. To the extent that Taylor seeks to hold Haracz and Forti, state court judges, liable, they are absolutely immune from suit for "acts performed by the judge in the judge's *judicial capacity*." *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005) (citation omitted) (internal quotation marks omitted); *see also Pierson v. Ray*, 386 U.S. 547 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted) (internal quotation marks omitted). As for the remaining individual Defendants, 42 U.S.C. § 1983 applies only to individuals acting under color of law who allegedly violate a right secured by the Constitution or federal law. *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000). The Court questions whether Taylor has sufficiently alleged facts to support a finding that these individual Defendants acted under color of law or conspired with a public employee to deprive Taylor of her constitutional rights. *Id.* To the extent he seeks to hold the Circuit Court of Cook County liable, she has not included sufficient facts to pursue a *Monell* claim against it. *See Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) ("A government entity can be held liable under § 1983 when the execution of a government policy or custom is deemed to inflict an injury on a plaintiff. . . . The Supreme Court has recognized three particular grounds on which a municipality can be held liable under § 1983. There must be: (1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well-settled that it constitutes a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused a constitutional injury.").

Therefore, the Court cannot address Taylor's claims and dismisses her complaint without prejudice for lack of subject matter jurisdiction. Taylor must raise any claims she believes she has related to the child custody proceedings in state court.

Date: April 19, 2024 /s/ Sara L. Ellis